STINSON LLP
ERIC C. LIEBELER (SBN 149504)
eric.liebeler@stinson.com
1775 Pennsylvania Ave NW
Suite 800
Washington, DC 20006
Telephone: 202.785.9100
Facsimile: 202.572.9973

AttnysFor

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPACE DATA CORPORATION,<br><br>                           Petitioner,<br><br>       v.<br><br>HOSIE RICE LLP,<br><br>                           Respondent. | Case No.<br><br>**PETITION TO VACATE ARBITRATION AWARD**<br><br>Date:      November 20, 2020<br>Judge: |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................**Error! Bookmark not defined.**

I.    ISSUES FOR DECISION ................................................................................ 2

II.   JURISDICTION ............................................................................................... 2

III.  FACTUAL BACKGROUND .......................................................................... 2

    A.    The Underlying Dispute................................................................... 2

    B.    The Interim Award .......................................................................... 3

    C.    Hosie Rice's Failure to Pay Vendors with Trust Funds ........................ 4

    D.    Further Proceedings Before the Arbitrator ............................................ 5

    E.    JAMS' Termination of Arbitral Proceedings ......................................... 8

IV.  ARGUMENT ................................................................................................... 9

    A.    The Parties and JAMS Consented to The Arbitrator's Continued Jurisdiction. ........................................................................ 9

    B.    The JAMS Rules Provide an Arbitrator with Broad Discretion to Determine Jurisdiction, Consistent with Federal Law ............................................................................................... 12

V.   CONCLUSION .............................................................................................. 13

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ............................................................................................... 2

*Douglass v. Serenivision, Inc.*,
  229 Cal. Rptr. 3d 54 (Cal. Ct. App. 2018) ............................................................ 9

*Efund Capital Partners v. Mayor*,
  2011 WL 1348874 (Cal. Ct. App. April 11, 2011) (unpublished) ........................ 9

*Hydrothermal Energy Corp. v. Fort Bidwell Indian Cmty. Council*,
  216 Cal. Rptr. 59 (Cal. Ct. App. 1985) ................................................................ 9

*Legion Ins. Co. v. VCW, Inc.*,
  198 F.3d 718 (8th Cir. 1999) ................................................................................ 9

*Locals 2222, 2320-2327, Int'l Bhd. of Elec. Workers, AFL-CIO v.
  New England Tel. & Tel. Co.*,
  628 F.2d 644 (1st Cir. 1980) .............................................................................. 10

*McKinney Restoration, Co. v. Illinois Dist. Council No. 1 of Int'l
  Union of Bricklayers & Allied Craftworkers*,
  392 F.3d 867 (7th Cir. 2004) .............................................................................. 12

*Millmen Local 550, United Bhd. of Carpenters & Joiners of Am.,
  AFL-CIO v. Wells Exterior Trim*,
  828 F.2d 1373 (9th Cir. 1987) ..................................................................... 12, 13

*Play Star, S.A. De C.V. v. Haschel Exp. Corp.*,
  No. 02 CIV. 7364(LLS), 2003 WL 1961625 (S.D.N.Y. Apr. 28,
  2003) ................................................................................................................... 10

*Space Data Corporation v. Google LLC, et al.*,
  Case No. 16-cv-03260-BLF (N.D. Cal.) ............................................................... 2

**Statutes**

9 U.S.C. § 10(a) ........................................................................................................ 1

28 U.S.C. § 1332 ...................................................................................................... 2

28 U.S.C. § 1391(b)(1)-(2) ................................................................................................ 2

**Other Authorities**

JAMS Streamlined R. & Proc. Rule 2(a) ............................................................... 10

JAMS Streamlined R. & Proc. Rule 8(b) ............................................................... 12

PLEASE TAKE NOTICE that Petitioner Space Data Corporation ("Space Data") respectfully requests, pursuant to 9 U.S.C. § 10(a), that the Court vacate the arbitrator's August 20, 2020, final award and remand the matter for further proceedings consistent with the July 10, 2020, hearing in the underlying JAMS arbitration. This petition will be heard at a time and date to be determined following judicial assignment.

Space Data and its former law firm, Respondent Hosie Rice LLP ("Hosie Rice"), are parties to the underlying JAMS arbitration. The parties jointly selected the Hon. Sue L. Robinson (Ret.) as the arbitrator. After a two-week hearing in November 2019, the arbitrator found that Hosie Rice breached its professional duties to its former client Space Data. On January 16, 2020, the arbitrator issued an interim award, stating that she would be available to the parties if the need for further proceedings arose. Over the course of the spring and summer, the parties continued to consult with the arbitrator, with the consent of the parties and the arbitrator and with JAMS' full knowledge and assistance, to resolve outstanding issues necessary for a final award, and related to Hosie Rice's repeated default on financial obligations and continuing violations of its professional duties within the scope of the interim award.

However, on August 14, 2020, while the parties and arbitrator continued to work to resolve those issues, JAMS *sua sponte* notified the parties that the arbitrator had no further jurisdiction in the matter. Consequently, on August 20, 2020, JAMS delivered a "final award" to the parties, using an award that the arbitrator had drafted and dated February 18, 2020 ("Final Award"). JAMS had not previously issued the Final Award to the parties and the Final Award did not address the interim award issues Space Data had raised and that the arbitrator had addressed after the January 16 interim award.

Space Data respectfully asks the Court to vacate the Final Award.  JAMS' August 14 decision to terminate the arbitrator's further jurisdiction, and its decision

to issue the Final Award and terminate the arbitral proceedings, prevented the arbitrator from issuing a "mutual, final, and definite" award.

## I.     ISSUES FOR DECISION

A.     Did JAMS' *sua sponte* termination of arbitral proceedings prevent the arbitrator from rendering a "mutual, final, and definite award," such that the Court should vacate the August 20, 2020, award and remand the matter for further proceedings before the arbitrator?

## II.    JURISDICTION

The jurisdiction of this Court is invoked under 28 U.S.C. § 1332. Diversity jurisdiction exists because the claims are between a citizen of a state and a citizen or subject of a foreign state and the amount in controversy, exclusive of interest and costs, exceeds $75,000. Petitioner Space Data Corporation is an Arizona corporation headquartered in Chandler, AZ, and Respondent Hosie Rice LLP is a California limited liability partnership headquartered in San Francisco, CA. On information and belief, the partners of Hosie Rice are each residents of California. Venue is appropriate in this Court because Respondent is a resident of this district, and because a substantial part of the events giving rise to the claim occurred in this district. 28 U.S.C. § 1391(b)(1)-(2). This Court has personal jurisdiction over Respondent because its principal place of business is in the district. *Daimler AG v. Bauman*, 571 U.S. 117, 137-38 (2014).

## III.   FACTUAL BACKGROUND

### A.     The Underlying Dispute

In March 2017, Space Data retained Hosie Rice to represent it in the matter of *Space Data Corporation v. Google LLC, et al.*, Case No. 16-cv-03260-BLF (N.D. Cal.). *See* Liebeler Decl., Ex. 1. That matter was a patent infringement and trade secret misappropriation lawsuit related to Google's alleged infringement of four Space Data patents regarding the use of deployable balloon constellations to provide wireless communications services. *See* Liebeler Decl., Ex. 2 at 1.

Following several years of litigation, Spencer Hosie ("Hosie"), acting as lead counsel for Space Data, ultimately agreed to "broader settlement terms than Space Data wanted or authorized Hosie to accept," "usurped" his client's settlement authority, and subsequently "informed the Court prematurely of an agreement between the parties." *Id*. at 19.

Given Hosie's repeated violations of his ethical duties, Space Data terminated Hosie Rice's representation, *id*. at 13. Hosie Rice then initiated a streamlined JAMS arbitration seeking fees, pursuant to the parties' representation agreement. Liebeler Decl., Ex. 1 at 6. Space Data denied that claim for fees and counterclaimed seeking damages as a result of Hosie Rice's numerous ethical breaches. Liebeler Decl., Ex. 2 at 14.

### B. The Interim Award

Following a week-long hearing in November 2019 and subsequent briefing, Judge Robinson issued an interim award on January 16, 2020. *See generally id*. In her award, Judge Robinson concluded that Hosie Rice had breached its ethical duties to Hosie Rice and consequently awarded significant relief in Space Data's favor. In particular, the arbitrator determined that Hosie Rice would receive only $4 million of its claim to more than $6.5 million; and that Hosie Rice would forfeit all of its potential right to additional contingent fees regarding the continued claims against Google. The arbitrator allocated the award based on Hosie Rice's fees and costs accrued through July 11, 2019 and ordered that Space Data would receive a minimum of $4 million of the funds that Hosie Rice agreed to hold in trust pending the outcome of the arbitration. *Id*. at 20-21. Importantly, Judge Robinson's interim order noted the following:

> As Hosie Rice submitted its invoices on a regular basis (Ex. 253) with no complaint from Space Data, I trust that the amount due to Hosie Rice will be a simple calculation. **If a dispute arises in this regard, however, I will remain available to resolve it and have**

> **characterized this as an "Interim Award" in case the need for further proceedings arises.**

*Id*. at 21 n.8 (emphasis added).

### C. Hosie Rice's Failure to Pay Vendors with Trust Funds

To assess the proper allocation of amounts from trust funds held in the Hosie Rice trust account, Space Data asked Hosie Rice to provide appropriate confirmation that it had actually paid in full all vendors whose charges appeared on Hosie Rice's invoices to Space Data – specifically damage expert Christine Meyer of NERA. *See* Liebeler Decl., Ex. 3. Space Data's attorneys soon learned that Hosie Rice still owed Meyer more than $500,000. *Id*., Ex. 4. Many months earlier, during the Google litigation, Hosie Rice insisted that Space Data pay hundreds of thousands of dollars to Hosie Rice so that the law firm could use that payment to pay NERA to continue NERA's services.  During the post-interim award events, Space Data discovered that Hosie Rice failed to use that payment as promised. Moreover, Hosie Rice represented to the arbitrator in sworn testimony during the November 2019 JAMS hearing that it had already paid NERA on Space Data's behalf and claimed those amounts as damages.  That testimony was false. *Id*., Ex. 5 at 1-2.

In her January 2020 interim award, the arbitrator allocated damages between the parties in large part based on what Hosie Rice represented to her that it had actually paid to third-party vendors on Space Data's behalf.  However, if Hosie Rice had failed to pay those vendors in full (which Space Data subsequently discovered to be the case), it would create potential legal exposure for Space Data to those unpaid vendors.  Accordingly, Hosie Rice and Space Data agreed (through counsel) that Hosie Rice would hold any disbursement to it **in trust to satisfy in full** any outstanding obligations to vendors Hosie Rice had retained for the Space Data-Google litigation. *Id*., Ex. 6.

In reliance on Hosie Rice honoring that express condition, Space Data agreed to disburse funds pursuant to the interim award ($4 million to each party, consistent with the interim award) pending the parties' continued discussion on post-interim award issues. However, Hosie Rice failed to honor that condition. Hosie Rice was obliged to hold its $4 million in trust and pay NERA in full all amounts NERA was owed.  During the following six months, Hosie Rice grossly violated its trust obligations:  it failed to pay NERA and repeatedly misrepresented the status of payments to NERA to the arbitrator as well as Space Data and its attorneys. On at least **six** occasions Hosie Rice represented to Space Data, through counsel, that NERA would be paid in full within the coming days.  Each of those six Hosie Rice representations were false. *Id.*, Exs. 7-12. Indeed, Hosie Rice not only misrepresented the imminence of payment to NERA, it repeatedly went to the length of mailing checks to NERA, pointing to those checks as evidence of payment, and then stopping payment on the checks without telling either the arbitrator or Space Data.  *Id.*, Exs. 13-14. As a result of Hosie Rice's protracted bad-faith conduct regarding the outstanding vendor bills, Space Data requested the arbitrator's continued assistance in the matter. *Id.*, Ex. 15.

### D. Further Proceedings Before the Arbitrator

After the arbitrator issued her January 16, 2020, interim award that held the proceedings open pending any issues, Space Data's attorneys were clear with JAMS that issues remained with respect to distribution of funds. On February 11, 2020, Space Data counsel Eric Liebeler ("Liebeler") notified the JAMS Case Manager, Liz Magana, by email with a copy to Hosie Rice counsel, stating that "the parties are working out a few final issues," and that they hoped to resolve them within the week. *Id.*, Ex. 16. One week later, on February 18, 2020, Ms. Magana sent an email to the parties stating that the arbitrator had rendered a final award, but that it would not be issued to the parties until outstanding JAMS fees were paid. *Id.* The following day, Liebeler informed Ms. Magana by email, again

copying Hosie Rice counsel, that issues remained between Hosie Rice and Space Data. *Id.*, Ex. 17. Ms. Magana responded on February 21, 2020, offering to schedule a conference call with Judge Robinson to address the outstanding issues. *Id.* Hosie Rice did not object to either of Liebeler's emails.

On March 18, Space Data's counsel sent an email request to the arbitrator, copied to Hosie Rice's counsel, to discuss Hosie Rice's failure to pay its vendors and other issues regarding the January interim award. *Id.*, Ex. 15. On March 19, the arbitrator asked Hosie Rice to explain its failure to pay vendors. *Id.*, Ex. 18. Hosie Rice requested an extension of time for its response, and raised no objection to the arbitrator's continued jurisdiction in the matter. *Id.* As deadlines for Hosie Rice to pay NERA's bills came and went without full payment, and the arbitrator indicated she was moving closer to issuing an appropriate order to sanction Hosie Rice's bad-faith conduct and failure to pay vendors, Hosie Rice requested a further extension to pay NERA before the arbitrator issued the order, and explicitly recognized her authority to issue an order addressing the matter. *Id.*, Ex 11.

> Given the extraordinary circumstances and effort Mr. Hosie will undertake to resolve the issue, we ask that your Honor refrain from issuing the order requested below and provide Mr. Hosie until April 27, 2020 to resolve the matter; [of] course, if NERA is not paid by that date, **we would expect you to consider issuing an appropriate order.**

*Id*. (emphasis added).

Nonetheless, by May 26 Hosie Rice had still failed to pay NERA in full or comply with the arbitrator's directives.  On May 26, the arbitrator issued an order requiring Hosie Rice to pay NERA in full by June 12; awarding attorney fees to Space Data; requiring Hosie Rice to pay the arbitrator's fees in connection with the vendor payment issue; requiring Hosie Rice to disclose all vendors engaged on behalf of Space Data and the balance of each account; and requiring Hosie Rice to provide an accounting of the funds it was holding in its trust account in connection

with its representation of Space Data. Liebeler Decl., Ex. 5. In her order, the arbitrator specifically addressed the connection between her continued involvement in the matter and the January 16, 2020 interim award, noting:

> On January 16, 2020, an interim award was issued. **That interim award assumed that Hosie Rice had in fact advanced expert fees to Space Data experts**, and awarded Space Data and Hosie Rice $4 million each from the [funds held in trust by Hosie Rice].

*Id*. at 2 (emphasis added). In her May 26 order, the arbitrator also explicitly addressed the legal basis for her continued jurisdiction over the post-hearing issues:

> The JAMS streamlined rules controlling this dispute instruct that jurisdictional and arbitrability disputes shall be submitted to and ruled on by the Arbitrator. Rule 8(c). In addition, California law affords substantial deference to both an arbitrator's determination as to the scope of his or her authority, as well as to the arbitrator's choice of a remedy. *Hightower v. Superior Court*, 104 Cal. Rptr. 2d 209, 221-22 (Cal. Ct. App. 2001). I find that consideration of this post-hearing issue, therefore, is appropriate and consistent with the "broad authority" granted by the applicable rules. *See id.* at 226.

*Id*. at 8. In the lead up to the arbitrator's order, Hosie Rice once again expressly consented to her continued jurisdiction in the matter. Liebeler Decl., Ex. 19. In fact, Hosie Rice's counsel confirmed that the arbitrator's further order was necessary:

> That said, because the circumstances that have unfolded are not consistent with the January 30 agreement between Mr. Torgerson and myself regarding the parties handling of the settlement monies at issue in the arbitration, **we understand the need for Your Honor to issue an order.**

*Id*. (emphasis added).

Hosie Rice then simply ignored the Judge Robinson's May 26 order and failed to comply with any of its terms.  Given Hosie Rice's gross defaults, Space

Data moved for modification of the interim award and/or attorneys' fees as a result of Hosie Rice's continued misconduct, specifically including its violations of the terms of the trust. Put simply, Hosie Rice took funds from its trust account that it owed NERA on Space Data's behalf and pocketed them. Liebeler Decl., Ex 20. In its June 26 response, Hosie Rice questioned—for the first time —the arbitrator's authority in the matter: it argued that the doctrine of *functus officio* barred her continued involvement. Hosie Rice took that position only after it had expressly consented to the arbitrator's continued jurisdiction on multiple occasions, as discussed above. *Id.*, Ex 21 at 3.

The arbitrator, through JAMS, set a July 10 hearing date for Space Data's motion to modify the January interim award. In the lead up to that hearing, JAMS continued to facilitate the arbitrator's involvement in the matter, and provided notice to the parties of the motion hearing. *Id.*, Ex. 22. At the July 10 hearing, the arbitrator again addressed her continuing jurisdiction in the matter, concluding that no final order had issued, and that Hosie Rice had consented to her continued jurisdiction. *Id.*, Ex. 23 at 26, 44. During the hearing, Hosie Rice's counsel again conceded that the arbitrator had authority to modify the interim award to address the NERA payment issues arising after she issued the interim award and to impose arbitration fees and attorneys' fees in connection with that issue. Hosie Rice's counsel also expressly stated that Hosie Rice intended to comply with the arbitrator's May 26 order. *Id.* at 47, 50. Thus, everyone involved – Space Data, Hosie Rice, **and** the arbitrator – explicitly consented to the arbitrator's continued jurisdiction.

### E. JAMS' Termination of Arbitral Proceedings

On August 14, 2020, five weeks after the July 10 hearing on Space Data's motion to modify the interim award, and before Judge Robinson issued a decision, JAMS (apparently acting solely on its own) sent a one paragraph notice to the parties stating that, because the arbitrator had delivered a "final award" to JAMS

on February 18, 2020, she had no further jurisdiction in the matter beyond making computational or typographical corrections. Liebeler Decl., Ex. 24. On August 20, 2020, JAMS served the final award on the parties for the first time. *Id.*, Ex. 25.

## IV.   ARGUMENT

JAMS' unsolicited determination that the arbitrator was *functus officio* after February 18, 2020 is wrong. It is contrary to both its own rules and the law of arbitration. In wrongly cutting short the arbitrator's jurisdiction over the arbitration, JAMS prevented her from issuing a "mutual, final, and definite" award in the matter – especially as both parties consented to her continued jurisdiction.  This Court should therefore vacate the purported final award that JAMS issued on August 20, 2020, and remand the matter for further proceedings before the arbitrator.

### A.   The Parties and JAMS Consented to The Arbitrator's Continued Jurisdiction.

Neither Hosie Rice nor JAMS believed that the arbitrator's job was done after she delivered the final award to JAMS on February 18, 2020.  That consent is dispositive with respect to her continued jurisdiction. Simply put, consent is an exception to the *functus officio* doctrine. *Douglass v. Serenivision, Inc.*, 229 Cal. Rptr. 3d 54, 62 (Cal. Ct. App. 2018) ("[T]he subject matter jurisdiction of an arbitrator is purely a product of contract which by definition turns on the parties' mutual consent."); *Efund Capital Partners v. Mayor*, 2011 WL 1348874 (Cal. Ct. App. April 11, 2011) (unpublished) (*functus officio* will not prevent further action by arbitrator where parties conduct in submitting and briefing an additional issue shows they did not intend an award to be final.); *Hydrothermal Energy Corp. v. Fort Bidwell Indian Cmty. Council*, 216 Cal. Rptr. 59, 64 (Cal. Ct. App. 1985) ("Admittedly, parties cannot confer jurisdiction upon a court; but unlike a court of law, an arbitrator may herein decide any issue which the parties willingly present to it."); *Legion Ins. Co. v. VCW, Inc.*, 198 F.3d 718, 720 (8th Cir. 1999)

(recognizing exceptions to the *functus officio* doctrine for mistakes evident on the face of the award **and for changes when the parties consent**); *Locals 2222, 2320-2327, Int'l Bhd. of Elec. Workers, AFL-CIO v. New England Tel. & Tel. Co.*, 628 F.2d 644, 647 n.5 (1st Cir. 1980) ("[W]hen the arbitrators have executed their award and declared their decision they are '*functus officio*' and, **in the absence of the parties' consent**, have no power to proceed further"); *Play Star, S.A. De C.V. v. Haschel Exp. Corp.*, No. 02 CIV. 7364(LLS), 2003 WL 1961625, at *3 (S.D.N.Y. Apr. 28, 2003) ("**[A]bsent an agreement by the parties to the contrary**, once an arbitrator has issued a final award, he is, "in common-law parlance, *functus officio*.'"). Finally, the JAMS streamlined arbitration rules provide the parties with broad discretion to agree to proceed in lieu of any of the JAMS rules provided that the procedure is consistent with JAMS policy and applicable law. JAMS Streamlined R. & Proc. Rule 2(a).

Hosie Rice consented to the arbitrator's involvement in resolving post-hearing issues on at least three occasions, and therefore waived its *functus officio* objection. *First*, Hosie Rice, in its March 26 email to the arbitrator, asked for an extension of time to respond and indicated that its response would not raise substantive disagreements with Space Data's requests to involve the arbitrator in getting NERA paid. *See* Section II.D, *supra*. Hosie Rice's March 26 email said nothing about *functus officio* and Hosie Rice failed to object in any way to the arbitrator's continued involvement regarding interim award issues. *Id. Second*, after more Hosie Rice false promises and additional delays, Hosie Rice separately waived its *functus officio* objection again in its counsel's April 11 email to the arbitrator, seeking yet another extension to pay NERA. That email asked the arbitrator to refrain from issuing an order until April 27, and states that "if NERA is not paid by that date, we would expect you to consider issuing an appropriate order." *Id. Third*, by its May 19 email to the arbitrator, Hosie Rice again acknowledged the arbitrator's continued jurisdiction.  In that email, Hosie Rice's

counsel represented to the arbitrator that "because the circumstances that have unfolded are not consistent with the January 30 agreement between Mr. Torgerson and myself regarding the parties handling of the settlement monies at issue in the arbitration, **we understand the need for Your Honor to issue an order**." Those undisputed written communications confirm that Hosie Rice expressly and repeatedly consented to the arbitrator's involvement in resolving post-hearing issues and for that reason also expressly and repeatedly waived any *functus officio* objection.  Moreover, Hosie Rice's counsel expressly consented to arbitral jurisdiction on the formal arbitral record at the July 10 hearing:

> THE ARBITRATOR: And, Mr. Sullivan, I know the trouble with communicating via email is that it's not always the clearest way to get a message across. But do I understand correctly that at the very least, Hosie Rice has agreed that I have jurisdiction over more or less enforcing the trust agreement which had to do with divvying up the fun that was awarded through the interim award?
>
> I mean, I know that at various times there have been emails saying, you know, if something doesn't happen, we agree that a letter to Judge Robinson is appropriate. As you said, you've agreed to something. So where—where is the line that you're drawing?
>
> MR. SULLIVAN: I guess the line we're drawing is that in terms of resolving this outstanding dispute about just ensuring that NERA's paid consistent with the order, that there is some jurisdiction there.

Liebeler Decl., Ex. 23 at 44; *see also id.* at 47 ("I guess what you could say is that Hosie Rice consented to the jurisdiction to issue an award of the arbitrator's fees post arbitration and that consented [sic] to the arbitrator issuing a reasonable attorney fee award in the range that was requested.").

      Similarly, JAMS was aware of, and a full participant in, the arbitrator's exercise of continued jurisdiction until its August 14 letter terminating the arbitration. After Space Data informed it of unresolved issues between the parties,

JAMS offered, on February 21, to facilitate a conference call with Judge Robinson to address those issues three days **after** JAMS had received Judge Robinson's final award. *Id*. By way of further example, JAMS facilitated the July 10 hearing on Space Data's motion to modify the interim award and to recover attorney fees. *Id*. Indeed, JAMS sent the parties multiple invoices for its involvement after it received the February 18 Final Award. *See* Liebeler Decl., Ex. 22. JAMS' conduct from the time the arbitrator issued her January 16 interim award through the parties' July motion hearing and her May 26 order and beyond, right up to August 14, belies JAMS' subsequent determination that the arbitrator was without jurisdiction after February 18.

### B. The JAMS Rules Provide an Arbitrator with Broad Discretion to Determine Jurisdiction, Consistent with Federal Law.

Finally, the arbitrator was within her authority to determine her own jurisdiction under both the relevant JAMS rules and federal law. The JAMS streamlined rules and procedures place determination of jurisdiction and arbitrability squarely in the hands of the arbitrator. JAMS Streamlined R. & Proc. Rule 8(b) expressly provides that "Jurisdictional and arbitrability disputes . . . shall be submitted to and ruled on by the Arbitrator. The Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter." The JAMS rule is consistent with federal case law regarding the finality of awards. With respect to the finality of awards, "where an arbitrator believes the assignment is completed, the award is final and appealable," but "[w]here the evidence establishes that the arbitrator does not believe the assignment is completed, the award is not final and appealable. "*McKinney Restoration, Co. v. Illinois Dist. Council No. 1 of Int'l Union of Bricklayers & Allied Craftworkers*, 392 F.3d 867, 872 (7th Cir. 2004); *see also Millmen Local 550, United Bhd. of Carpenters & Joiners of Am., AFL-CIO v. Wells Exterior Trim*, 828 F.2d 1373, 1376–77 (9th Cir. 1987) ("Moreover, the fact that the arbitrator here specifically retained jurisdiction

to decide the remedy if the parties could not agree indicates that the arbitrator did not intend the award to be final."). It only makes sense that an arbitrator has broad discretion to determine her own jurisdiction, when the finality of the arbitral proceeding also depends on the discretion of the arbitrator.

Here, the arbitrator discussed her continuing jurisdiction over the matter on at least two occasions. First, in her May 26 order the arbitrator expressly concluded that she continued to have jurisdiction over post-hearing issues. *See* Section II.D, *supra*. Second, during the July 10 hearing on Space Data's motion, the arbitrator indicated her belief that her award was not yet final and that she retained jurisdiction. *Id*. JAMS' August 14 notice to the parties that her jurisdiction had somehow ceased on February 18 is directly contrary to the arbitrator's own determination on the subject—a determination that the JAMS rules expressly allow Judge Robinson to reach. Further, JAMS failed to provide any authority for the proposition that a non-arbitrator administrator at JAMS has the authority to determine the arbitrator's jurisdiction. The arbitrator was within her authority under the JAMS streamlined rules and federal law to determine that she maintained jurisdiction over the parties post-hearing issues and that her February 18 award was not final.

## V.    CONCLUSION

For all the foregoing reasons, Space Data respectfully requests that the Court vacate the August 20, 2020, arbitral award and remand this matter for further proceedings before the arbitrator.

Dated: November 20, 2020          STINSON LLP

By: */s/ Eric C. Liebeler*
ERIC C. LIEBELER (SBN 149504)
eric.liebeler@stinson.com
1775 Pennsylvania Ave NW
Suite 800
Washington, DC 20006
Telephone:  202.785.9100
Facsimile:   202.572.9973

*Attorney for Petitioner*
*Space Data Corporation*

| | |
|---|---|
| 1 | STINSON LLP |
| 2 | ERIC C. LIEBELER (SBN 149504)<br>eric.liebeler@stinson.com |
| 3 | 1775 Pennsylvania Ave NW<br>Suite 800 |
| 4 | Washington, DC 20006<br>Telephone: 202.785.9100<br>Facsimile: 202.572.9973 |
| 5 | |
| 6 | Attorney for Petitioner<br>Space Data Corporation |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SPACE DATA CORPORATION, | | Case No. |
| | Petitioner, | **CERTIFICATE OF SERVICE RE: PETITION TO VACATE ARBITRATION AWARD, DECLARATION OF ERIC LIEBELER, AND PROPOSED ORDER** |
| v. | | |
| HOSIE RICE LLP, | | |
| | Respondent. | Date:  November 20, 2020<br>Judge: |

# CERTIFICATE OF SERVICE

I, Siobhan Rudolph, am a citizen of the United States and am employed in the County of Washington, District of Columbia. I am over the age of 18 years and am not a party to the within action. My business address is Stinson LLP, 1775 Pennsylvania Avenue NW, Suite 800, Washington, DC 20006.

On November 20, 2020, I caused to be served the following:

- Petition to Vacate Arbitration Award
- Proposed Order Granting Petition to Vacate Arbitration Award
- Declaration of Eric Liebeler in Support of Petition to Vacate Arbitration Award

Via first-class U.S. mail at Washington, DC, addressed to:

Joseph McMonigle
Dave McMonigle
John Sullivan
Long & Levit LLP
465 California Street
Suite 500
San Francisco, CA 94104

*Counsel for Respondent*

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 20, 2020

_____
Siobhan Rudolph