JOSEPH P. MCMONIGLE, Bar No. 66811
JOHN B. SULLIVAN, Bar No. 238306
DAVID S. MCMONIGLE, Bar No. 258980
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, California 94104
Telephone:  (415) 397-2222
Facsimile:   (415) 397-6392
Email:       jmcmonigle@longlevit.com
             jsullivan@longlevit.com
             dmcmonigle@longlevit.com

Attorneys for Respondent
HOSIE RICE LLP

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPACE DATA CORPORATION,<br><br>    Petitioner,<br><br>    v.<br><br>HOSIE RICE LLP,<br><br>    Respondent. | Case No. 4:20-cv-08256-JSW<br><br>**ADMINISTRATIVE MOTION TO SEAL RESPONDENT HOSIE RICE LLP'S CROSS-MOTION TO CONFIRM ARBITRATION AWARD**<br><br>Action Filed:  November 25, 2020 |

Pursuant to Civil Local Rules 7-11 and 79-5(d), Respondent Hosie Rice, LLP submits this motion to file under seal limited portions of (1) Respondent's brief in opposition to Petitioner Space Data Corporation's Petition to Vacate the Arbitration Award and in support of Respondent's Cross-Motion to Confirm the Arbitration Award; (2) Exhibit 1 to the Proposed Order denying Petitioner's Motion to Vacate and granting Respondent's Motion to Confirm; and (3) the Declaration of Spencer Hosie in support of Respondent's Cross-Motion to Confirm the Arbitration Award. Declaration of John Sullivan ("Sullivan Decl.") ¶ 2.

Respondent seeks to file portions of its brief, supporting declaration, and exhibit attached to the proposed order under seal which contain references to the monetary terms of a confidential settlement agreement between Space Data

Corporation and Google in underlying litigation in which Respondent represented Petitioner. The monetary terms of the settlement agreement are confidential by virtue of the terms of the settlement agreement, in addition to the fact that the arbitration in this matter is confidential pursuant to the terms of the parties' arbitration agreement. Sullivan Decl. ¶3, Exh. 1, p. 6-7.

In the event the Court finds that Respondent does not meet the standard warranting sealing the above referenced documents, Respondent submits to the Court's adjudication of the parties' cross-motions on the basis of the redacted version of Respondent's filings.

I.   **FACTUAL BACKGROUND**

Pending before this court is a petition to vacate the February 18, 2020 Final Arbitration Award in this matter on the ground that it is not a "mutual, final, and definite" award. In its opposition to the petition, and support of its concurrent motion to confirm the arbitration award, Respondent relies on information from its representation of Petitioner in underlying litigation, including the amount of the settlement of the litigation. The amount of the settlement is an important component of Respondent's argument as the arbitrator in this case ordered that the settlement was the source of the funds used to resolve the present case. At the same time, the settlement amount is confidential under the Google-Space Data Corporation settlement agreement, and the entire arbitration in this matter was confidential pursuant to the terms of the parties' arbitration agreement. *Id*. As a result, Respondent moves to file under seal narrowly tailored portions of the above referenced documents referencing the settlement amount and the distributions from that source of funds, pursuant to Civil Local Rule 79-5.

II.   **ARGUMENT**

Civil Local Rule 79-5 sets forth the requirements for filing an administrative motion to seal records. The moving party must establish that the request is "narrowly tailored to seek sealing only of sealable material" and attach declarations to that

effect.  Civil L.R. 79-5(b), Civil L.R. 79-5(d)(1)(A).  "Sealable" material includes documents, or portions thereof, that are "privileged, protectable as a trade secret or otherwise entitled to protection under the law."  Civil L.R. 79-5(b).

The moving party's burden of persuasion is dependent on how closely related the underlying motion is to the merits of the case.  See *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1182 (9th Cir. 2006) ("[T]he proponent of sealing bears the burden with respect to sealing. A failure to meet that burden means that the default posture of public access prevails.")  A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case" must demonstrate that there are compelling reasons to keep the documents under seal. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). "[I]f the motion is only tangentially related to the merits, [a] particularized showing of "good cause" …as required by Federal Rule of Civil Procedure 26(c)" is sufficient.  *Kamakana*, *supra*, 447 F.3d at 1176.

This case was not initiated in this court, but rather in private arbitration deemed confidential by the parties.  As such, the present proceeding to confirm the rendered arbitration award is not directly related to the merits of the case, which have already been adjudicated, and the ordinary "compelling reason" required to justify sealing material should not apply. *Id*. at 1176.

There nonetheless remain compelling reasons, or at the very least good cause, to seal the narrowly tailored portions of the above referenced documents containing references to the amount of the settlement at issue.  As noted above, the parties evidenced their express intent to maintain privacy over the arbitration proceeding.  The overriding interest of the parties would be prejudiced if information they intended to maintain confidentiality over was publicly disclosed.  Moreover, under California law there is an overriding public interest in not disclosing information subject to contractual confidentiality provisions.  See, *Universal Studios, Inc. v. Sup.Ct.* (2003) 110 Cal.App.4th 1273, 1283.  Allowing public access to information

1  protected by such provisions would not serve the public interest as it would lessen
2  confidence in the ability of parties to agree to confidentiality in their business
3  dealings.  *See, e.g., Jalia v. Root* (2003) 109 Cal.App.4th 624, 636.  Finally, the
4  material which Respondent seeks to seal is as narrowly tailored as possible,
5  consisting merely of the amount of the Google-Space Data settlement and the
6  distributions from that source of funding.

**III.   CONCLUSION**

Redacted and unredacted versions of the document sought to be filed under seal are attached pursuant to Civil Local Rule 79-5(d).  For the reasons set forth above, Respondent respectfully requests that the Court grant this motion and seal the designated material.

Dated:  January 8, 2021.                              LONG & LEVIT LLP

                                                      /s/ John Sullivan

                                                      _____
                                                      JOSEPH P. MCMONIGLE
                                                      JOHN B. SULLIVAN
                                                      DAVID S. MCMONIGLE
                                                      Attorneys for Respondent
                                                      HOSIE RICE LLP

4838-6921-9542, v. 1