JOSEPH P. MCMONIGLE, Bar No. 66811
JOHN B. SULLIVAN, Bar No. 238306
DAVID S. MCMONIGLE, Bar No. 258980
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, California 94104
Telephone: (415) 397-2222
Facsimile: (415) 397-6392
Email:  jmcmonigle@longlevit.com
        jsullivan@longlevit.com
        dmcmonigle@longlevit.com

Attorneys for Respondent
HOSIE RICE LLP

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPACE DATA CORPORATION,<br><br>   Petitioner,<br><br>   v.<br><br>HOSIE RICE LLP,<br><br>   Respondent. | Case No. 4:20-cv-08256-JSW<br><br>**DECLARATION OF JOHN B. SULLIVAN IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL**<br><br>Action Filed: November 25, 2020 |

I, John B. Sullivan, declare as follows:

1. I am an attorney at law duly licensed to practice law in the State of California. I am a partner of the firm Long Levit, LLP. My firm, including Joe McMonigle, David McMonigle, and me represented Hosie Rice, LLP in its arbitration with Space Data Corporation and in this matter. I have personal knowledge of the facts stated herein, and if called as a witness in this matter, I would and could testify competently to the following facts.

2. Pursuant to Civil Local Rules 7-11 and 79-5(d), Respondent Hosie Rice, LLP seeks to seal limited portions of the following documents: (1) Respondent's brief in opposition to Petitioner Space Data Corporation's Petition to Vacate the Arbitration Award and in support of Respondent's Cross-Motion to Confirm the Arbitration Award; (2) Exhibit 1 to the Proposed Order denying Petitioner's Motion to Vacate and granting Respondent's Motion to Confirm; and (3) the Declaration of Spencer Hosie in support of Respondent's Cross-Motion to Confirm the Arbitration Award.

3. The basis for the sealing request is that the above referenced documents contain references to the monetary terms of a confidential settlement agreement between Space Data Corporation and Google in underlying litigation in which Respondent represented Petitioner. The monetary terms of the settlement agreement are confidential by virtue of the terms of the settlement agreement, in addition to the fact that the arbitration in this matter is confidential pursuant to the terms of the parties' arbitration agreement. Attached hereto as **Exhibit 1** is a true and correct copy of the arbitration agreement in this matter, which designates the proceeding as confidential.

//

1  I declare under penalty of perjury that the foregoing is true and correct, and
2  that this declaration was executed on January 8, 2021 at San Francisco, California.

*/s/ John Sullivan*

_____
JOHN B. SULLIVAN

4843-2194-5814, v. 1

# EXHIBIT 1



ATTORNEYS AT LAW

Transamerica Pyramid, 34th Floor
600 Montgomery Street
San Francisco, CA 94111
T: 415.247.6000  F: 415.247.6001

**REVISED**

January 28, 2019

Jerry Knoblach
C.E.O.
Space Data Corp.
2535 Fairview Street, Suite 100
Chandler, AZ 85224
jknoblach@spacedata.net

Re: *Representation Agreement*

Dear Jerry:

This letter agreement ("Agreement") sets forth the terms and conditions on which Hosie Rice LLP ("Hosie Rice" or "Attorneys") will represent Space Data Corp. ("Client") in the matter described below.

Hosie Rice believes that it is important that all parties understand the terms and conditions under which Hosie Rice will be providing legal representation to the Client. This Representation Agreement ("***Agreement***") is a formal and legally binding contract defining: (1) Hosie Rice's attorney-client relationship with the Client, (2) the scope of Hosie Rice's legal representation of the Client, (3) the terms and conditions under which Hosie Rice will represent the Client, and (4) the fees and costs for services concerning such legal representation. Therefore, it is important that the Client carefully review this Agreement before executing it.

1. **Scope of Services**. Attorneys will represent Client as to the matter captioned *Space Data v. Google* ("Litigation").

The terms of this Agreement will apply to any services we perform for the Client unless Attorneys and the Client expressly agree to different terms in writing, or as otherwise expressly provided in this letter. It is our intent to serve as a trusted legal advisor and make available the full range of legal services of our firm, and we look forward to building this relationship with the Client. Hosie Rice's sole client is the Client, ***not*** the Client's founders, officers, directors, shareholders, agents, or employees, even though Attorneys will necessarily deal with such individuals in representing the Client. The Client agrees to make it clear to such individuals that Attorneys are representing the Client and that they should retain their own counsel if they have legal questions.

| www.hosielaw.com

Hosie | Rice LLP
ATTORNEYS AT LAW

Jerry Knoblach
January 28, 2019
Page 2

    **2.**     **Client's Duties.** Client agrees to cooperate with Attorneys, to keep Attorneys informed of any information or developments which may come to Client's attention, to assist Attorneys by providing necessary information and documents, to abide by this Agreement, to pay Attorneys' bills when due, and to keep Attorneys advised of Clients' address, telephone number and whereabouts. In order to represent the Client effectively, Hosie Rice needs the Client's full cooperation including, but not limited to: (1) providing all documents and information relating to Hosie Rice's representation of the Client in a timely manner, (2) advising Attorneys of any parties who are adverse to the Client in the representation undertaken for the Client, and (3) making personal appearances upon reasonable notice in furtherance of the representations undertaken. By signing this Agreement, the Client agrees to provide full cooperation to Hosie Rice on all matters in which assistance is requested.

    **3.**     **Legal Fees and Billing Practices.** This is a mixed, or hybrid, hourly-contingent representation agreement. Client agrees to pay by the hour for Attorneys' services at the reduced client rate of $475 per hour for Spencer Hosie and Diane Rice, $450 per hour for Brandon Martin, $375 for Darrell Atkinson and $110 for paralegals. Invoices will be delivered to Client monthly and are payable upon receipt unless otherwise provided herein, and we reserve the right to impose interest at the rate of 10% per annum on any invoices outstanding more than 30 days. In addition, hourly rates of personnel providing services to the Company under this Agreement will increase from time to time according to competitive market conditions and increased experience of attorneys and staff and Attorneys will provide Client with prior written notice of the same. Billing rates and charges are usually revised annually but Hosie Rice reserves the right to adjust rates at other times during the course of Hosie Rice's representation. In addition, as a partial contingency, Attorneys will be entitled to 17% of any net of costs cash (or cash equivalent) recovered. For example, if plaintiffs recover $1.1 million, and if unpaid costs were $100,000, Attorneys would be entitled to 17% of the net recovery of $1 million, in addition to the discounted and unpaid hourly fees (which to date are outstanding in the amount of (approximately as of November 28, 2018) $2,506,120.30) as well as any costs advanced under ¶ 4. Costs include such items as travel, photocopies, expert fees, deposition transcripts, as set forth in ¶ 5. Attorneys' reduced hourly fees shall not be considered a cost. "Cash equivalent" means any and all things of cash or otherwise, value received by Client, including stock, stock options, warrants, or any other form of non-cash payment received by Client through any claim, demand, negotiation, license, assignment, settlement, lawsuit, judgment or other agreement regarding Client's enforcement rights. If a claim is settled in whole or in part by the Client's receipt of anything of value other than cash, then Attorneys will be paid-in-like-kind. For example, if the non-cash consideration is in the form of a restricted stock or options, payments to Attorneys shall be made at the same time that Client is permitted to sell or exercise its options. The decision to settle and resolve the Litigation, in whole or in part, and the terms for such settlement and resolution, shall be and remain at the sole discretion of Client.

Hosie | Rice LLP
ATTORNEYS AT LAW

Jerry Knoblach
January 28, 2019
Page 3

    If Attorneys cease to be the Client's counsel in the Litigation, through no fault of the Attorneys, then Attorneys share in any contingent recovery will be governed by Attorneys' time spent on the matter over the total time spent on the matter by all counsel (the ratio of a "lodestar" ratio). If Attorneys' representation is terminated for cause, Attorneys will be entitled to no portion of any contingent recovery.

    Upon resolution of the matter, if Attorneys' representation has not been terminated, all resolution funds will be paid by defendant(s) directly to Hosie Rice's Trust Account.

    **4.**     **Attorney Provided Financing.** Hosie Rice will advance all costs and fees through the conclusion of the Litigation once Space Data has paid $4.5 million in costs and fees in connection with the Litigation. As of the date of this Agreement, Space Data has paid at least $4.5 million in costs and fees in connection with the Litigation. Hosie Rice represents and warrants that it has all the facilities in place necessary to fund the Litigation through its conclusion, with a $2 million revolver that can be increased, along with other fee income.

    Attorneys agree to advance fees and costs incurred, subject to subsequent Client repayment, as follows:

    A.     Once Attorneys begin to advance fees and costs, after the $4.5 million threshold is reached, the Attorneys' contingent interest on any recovery will increase 2% to 19%;

    B.     If Attorneys are required to fund costs above $5.5 million, *i.e.*, advance more than an incremental $1 million, then the contingency fee will increase a second 2%, for a contingent interest of 21%; and

    C.     Should Attorneys fund in an amount over $6.5 million, *i.e.* advance more than an incremental $2 million, then the contingency percentage increases another 1%, to a total contingency participation of 22%.

    The parties understand that, in addition to receiving this increased percentage based on Attorney financing, the Attorney costs and fees advanced will also be paid within 90 days of the resolution of the matter, regardless of outcome. For example, if Attorneys invest $1 million above the $4.5 million threshold, for a total case expenditure of $5.5 million, Attorneys would recover the $1 million advanced within 90 days of the resolution of the matter, plus receive the contingency fee owed to Attorneys (if any).

    The parties recognize that Space Data need not draw on this Attorney financing, unless Space Data, in its unilateral discretion, so elects. That is, Space Data retains the right to fund some or all of the Litigation fees and costs above $4.5 million, if Space Data so desires.

Hosie | Rice LLP
ATTORNEYS AT LAW

Jerry Knoblach
January 28, 2019
Page 4

    **5.    Costs and Other Charges.** Hosie Rice will incur various third party costs and expenses (*e.g.* travel, experts, photocopying) in performing legal services under this Agreement. Client agrees to pay promptly, but no longer than 30 days, for all costs, disbursements and expenses unless otherwise provided in this paragraph or under ¶ 4. Hosie Rice often advance costs that are reasonably incurred in the ordinary course of Hosie Rice's representation of its clients including filing fees, messenger fees, payments made to third parties, such as court reporters for transcripts of testimony, obtaining and/or copying documents, travel expenses (including mileage, transportation, business class air travel for any flights scheduled to be longer than eight hours, lodging and meals), and teleconference fees. Should any costs exceed $2,000.00, Hosie Rice may require the Client to directly pay the costs rather than advance it. The advanced costs, itemized in detail, and the voice and data charge will be included on Hosie Rice's monthly invoice. Unless otherwise provided in this paragraph or under ¶ 4, the Client agrees to reimburse Hosie Rice for costs upon receipt of its monthly invoice.

    **6.    Communication Concerning Progress and Outcome.** Hosie Rice will take reasonable steps to keep the Client informed of progress on matters and to respond to all inquiries. Hosie Rice will furnish the Client with an updated litigation budget every three months, and more frequently if events occur in the Litigation that materially affect the budget. If the Client is uncertain about something related to Hosie Rice's representation, it is important for the Client to request further clarification, which Hosie Rice will provide to the extent possible.

    **7.    Conflicts of Interest.** We have conducted a conflicts check based on information provided by the Client, and based on that information, we are not aware of any ethical conflicts of interest posed by Hosie Rice's proposed representation of the Client as described in this Agreement, including, but not limited to, conflicts related to the source of Hosie Rice's financing under ¶4 It is the Client's continuing duty to inform Attorneys of the identity of any person, firm, corporation or other entity adverse to the Client or that otherwise has any interest that may be in conflict with the Client's interests with respect to any legal matter as to which we are representing the Client.

    **8.    Disclaimer of Guarantee.** Nothing in this Agreement and nothing in Hosie Rice's statements or writings to Client will be construed as a promise or guarantee about the outcome of the Litigation. In the course of the representation, Hosie Rice may discuss with Client the status or potential outcome of matters or issues in which Hosie Rice is representing the Client. Hosie Rice cannot promise or guarantee any particular outcome or result due to variables and uncertainties outside Hosie Rice's control. Hosie Rice makes no such promise or guarantees. Hosie Rice's comments about the outcome of the Litigation are expressions of opinion only. Therefore, the Client should not construe any expressions or opinions on such matters or issues as assurances, promises or guarantees of the potential outcome of the Litigation. Hosie Rice has furnished the Client with a budget that reflects its best estimate of fees and costs to be incurred in the Litigation and may update the budget as circumstances in the Litigation dictate. Hosie Rice will implement its best efforts to adhere to the budget and promptly provide

Hosie | Rice LLP
ATTORNEYS AT LAW

Jerry Knoblach
January 28, 2019
Page 5

Client with advance notice if it anticipates the budget will be exceeded. Notwithstanding, Client acknowledges that any estimate of fees given by Hosie Rice shall not be a guarantee. Actual fees may vary from estimates given.

**9. Entire Agreement.** This Agreement contains the entire agreement of the parties. It replaces and supersedes any prior agreements or understandings, whether written or oral. No other agreement, statement or promise made on or before the effective date of this Agreement will be binding on Hosie Rice and Client. This Agreement may be modified only by an instrument in writing, executed by both Hosie Rice and Client.

**10. Severability.** If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

**11. Effective Date.** This Agreement will govern all legal services performed by Attorney on behalf of Client commencing with the date Attorney first performed services.

**12. Insurance.** Hosie Rice maintains errors and omissions insurance applicable to the services to be rendered pursuant to this Agreement.

**13. Termination of Representation by Client.** If at any time the Client is dissatisfied with Hosie Rice's services or wants to have other counsel represent it, the Client may terminate this Agreement by notifying Hosie Rice in writing of the Client's desire to end Hosie Rice's representation. Similarly, Hosie Rice may withdraw at will representation of the Client and terminate this Agreement in writing. If the Client's representation is terminated by the Client, then the Client is only responsible for payment of fees and costs that have been incurred up to the date on which Hosie Rice receives notice from the Client of its desire to terminate the representation, with the fee being calculated as set forth in ¶ 3 above. The Client agrees that Hosie Rice may similarly elect to terminate the representation upon written notice.

Upon termination of the representation, the Client may request the return of the "Client File" (as defined below) related to the representation or may request that it be forwarded to another law firm. The contents of the *"Client File"* will include all documents (in electronic, paper, or other format) provided by the Client and all recorded information (including but not limited to correspondence, pleadings, transcripts, exhibits, reports, completed but uncommunicated work product and other readily identifiable documents) that Hosie Rice retained as reasonably necessary to the Client's representation. We do not consider our internal communications, notes, and drafts of documents as part of the Client File. Hosie Rice reserves the right to copy the contents of the Client File at our expense and to reuse any work product (exclusive of confidential information) for other clients. If the Client chooses not to request the return of the Client File, Hosie Rice will store it at our off-site storage facility pursuant to Attorneys' normal retention policy as required by law or regulation. The Client will be notified

Hosie | Rice LLP
ATTORNEYS AT LAW

Jerry Knoblach
January 28, 2019
Page 6

via email at the last email address provided to Hosie Rice when the retention period has ended and of Attorneys' intention to dispose of the Client File. The Client will have sixty (60) days from the email notification date to take possession of its Client File. If Hosie Rice does not take possession of it during this time, the Client agrees that it may be destroyed without further notice.

**14. Termination of Representation by Hosie Rice.** If material adverse facts are revealed through discovery, or otherwise, that were not disclosed by Client, Hosie Rice has the right to immediately withdraw in accordance with California Rules of Professional Conduct. Further, Hosie Rice may withdraw at will should Hosie Rice decide that Client is making it unreasonably difficult for Attorneys to carry out its engagement effectively.

**15. Client's Acknowledgment.** Client acknowledges that Client has been encouraged by Attorneys to consult independent counsel concerning the negotiation of this fee Agreement and its terms (including the following Section 17 on Dispute Resolution), that Client has made sufficient investigation and inquiry to determine that this Agreement is fair and reasonable to Client, and that this Agreement was the product of arm's length negotiation with Attorneys. Client acknowledges that Client has either consulted such independent counsel or, having had an adequate opportunity to seek such advice, has declined to follow Attorneys' advice to do so.

**16. Client's Indemnity.** Client agrees to indemnify and hold Attorneys harmless for any claims asserted by others to any portion of the claims covered by this Agreement.

**17. Fee Not Set by Law.** Client understands that the fees described in this Agreement are not set by law, but are negotiable, and were negotiated, between Attorneys and Client. Attorneys encourage Client to have this representation agreement reviewed by other Client counsel.

**18. Dispute Resolution.** Hosie Rice appreciates the opportunity to represent the Client and anticipates a productive and harmonious relationship. The Client is encouraged to bring to Hosie Rice's immediate attention any concerns with services performed or fees charged. Most problems can be resolved by communication and discussion. However, should a dispute arise which cannot be resolved by negotiation, Hosie Rice believes that attorney-client disputes are most satisfactorily resolved through binding, confidential arbitration rather than by litigation. Any dispute arising out of, in connection with, or in relation to the interpretation, performance or breach of this Agreement—including any claim of legal malpractice (or similar claim) and any claim involving fees or expenses—shall be resolved by final, confidential and binding arbitration conducted in San Francisco, California, administered by a retired judge or justice and in accordance with the then existing JAMS Streamlined Arbitration Rules and Procedures, and any judgment upon any award rendered by the arbitrator may be entered by any state or federal court having jurisdiction to do so. If Hosie Rice and Client are unable to agree on a retired judge or

Hosie | Rice LLP
ATTORNEYS AT LAW

Jerry Knoblach
January 28, 2019
Page 7

justice to conduct the arbitration, then each party will name one retired judge or justice and the two named persons will select a third retired judge or justice to act as the sole arbitrator. **Client further acknowledges that, by so agreeing, Client waives the right to a court or jury trial.** Client also acknowledges that arbitration provides only limited discovery and that courts will enforce an award in arbitration without reviewing it for errors of fact or law. The parties agree that the prevailing party in any such disputes shall be entitled to recover reasonable costs and attorney's fees.

In any such arbitration, both parties will be entitled to conduct discovery in accordance with the provisions of the California Code of Civil Procedure, but either party may request that the arbitrator limit the amount or scope of such discovery, and in determining whether to do so, the arbitrator shall balance the need for discovery against the parties' mutual desire to resolve disputes expeditiously and inexpensively.

Should there be a dispute concerning fees or costs, the Client may elect to submit that dispute to arbitration under the above provisions. If the Client does not make that election, then California law provides a client with the right to request arbitration of any fee dispute before an arbitrator or panel of arbitrators selected by a local bar association or the State Bar ("***Bar Fee Arbitration***"). By signing this Engagement Agreement, the Client agrees that if a Bar Fee Arbitration is conducted, that Bar Fee Arbitration shall determine only the issue of the properly chargeable amount of fees and costs, and that such Bar Fee Arbitration shall not affect the Client's agreement to arbitrate all other issues on the terms set forth above.

**19. Attorney Lien.** Client acknowledges that the repayment of any deferred fees or costs, and, in the event of a successful resolution, any contingency due to Attorneys is enforceable by lien of property or any other means of collection under the law of the State of California

**20. Choice of Law.** In any proceeding (whether in arbitration, in court, or in any other tribunal), all questions concerning the rights and obligations of Client and Hosie Rice under this Agreement that are determined to be governed by the law of a state shall be resolved in accordance with the then-prevailing law of the State of California, including the California Rules of Professional Conduct.

**21. Conclusion.** If the terms set forth in this Engagement Agreement are satisfactory to the Client, please sign the original and return it to Attorneys in the enclosed envelope. Delivery of an executed counterpart of this Engagement Agreement by facsimile or other electronic imaging shall also be as effective as delivery of a manually executed counterpart of

Hosie | Rice LLP
ATTORNEYS AT LAW

Jerry Knoblach
January 28, 2019
Page 8

this Engagement Agreement. The Client should keep the fully executed copy of this engagement agreement with its records.

Very Truly Yours,

HOSIE RICE LLP

Spencer Hosie, Senior Partner

AGREED TO AND ACCEPTED:

Gerald M Knoblach:A01097C0000016003D8BA4900015F3D
Digitally signed by Gerald M Knoblach:A01097C0000016003D8BA4900015F3D
DN: c=US, o=U.S. Government, ou=ECA, ou=IdenTrust, ou=SPACE DATA CORPORATION, cn=Gerald M Knoblach:A01097C0000016003D8BA4900015F3D
Date: 2019.02.02 20:29:57 -07'00'

Jerry Knoblach
Space Data Corp. (Client)

ACKNOWLEDGEMENT AND CONSENT:

Paul Crawford
Managing Member
Space Data Investments LLC

- 12 -