JOSEPH P. MCMONIGLE, Bar No. 66811
JOHN B. SULLIVAN, Bar No. 238306
DAVID S. MCMONIGLE, Bar No. 258980
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, California 94104
Telephone:   (415) 397-2222
Facsimile:   (415) 397-6392
Email:       jmcmonigle@longlevit.com
             jsullivan@longlevit.com
             dmcmonigle@longlevit.com

Attorneys for Respondent
HOSIE RICE LLP

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPACE DATA CORPORATION, <br><br> Petitioner, <br><br> v. <br><br> HOSIE RICE LLP, <br><br> Respondent. | Case No. 4:20-cv-08256-JSW <br><br> **HOSIE RICE LLP'S CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND OPPOSITION TO AMENDED PETITION TO VACATE ARBITRATION AWARD** <br><br> Action Filed:  November 25, 2020 |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

JOSEPH P. MCMONIGLE, Bar No. 66811
JOHN B. SULLIVAN, Bar No. 238306
DAVID S. MCMONIGLE, Bar No. 258980
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, California 94104
Telephone:   (415) 397-2222
Facsimile:   (415) 397-6392
Email:        jmcmonigle@longlevit.com
              jsullivan@longlevit.com
              dmcmonigle@longlevit.com

Attorneys for Respondent
HOSIE RICE LLP

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPACE DATA CORPORATION,<br><br>        Petitioner,<br><br>        v.<br><br>HOSIE RICE LLP,<br><br>        Respondent. | Case No. 4:20-cv-08256-JSW<br><br>**HOSIE RICE LLP'S CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND OPPOSITION TO AMENDED PETITION TO VACATE ARBITRATION AWARD**<br><br>Action Filed:  November 25, 2020 |

# TABLE OF CONTENTS

**Page(s)**

I.      INTRODUCTION ...................................................................................................6

II.     FACTUAL BACKGROUND ..................................................................................7

        A.      The Underlying Litigation...................................................................7

        B.      The Arbitration And Award ................................................................9

        C.      The NERA Issue.................................................................................11

III.    LEGAL ARGUMENT ..........................................................................................15

        A.      The Federal Arbitration Act Governs Space Data's Petition To
                Vacate The Arbitration Award And Hosie Rice's Cross-Motion To
                Confirm The Award .........................................................................15

        B.      Space Data Cannot Establish Any Of The Grounds Set Forth In 9
                U.S.C. §10 For Vacating An Award .................................................16

                1.      Judicial Review Of An Arbitration Award Is Extremely
                        Limited ...................................................................................16

                2.      The February 18, 2020 Award Is Mutual, Final, And Definite...................17

        C.      Hosie Rice Did Not Consent To Allow Judge Robinson To Disregard
                The *Functus Officio* Doctrine...............................................................18

        D.      Judge Robinson Could Not Override *Functus Officio* By Declaring
                She Had Continued Jurisdiction ..........................................................23

        E.      Space Data Should Be Estopped From Petitioning To Vacate Given
                Its Acceptance Of The Benefit Of The Arbitration Award ....................24

        F.      If The Court Does Not Vacate The Award, It Should Grant The
                Cross-Motion To Confirm The Award And Enter Judgment
                Accordingly ......................................................................................25

IV.     CONCLUSION .....................................................................................................25

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

2                                   Case No. 4:20-cv-08256-JSW
HOSIE RICE LLP'S CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND OPPOSITION TO AMENDED
PETITION TO VACATE ARBITRATION AWARD

**TABLE OF AUTHORITIES**

**Page(s)**

<u>**Cases**</u>

*Allied–Bruce Terminix Companies, Inc. v. Dobson*
(1995) 513 U.S. 265 ...............................................................................................16

*Biller v. Toyota Motor Corp.*
(9th Cir. 2012) 668 F.3d 655 .................................................................................17

*Citizens Bank v. Alafabco, Inc.*
(2003) 539 U.S. 52 .................................................................................................17

*Douglass v. Serenivision*
(2018) 229 Cal.Rptr.3d 54 .....................................................................................21

*Efund Capital Partners v. Mayor*
2011 WL 1348874 ..................................................................................................21

*Fid. Fed. Bank, FSB v. Durga Ma Corp.*
(9th Cir. 2004) 386 F.3d 1306 ...............................................................................17

*G.C. & K.B. Invs., Inc. v. Wilson*
(9th Cir.2003) 326 F.3d 1096 ................................................................................18

*Hall Street Associates, L.L.C. v. Mattel, Inc.*
(2008) 552 U.S. 576 ....................................................................................6, 17, 26

*Hydrothermal Energy Corp. v. Fort Bidwell Indian Cmty. Counsel*
(1985) 216 Cal.Rptr.59 ..........................................................................................21

*IDS Life Ins. Co. v. Royal Alliance Associates, Inc.*
(7th Cir. 2001) 266 F.3d 645 .................................................................................18

*Int'l Bhd. Of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO, Local 631 v. Silver State Disposal Serv. Inc.*
(9th Cir. 1997) 109 F.3d 1409 ...............................................................................20

*International Broth. Of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO, Local 631 v. Silver State Disposal Service, Inc.* (9th Cir. 1991) 103 F.3d 1409 .......................................................................................20

*Kemper v. Schardt*
(1983) 143 Cal.App.3d 557 ....................................................................................21

*Kyocera Corp. v. Prudential Bache Trade Servs*
(9th Cir. 2003) 341 F.3d 987 ...................................................................................7

*Legion Ins. Co. v. VCW, Inc.*
(8th Cir. 1999) 198 F.3d 718 .................................................................................21

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

HOSIE RICE LLP'S CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND OPPOSITION TO AMENDED PETITION TO VACATE ARBITRATION AWARD

**TABLE OF AUTHORITIES: (continued)**                                    **Page(s)**

*McClatchy Newspapers v. Cent. Valley Typographical Union No. 46, Int'l Typographical Union*
(9th Cir. 1982) 686 F.2d 731 ...................................................................................20

*McKinney Restoration Co., Inc. v. Illinois Dist. Council No. 1 of Intern Union of Bricklayers and Allied Craftworkers*
(7th Cir. 2004) 392 F.3d 867 ....................................................................................24

*Mike Rose's Auto Body, Inc. v. Applied Underwrites Captive Risk Assurance Company, Inc.*
(USDC CAND 2019) 289 F.Supp.3d 687 ..........................................................19, 25

*Millmen Local 550, United Broth. Of Carpenters & Joiners of Am., AFL-CIO v. Wells Exterior Trim*
(9th Cir. 1987) 828 F.3d 1373 ...................................................................................25

*Mundi v. Union Sec. Life Ins. Co.*
(9th Cir. 2009) 555 F.3d 1042 ...................................................................................25

*Oxford Health Plans LLC v. Sutter*
(2013) 569 US 564 ....................................................................................................18

*Perry v. Thomas*
(1987) 482 U.S. 483 ..................................................................................................16

*Play Star, S.A. De C.V. v. Haschel Exp. Corp.*
2011 WL 1961625 .....................................................................................................21

*Poweragent Inc. v. Elec. Data Sys. Corp.*
(9th Cir. 2004) 358 F.3d 1187 ...................................................................................18

*Sovak v. Chugai Pharm. Co.*
(9th Cir. 2002) 280 F.3d 1266 ...................................................................................17

*U.S. Life Ins. Co. v. Superior Nat'l Ins. Co.*
(9th Cir. 2010) 591 F.3d 1167 .................................................................................17

## Statutes

9 United States Code
section §2 ...................................................................................................................15

9 United States Code
section 9 ................................................................................................................5, 25

9 United States Code
section §10 .................................................................................................2, 16, 17, 24

## Rules

USDC, Northern District of California
Local Rule of Court 3-4 .............................................................................................21

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

Case No. 4:20-cv-08256-JSW                              4
HOSIE RICE LLP'S CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND OPPOSITION TO
AMENDED PETITION TO VACATE ARBITRATION AWARD

1   PLEASE TAKE NOTICE that on the same day on which the Court sets the

2   hearing on the Space Data Corporation's Amended Petition to Vacate Arbitration

3   Award in this action, Respondent Hosie Rice, LLP will and hereby does move the

4   Court to confirm the February 18, 2020 Final Award and enter judgment according

5   to it.  The bases of Hosie Rice, LLP's motion is that 9 U.S.C. §9 requires a Court to

6   confirm an arbitration award unless it is vacated, modified, or correct as prescribed

7   in 9 U.S.C. §§10-11.  *Hall Street Associates, L.L.C. v. Mattel, Inc.* (2008) 552 U.S.

8   576, 582.  If the Court does not vacate the award as requested by Space Data, the

9   Court should confirm the award and enter judgment according to it.

10   This motion is based on this Notice of Motion, the Memorandum of Points and

11   Authorities below, the accompanying Declaration of Spencer Hosie, the

12   accompanying Declaration of John B. Sullivan, and exhibits attached thereto, the

13   accompanying proposed order and exhibit attached thereto, and such other and

14   further papers and arguments as may be submitted to the Court at or before the

15   hearing on this Motion.

16

17   Dated:  January 8, 2021.                    LONG & LEVIT LLP

18

19

20                                                    JOSEPH P. MCMONIGLE
21                                                    JOHN B. SULLIVAN
                                                     DAVID S. MCMONIGLE
22                                                    Attorneys for Respondent
                                                     HOSIE RICE LLP
23

24

25

26

27

28

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

5                                    Case No. 4:20-cv-08256-JSW
HOSIE RICE LLP'S CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND OPPOSITION TO AMENDED
PETITION TO VACATE ARBITRATION AWARD

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PETITION TO VACATE AWARD AND CROSS-MOTION TO CONFIRM AWARD**

## I.   INTRODUCTION

Through its Petition to Vacate the Arbitration Award, Space Data Corporation continues its crusade against its former counsel, Hosie Rice, LLP by attempting to obtain a redo of a five-day arbitration in front of Hon. Sue Robinson (Ret.).  The Federal Arbitration Act, however, allows a court to vacate an award only where the award evidences misconduct in the arbitral process or a final result that is completely irrational or exhibits a manifest disregard for the allow.  *Kyocera Corp. v. Prudential Bache Trade Servs* (9th Cir. 2003) 341 F.3d 987, 997-998.  Space Data cannot meet the high standard required to vacate the Final Award.

Space Data seeks to vacate the February 18, 2020 Final Award on the ground that it is not a "mutual, final, and definite" award.  The question for the Court is "whether the award itself, in the sense of judgment, order, bottom line, is incomplete in the sense of having left unresolved a portion of the parties' dispute."  The Final Award explicitly states that "the [January 16, 2020] interim award was fashioned to bring this dispute to a close by using the ███████ settlement as the source of the payment, reserving at least ███████ of such for Space Data and paying Hosie Rice for its services through July 11, 2019."  It goes on to state "Therefore, the award issued on January 16, 2020 is now deemed the final award with no further proceedings in the arbitration needed."  [Dkt. No. 11, Liebeler, Ex. 25, February 18, 2020 Final Award.]  Thus, Space Data cannot vacate the award.

Since early March, Space Data has engaged in a nine-month campaign to overturn the Final Award based on Hosie Rice's failure to immediately pay an expert witness it hired in the underlying litigation, NERA Economic Consulting.  Although Hosie Rice's counsel responded to requests from Space Data and Judge Robinson regarding payment to NERA and opposed Space Data's request for additional relief,

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

6                          Case No. 4:20-cv-08256-JSW
HOSIE RICE LLP'S CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND OPPOSITION TO AMENDED
PETITION TO VACATE ARBITRATION AWARD

the firm never consented to allow Judge Robinson to reconsider or modify the Final Award.   Instead, it explicitly stated multiple times that Judge Robinson lacked jurisdiction to modify the Final Award.  Following a July 10, 2020 hearing, JAMS agreed with Hosie Rice's position and issued a Notice to All Parties that because the Final Award had been rendered, Judge Robinson could only correct computational, typographical, or other similar errors.  Beyond that, Judge Robinson had no further jurisdiction in the matter.

Despite JAMS' notice, Space Data continues its campaign to overturn the Final Award be asking the Court to vacate the award.  The Court should refuse to do so because the Final Award is mutual, final, and definite.  Instead, the Court should grant Hosie Rice's cross-motion to confirm the arbitration award, and enter judgment accordingly.

## II.     FACTUAL BACKGROUND

### A.     The Underlying Litigation

Space Data Corporation delivers wireless services for users in locations that are not served or poorly service by existing wireless technologies and service providers.  Jerry Knoblach serves as CEO of the company.  His father, Mark Knoblach, was the Space Data largest investor, but there were many Space Data minority investors who had invested millions of dollars in the company.

In 2016, Space Data Corporation filed an action against Google, LLC asserting infringement of four patents, federal trade secret misappropriation, state trade secret misappropriation, and breach of contract.  [See Dkt. No. 8, Liebeler Dec., Ex. 2, Interim Award, p. 1.]

Although Space Data filed the action in 2016, it did not retain Hosie Rice, LLP until March 2017.  [*Id.*, p. 2.]  By that time, Space Data needed litigation financing.  [*Id.*]  The parties agreed on a "hybrid" representation agreement, with Space Data paying a reduced hourly rate, due monthly, costs, and the Hosie Rice firm receiving a reduced contingency.  For the next ten months forward, Space Data

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

7                    Case No. 4:20-cv-08256-JSW
HOSIE RICE LLP'S CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND OPPOSITION TO AMENDED
PETITION TO VACATE ARBITRATION AWARD

did not pay a single one of its bills.  Over the multiyear litigation, this became a constant: Space Data was often close to a year and seven figures in arrears.  This led to considerable tension between counsel and client.  [Declaration of Spence Hosie, "Hosie Decl.", ¶¶3-5.]

In January 2019, Jerry Knoblach, began to opine in writing that the case had a settlement value approximating one billion dollars.  The Hosie Rice principals disagreed with Knoblach's views on settlement, and did so in writing to members of the Board of Directors.  These lawyers viewed the Company as the Firm's client, not just Jerry and Mark Knoblach, the majority shareholders.  Jerry Knoblach took offense at the Firm's offering its independently and genuinely held advice.  In emails later produced, Knoblach complained to one of his oldest friends—Eric Liebeler—a lawyer in Washington D.C. that the Firm was being "insubordinate," and not following the "chain of command."  [Hosie Decl., ¶¶6-7.]

By early summer 2019, Space Data instructed its outside counsel to communicate with the company and its Board only through Mr. Liebeler.  The Firm did as it was told.  This meant that the firm would advise Mr. Liebeler on settlement, Mr. Liebeler would pass along the settlement counsel when and couched as he would, and then report back to the Hosie Rice lawyers.  The Hosie Rice lawyers objected to this inherently dangerous protocol, but to no avail.  [Hosie Decl. ¶8.]

In late July 2019, Google and Space Data reached a settlement agreement. Judge Robinson found "[w]ith no evidence to the contrary, the terms of the settlement were beneficial and due in no small measure to the efforts of Hosie Rice." Space Data raised concerns with Hosie Rice regarding the scope of certain releases in the settlement.  Within days of this settlement, the Firm learned from an email inadvertently copied to the firm that Jerry Knoblach intended to fire the firm in the next two days and not pay its long outstanding bill (then at ███████ for reduced hourly fees and costs alone). [Hosie Decl, ¶9.]

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

### B.    The Arbitration And Award

The January 28, 2019 Representation Agreement governed the dispute between Hosie Rice and Space Data.  It provides in relevant part:

> Any dispute arising out of, in connection with, or in relation to the interpretation, performance or breach of this Agreement – including any claim of legal malpractice (or similar claim) and any claim involving fees or expenses – shall be resolved by final, confidential and binding arbitration conducted in San Francisco, California, administered by a retired judge or justice and in accordance with the then existing JAMS Streamlined Arbitration Rules and Procedures, and any judgment upon any award rendered by the arbitrator may be entered by any state or federal court having jurisdiction to do so. [Liebeler, Ex. 1, January 28, 2019 Representation Agreement.]

Hosie Rice instituted the arbitration proceedings to recover fees and costs it was owed.  [Liebeler Dec., Ex. 2, p. 14.]  Space Data denied the claim for fees and counterclaimed, alleging causes of action for breach of contract, breach of fiduciary duty, legal malpractice, fraud, and declaratory relief seeking damages it claimed it incurred as result of alleged breaches of Hosie Rice's fiduciary duties, a complete disgorgement of fees it had previously paid the firm, and to preclude Hosie Rice from recovering the additional fees it sought.  [*Id.*]  Space Data, however, withdrew its counterclaim for legal malpractice because "of a recognized failure to quantify any actual loss or damage attributable to such conduct." [*Id.*]  The parties agreed that Hosie Rice could retain the settlement funds in its client trust account pending the outcome of the arbitration.

Judge Robinson served as the arbitrator.  Judge Robinson presided over a five-day hearing between November 18, 2019 and November 22, 2019.  [Declaration of John Sullivan, ¶2.]

On January 16, 2020, Judge Robinson issued the Interim Award.  [Dkt. No. 8, Liebeler Dec., Ex. 2.]  It did not disgorge any fees or costs paid to Hosie Rice, but instead required Space Data to pay the firm its fees based on quantum meruit and

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

9                    Case No. 4:20-cv-08256-JSW
HOSIE RICE LLP'S CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND OPPOSITION TO AMENDED PETITION TO VACATE ARBITRATION AWARD

costs for services rendered through July 11, 2019 as follows:  (1) the source of payment would be money from the ███████Space Data-Google settlement; (2) based on the underlying premise that Space Data would net ███████ from the settlement, Hosie Rice's fees and costs were to not exceed ███████ (3) the firm was to provide Space Data its invoices for fees and costs through July 11, 2019 to confirm that Hosie Rice was owed ███████; and (4) once the fees and costs had been determined and paid to Hosie Rice, the firm would transfer the remainder of the settlement funds to Space Data.   [*Id.* at pp. 19-20.]  In a footnote, Judge Robinson stated that if a dispute arose regarding **calculating the amount** due to Hosie Rice, she "will remain available to resolve it and have characterized this as in "Interim Award" in case the need for further proceedings arises." [*Id.,* p. 21, Emphasis added.]

On January 30, 2020, counsel for Space Data and Hosie Rice discussed the unpaid vendors.  Space Data indicated that Hosie Rice could distribute the settlement funds held in the Hosie Rice client trust account to Hosie Rice and Space Data so long as the portion of the funds necessary to pay certain unpaid vendors, including NERA, were held in trust to pay the vendors.  [Dkt. No. 8, Liebeler Dec., Ex. 6, January 30, 2020 Torgerson email.]

On February 10, 2020, Judge Robinson's case manager Liz Magana, asked the parties whether they would need Judge Robinson's assistance with calculating any final amounts.  Space Data responded the next day that the parties were working out a few final issues and did not believe that Judge Robinson's assistance would be needed to complete the process.  [Sullivan Dec., ¶3, Ex. A, February 11, 2020 Liebeler email.]

On February 18, 2020, Ms. Magana wrote to counsel for the parties:

Dear Counsel,

Please note that Judge Robinson has rendered the Final Award; however, JAMS will issue the decision once all outstanding fees have

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

10

Case No. 4:20-cv-08256-JSW
HOSIE RICE LLP'S CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND OPPOSITION TO AMENDED PETITION TO VACATE ARBITRATION AWARD

been received.  I'll reach out to the appropriate person.  [Liebeler, Ex. 16, February 18, 2020 email from Magana.]

The Final Award, executed by Judge Robinson on February 18, 2020, provided that:

> The interim award was fashioned to bring this dispute to a close by using the ███████ settlement fund as the source of payment, reserving at least ███████ of such for Space Data and paying Hosie Rice for its services through July 11, 2019.  As noted in footnote 8 of the interim award, the amount due Hosie Rice should have been reflected in its invoices, which were submitted on a regular basis to Space Data.  It is my understanding that the parties to the dispute, in fact, have been able to reach agreement on the amounts due to Hosie Rice.  Therefore, the award issued on January 16, 2020 is now deemed the final award."  [Dkt. No. 11, Liebeler, Ex. 25, Ex. E, February 18, 2020 Order.]

Shortly after Judge Robinson issued the Final Award, Hosie Rice distributed to Space Data the ███████ it was entitled to under the Final Award.  [Hosie Dec. ¶12.]

## C.    The NERA Issue

On March 18, 2020, Space Data wrote to Judge Robinson to notify her that Dr. Christine Meyer, an expert witness with NERA Economic Consulting, had not been paid.  Space Data requested that Judge Robinson "modify the final order to instruct Hosie Rice to pay the amounts due to NERA to Space Data, plus interest, plus fees, plus future fees spent to enforce the Court's award as necessary."  [Dkt. No. 9, Liebeler Dec., Ex. 15, March 18, 2020 Liebeler email.]

In response to an email from Judge Robinson indicating that she would grant Space Data relief, Hosie Rice wrote on April 11, 2020 that the firm was attempting to resolve the NERA issue, but noted this was not an issue for Space Data because neither Hosie Rice nor NERA had ever asserted that Space Data was responsible for NERA's outstanding fees.  The firm objected to any order that required Hosie Rice

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

11                                    Case No. 4:20-cv-08256-JSW
HOSIE RICE LLP'S CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND OPPOSITION TO AMENDED
PETITION TO VACATE ARBITRATION AWARD

to prove a list of every vendor the firm engaged and payments made to each one; provide an accounting of the ███████ in funds disbursed to Hosie Rice out of the escrow, or award Mr. Liebeler's firm $50,000.  Instead, it suggested that Hosie Rice pay Judge Robinson's fees for having to address the NERA issue.  [Dkt. No. 9, Liebeler Dec., Ex. 11, McMonigle April 11, 2020 email.]

On April 29, 2020, Judge Robinson wrote to both parties that although she was troubled by the NERA issue, she had not been given a satisfactory answer by Space Data as to whether it has ever been obligated to pay the NERA invoices and, if not, why the arbitration would be an appropriate forum to resolve the dispute between Hosie Rice and NERA.  She also wrote "In trying to balance the equities, I have concluded that the first order of business is to see that NERA is paid – *regardless of my questionable jurisdiction over the matter* – since the untimely payment of the NERA invoices is the geneses of the parties' ongoing, post-award dispute."  [Sullivan Dec., ¶4, Ex. B, Robinson April 29, 2020 email (*emphasis added*).]

On Friday, May 15, 2020, Space Data submitted an order to Judge Robinson. Without any hearing or presentation of evidence by Hosie Rice, Judge Robinson adopted the twelve-page order on Tuesday, May 19, 2020, making multiple findings and ordering Hosie Rice to pay NERA by May 22, 2020; pay Space Data an award for attorney's fees incurred since February 1, 2020; pay a $100,000 sanction; provide a list of all monies paid or owed to vendors; provide a full and complete accounting of the Google settlement funds; and appear for a deposition regarding the firm's payments and accounts with third party vendors, its representations to Space Data, and its use of the Google settlement proceeds.  [Sullivan Dec., ¶5.]

Hosie Rice raised several objections via email to the order including that Space Data had offered no authority that Judge Robinson could revise her previous findings and award.  Hosie Rice again noted that Space Data had not articulated any harm from the fact that NERA had not been paid and that the firm had unequivocally

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

12                                    Case No. 4:20-cv-08256-JSW
HOSIE RICE LLP'S CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND OPPOSITION TO AMENDED PETITION TO VACATE ARBITRATION AWARD

1   stated that it was responsible for the amounts due.  Although the firm objected to the

2   relief included in the order, it agreed to pay Judge Robinson's fees related to any

3   post award issues to resolve the matter.  [Dkt. No. 10, Liebeler, Ex. 19, McMonigle

4   May 19, 2020 email.]

5       Judge Robinson revised her order.  In the revised order, Judge Robinson

6   "adopted some less aggressive language, …extended the deadlines, and…removed

7   the monetary sanction for the moment."  [Sullivan Dec., ¶6, Ex. C, Robinson May

8   21, 2020 email.[1]]  Hosie Rice did not comply with the order or act in any manner to

9   demonstrate that it consented to Judge Robinson's post-award jurisdiction to order

10  the firm to do anything related to the NERA agreement beyond what the firm had

11  agreed to do.  Moreover, by the date of Judge Robinson's late May revised order,

12  Hosie Rice had paid NERA approximately $350,000 and entered into a promissory

13  agreement to pay the remaining balance.  [Hosie Dec, ¶11.]

14      On June 18, 2020, Space Data filed a motion for further relief that sought to

15  relitigate the issues previously decided.  It requested that Judge Robinson award it all

16  of the fees that it had incurred in the arbitration or to impose an additional forfeiture

17  on Hosie Rice.  [Dkt. No. 10, Liebeler, Ex. 20, Request for Modification of Award

18  and Attorney's Fees.]

19      Hosie Rice responded on June 26, 2020.  It argued that neither the JAMS rules

20  nor appliable law empowered Judge Robinson to modify or enforce the final award.

21  [Dkt. No. 10, Liebeler Dec., Ex. 21, Hosie Rice Response to Request for

22  Modification of Award and Attorney's Fees, pp. 3-5.]

23      The firm also argued that even if Judge Robinson did have the power to

24

25  _____

26  [1] Space Data makes references to findings in the May 26, 2020 order about
    "testimony that is false."  Hosie Rice disputes the characterization and notes (1) the
    order was prepared by Space Data months after the arbitration; (2) that Judge
    Robinson lacked jurisdiction as of that point to reconsider evidence and make such

27  findings; and (3) that Hosie Rice did not submit an opposition in May 2020 that
    addressed the various statements made in the order in part because it did not believe

28  that Judge Robinson was authorized to relitigate the underlying action.

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

13                                                                    Case No. 4:20-cv-08256-JSW
HOSIE RICE LLP'S CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND OPPOSITION TO AMENDED
PETITION TO VACATE ARBITRATION AWARD

modify her previous award, she should not do so because Space Data has received everything it is entitled to under the award.  The Award provided that Space Data was to net ███████.  Space Data had netted ████████.  Despite its four-month campaign to relitigate the underlying arbitration, Space Data had not offered any evidence that it had been harmed in any manner by the delayed payment to NERA.  Moreover, Hosie Rice and NERA by this point had an agreement in place to resolve the outstanding balance.  [*Id.*, p. 5.]

Judge Robinson held a hearing on July 10, 2020.  Again, Hosie Rice objected to Judge Robinson having any jurisdiction beyond ensuring that NERA was paid consistent with the order.  Hosie Rice consented to her issuing an order limited to requiring the firm to pay the JAMS' post-arbitration fees, and an attorney fee award in the range Space Data originally requested in May 2020, which was $41,702.  [Dkt. No. 10, Liebeler Dec., Ex. 23, Hearing Transcript, pp. 42:5-17; 44:20-45:13.]

On July 20, 2020, Hosie Rice sent Judge Robinson a copy of its agreement to resolve its debt with NERA.  [Sullivan Dec., ¶9, Ex. D, McMonigle July 20, 2020 email.]  In the agreement, NERA and Hosie Rice expressly agreed that:  (1) Hosie Rice was contractually bound to pay the NERA fee and (2) that the Space Data was not obligated to pay the fees.  [*Id*.; Hosie Decl., ¶11.]  This reaffirmed what Hosie Rice had contended all along: the outstanding NERA invoice would not affect Space Data's recovery of the ██████ it was entitled to under Judge Robinson's order.

On August 14, 2020, JAMS issued the following notice to the parties:

Dear Parties:

JAMS has reviewed this matter in connection with Respondent's Request for Fees.  Please note that as indicated in JAMS' letter of February 18, 2020, Arbitrator Sue Robinson rendered her Final Award on February 18, 2020.  Because fees were still outstanding, the Final Award has yet to be issued.  Once all outstanding balances have been paid, JAMS will issue the Final Award.  Since the Final Award was already rendered, once issued the Arbitrator may only correct

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

14

Case No. 4:20-cv-08256-JSW

HOSIE RICE LLP'S CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND OPPOSITION TO AMENDED PETITION TO VACATE ARBITRATION AWARD

1
2
3

computational, typographical, or other similar errors. (See JAMS Streamlined Rule 19(i).) Beyond such corrections, the Arbitrator has no further jurisdiction in this matter. [Dkt. No. 10, Liebeler Dec., Ex. 24, August 14, 2020 JAMS letter.]

4
5
6

Thus, JAMS, and presumably Judge Robinson, agreed with Hosie Rice's argument that Judge Robinson lacked the jurisdiction to render the award Plaintiffs' sought.

7

## III.   LEGAL ARGUMENT

8
9

### A.   The Federal Arbitration Act Governs Space Data's Petition To Vacate The Arbitration Award And Hosie Rice's Cross-Motion To Confirm The Award

10
11
12
13
14
15
16
17
18

The Federal Arbitration Act ("FAA") applies to any contract "evidencing a transaction involving commerce." 9 U.S.C. §2. "Evidencing a transaction involving commerce" means that the transaction in fact involves interstate commerce, even if the parties did not contemplate an interstate commerce connection. *Allied–Bruce Terminix Companies, Inc. v. Dobson* (1995) 513 U.S. 265, 281. The Court must broadly construe the phrase, "evidencing a transaction involving commerce," because the FAA "embodies Congress' intent to provide for the enforcement of arbitration agreements within the full reach of the Commerce Clause." *Perry v. Thomas* (1987) 482 U.S. 483, 490.

19
20
21
22
23
24
25
26
27

In *Allied-Bruce,* the Court held that the FAA applied to a lifetime termite protection plan between an Alabama homeowner and the local office of Allied-Bruce Terminix Companies. *Allied-Bruce,* 513 U.S. at 268. It concluded among other reasons that the termite protection plan at issue involved interstate commerce because of the multistate nature of Terminix. *Id.* at 282. In *Citizens Bank v. Alafabco, Inc.,* the Court held that the FAA applied to a debt restructuring agreement between a debtor and creditor from Alabama in part because the creditor engaged in business throughout the Southeastern United States using substantial loans from the bank that were renegotiated and redocumented in the debt-restructuring agreements

28

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

15                                    Case No. 4:20-cv-08256-JSW
HOSIE RICE LLP'S CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND OPPOSITION TO AMENDED
PETITION TO VACATE ARBITRATION AWARD

1   and the debt was secured by Alafabco's business assets including its inventory of

2   goods assembled from out-of-state parts and raw materials.  *Citizens Bank v.*

3   *Alafabco, Inc.* (2003) 539 U.S. 52, 57-58.

4        "A general choice-of-law clause within an arbitration provision does not trump

5   the presumption that the FAA supplies the rules for arbitration."  *Sovak v. Chugai*

6   *Pharm. Co.* (9th Cir. 2002) 280 F.3d 1266, 1269.  In *Fidelity Federal Bank,* the

7   Ninth Circuit held that even an arbitration clause providing that controversies were

8   to be resolved "in accordance with the laws of the State of California and the rules of

9   the American Arbitration Association" did not provide a "clear intent" to incorporate

10  California arbitration rules and therefore read the agreement as electing state

11  substantive law and federal procedural rules.  *Fid. Fed. Bank, FSB v. Durga Ma*

12  *Corp.* (9th Cir. 2004) 386 F.3d 1306, 1311.

13       Where the FAA's rules control arbitration proceedings, a reviewing court must

14  also apply the FAA standard for vacatur.  *Id.* at 1312.

15       Here, the FAA applies because the arbitration agreement arises out of an

16  attorney retainer agreement between a corporation headquartered in Chandler,

17  Arizona and a San Francisco law firm.  [Petition to Compel Arbitration, p. 2:9-15.]

18  Thus, the Court should apply the FAA rules to determine whether to vacate the

19  arbitration award.

> **B.    Space Data Cannot Establish Any Of The Grounds Set Forth In 9 U.S.C. §10 For Vacating An Award**
>
> **1.    Judicial Review Of An Arbitration Award Is Extremely Limited**

23       Section 10 of the FAA provides the exclusive grounds for vacating an arbitral

24  award.  *See Hall St. Assocs., LLC v. Mattel, Inc.* (2008) 552 U.S. 576, 584; *Biller v.*

25  *Toyota Motor Corp.* (9th Cir. 2012) 668 F.3d 655, 664.  The burden of establishing

26  grounds for vacating an arbitration award is on the party seeking vacatur.  *See U.S.*

27  *Life Ins. Co. v. Superior Nat'l Ins. Co.* (9th Cir. 2010) 591 F.3d 1167, 1173.  Review

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

HOSIE RICE LLP'S CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND OPPOSITION TO AMENDED
PETITION TO VACATE ARBITRATION AWARD

of an award is "both limited and highly deferential." *Poweragent Inc. v. Elec. Data Sys. Corp*. (9th Cir. 2004) 358 F.3d 1187, 1193.  Section 10 provides that a district court may vacate an arbitration award:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators ...;

(3) where the arbitrators were guilty of ... misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.  9 U.S.C. §10(a).

The scope of a confirmation proceeding applying these factors is "extremely limited."  *G.C. & K.B. Invs., Inc. v. Wilson* (9th Cir.2003) 326 F.3d 1096, 1105.  The statutory grounds are narrowly construed.  *See Oxford Health Plans LLC v. Sutter* (2013) 569 US 564, 568-570.

### 2.   The February 18, 2020 Award Is Mutual, Final, And Definite

Although Space Data seeks to vacate the award on the ground that Judge Robinson failed to issue a mutual, final, and definite award, the petition fails to offer any authority or analysis to support its contention that the February 18, 2020 "Final Award" is not final.  [Petition, p. 9:7-8.]  Instead, Space Data proceeds straight to an argument about the *functus officio* doctrine.  Although Hosie Rice addresses the *functus officio* doctrine below, it contends the Court need not reach that issue because Space Data has not established that the February 18, 2020 award can be vacated on the ground that it is not a "mutual, final, and definite" award.

"The requirements of finality and definiteness are ones more of form than of substance."  *IDS Life Ins. Co. v. Royal Alliance Associates, Inc.* (7th Cir. 2001) 266 F.3d 645, 650.  The terms "mutual" and "final" mean that the arbitrators must have resolved the entire dispute that has been submitted to them.  *Id.*  "Definite" means that the award is sufficiently clear and specific to be enforced should it be confirmed

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

1   by the court and thus made judicially enforceable.  *Id.*  The mutual, final, and
2   definite requirement "should not be confused with whether the arbitrators' award
3   was correct or even reasonable, since neither error nor clear error nor even gross
4   error is grounds for vacating an award."  *Id.*  The question for the Court is "whether
5   the award itself, in the sense of judgment, order, bottom line, is incomplete in the
6   sense of having left unresolved a portion of the parties' dispute."  *Id.*  at 651.

7        Here, Judge Robinson executed an Interim Award in connection with the
8   arbitration on January 16, 2020.  She rendered a "Final Award" on February 18,
9   2020.  [Sullivan Dec., ¶5, Ex.D, February 18, 2020 Magana email.]  The Final
10  Award states that the "The interim award was fashioned to bring this dispute to a
11  close by using the ▇▇▇▇▇ Space Data-Google settlement as the source of the
12  payment, reserving at least ▇▇▇▇▇ of such for Space Data and paying Hosie Rice
13  for its services through July 11, 2019."  [*Id.*]  Judge Robinson wrote that she
14  understood that the parties had been able to reach an agreement on the amounts due
15  to Hosie Rice.  [*Id.*]  It then states "Therefore, the award issue on January 16, 2020 is
16  now deemed the final award, with no further proceedings in the arbitration needed."
17  *See also*, *Mike Rose's Auto Body, Inc. v. Applied Underwrites Captive Risk*
18  *Assurance Company, Inc.* (USDC CAND 2019) 289 F.Supp.3d 687 (holding that a
19  decision that expressly stated that it was the "Final Award" and was "in full
20  settlement of all claims and counterclaims submitted to the Arbitration" was final for
21  the purposes of *functus officio* doctrine.")

22       Thus, the Court should not vacate the award on the ground that it was not
23  mutual, definite, and final.

24  **C.**    **Hosie Rice Did Not Consent To Allow Judge Robinson To**
25            **Disregard The *Functus Officio* Doctrine**

26       Space Data contends that the Court should remand the case to Judge Robinson
27  for undefined "further proceedings" because Hosie Rice has consented to her
28  continued jurisdiction.  The Court should reject this argument.

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

18                                    Case No. 4:20-cv-08256-JSW
HOSIE RICE LLP'S CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND OPPOSITION TO AMENDED
PETITION TO VACATE ARBITRATION AWARD

The essence of functus officio doctrine, which is rooted in common law, is that an arbitrator may not reexamine a final arbitration order . . . The arbitrator may not reopen the subject matter of a final arbitration order, even when new evidence has been discovered.  *McClatchy Newspapers v. Cent. Valley Typographical Union No. 46, Int'l Typographical Union* (9th Cir. 1982) 686 F.2d 731, 734 ("Arbitrators are not and never were intended to be amenable to the 'remand' of a case for 'retrial' in the same way as a trial judge.  Even assuming the availability of new evidence, it would not be appropriate for the arbitrator to consider such evidence and then redetermine the issues originally submitted to him.").

"The policy which lies behind this is an unwillingness to permit one who is not a judicial officer and who acts informally and sporadically, to re-examine a final decision which he has already rendered, because of the potential evil of outside communication and unilateral influence which might affect a new conclusion."  *Int'l Bhd. Of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO, Local 631 v. Silver State Disposal Serv. Inc.* (9th Cir. 1997) 109 F.3d 1409.

Here, Judge Robinson executed the Final Award on February 18, 2020.  Ms. Magana emailed the parties on February 18, 2020 that "Judge Robinson has rendered the Final Award."  As of that point, Judge Robinson no longer has the power to reexamine or modify her Final Award.

Space Data does not offer any Ninth Circuit authority for the proposition that "consent" is an exception to the *functus officio* doctrine.  At least one Ninth Circuit opinion has declared that the Court recognizes only three exceptions to the *functus officio* doctrine: correction of a mistake which is apparent on the face of the award; completion of an arbitration if the award is not complete; and to clarify an ambiguity in the award.  *International Broth. Of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO, Local 631 v. Silver State Disposal Service, Inc.* (9th Cir. 1991) 103 F.3d 1409, 1411.

The cases that Space Data cites do not support its contention that a party can

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

HOSIE RICE LLP'S CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND OPPOSITION TO AMENDED PETITION TO VACATE ARBITRATION AWARD

implicitly consent to confer the arbitrator power after the arbitrator has rendered a final award or set forth a standard for establishing consent.

- *Douglass v. Serenivision* (2018) 229 Cal.Rptr.3d 54, does not interpret the FAA or address *functus officio*. Instead, it analyzed whether a personal guarantor's action to vacate an award was timely. Moreover, that case did not involve proceedings after a final award. Instead, it dealt with whether the Court or arbitrator should decide whether an arbitration clause applies to a dispute.

- *Efund Capital Partners v. Mayor,* 2011 WL 1348874, should not be considered as Space Data is prohibited from citing it per Local Rule of Court 3-4(3). Regardless, in *Efund*, both parties sought attorney's fees awards from the arbitrator. Here, Hosie Rice did not seek post-award relief from Judge Robinson, but instead, opposed Space Data's request for such relief.

- *Hydrothermal Energy Corp. v. Fort Bidwell Indian Cmty. Counsel* (1985) 216 Cal.Rptr.59, did not deal with *functus officio*. Moreover, the citation offered is actually from *Kemper v. Schardt* (1983) 143 Cal.App.3d 557, which held only that a party who participated in an arbitration could not thereafter seek judicial relief on the basis that the arbitration agreement was fraudulently induced and therefore invalid because he had willingly participated in the arbitration instead of seeking to restrain the judicial proceedings by filing a petition in California superior court.

- *Legion Ins. Co. v. VCW, Inc.* (8th Cir. 1999) 198 F.3d 718, did not address consent to further jurisdiction. Instead it addressed whether the Eighth Circuit should create an exception to *functus officio* to allow an arbitrator to clarify a final award that was incomplete because it failed to address a post-award contingency. It did not address whether the parties in that case had consented to post-award jurisdiction.

- *Play Star, S.A. De C.V. v. Haschel Exp. Corp.,* 2011 WL 1961625, should not have been cited per Local Rule of Court 3-4(3). Regardless, that case supports Hosie Rice's position as the Court held that a party that consented to allow an arbitrator to amend his decision to provide a reasoning for the award that "may change the outcome" did not consent to a revised award that was ten-times greater than the original award.

Even if the Ninth Circuit did recognize consent or waiver as an exception to

HOSIE RICE LLP'S CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND OPPOSITION TO AMENDED PETITION TO VACATE ARBITRATION AWARD

*functus officio,* Space Data cannot establish that Hosie Rice consented to allow Judge Robinson to revise the final award she issued on February 18, 2020.  In fact, Hosie Rice consistently objected to Judge Robinson's jurisdiction to reconsider or modify her previous findings and the Final Award.

In its March 26, 2020 response to Judge Robinson's request for a response to Space Data's request for relief, Hosie Rice stated that there had been complications in getting NERA paid, and that the firm was trying to finalize payment without the Court's involvement.  Contrary to Space Data's claim in the petition, Hosie Rice never stated that "its response would not raise substantive disagreements with Space Data's requests to involve the arbitrator in getting NERA paid."  Instead, it stated only that Space Data's recitation of the parties' efforts post-award efforts was relatively fair, and thus, there was not a substantive disagreement about the facts.  Nothing in the email can be construed as consenting to Judge Robinson reopening the arbitration to modify or amend her previous award.  [Dkt. No. 9, Liebeler Dec., Ex. 9, March 26, 2010 email.]

In the April 11, 2020 email, Hosie Rice explicitly requested that Judge Robinson not issue an order and allow Hosie Rice to resolve the payment owed to NERA.  The firm did not consent to Judge Robinson modifying her previous order but instead, requested the judge not order the relief sought by Space Data.  Although Hosie Rice agreed to pay Judge Robinson's fees for having to address the issue in the hopes of bringing closure to the issue, the firm did not agree that Judge Robinson could modify the Final Award.  [Dkt. No. 9, Liebeler, Ex. 11, April 11, 2020 McMonigle email.]

Nor did Hosie Rice acknowledge Judge Robinson's continued jurisdiction in its May 19, 2020 email to Judge Robinson.  Instead, it objected to Judge Robinson's order and all relief sought with the exception of paying the arbitrator's fees that it had agreed to pay.  It also noted that Space Data had not provided any authority that would allow Judge Robinson to revise the findings in her Final Award. [Dkt. No. 10,

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

Liebeler, Ex. 19, May 19, 2020 McMonigle email.]

Finally, Hosie Rice did not consent to continued jurisdiction at the July 10, 2020 hearing.  Space Data points to an incomplete quote from Hosie Rice's counsel as evidence that the firm consented to jurisdiction in response to Judge Robinson's question regarding the line the firm is drawing regarding her jurisdiction.  The entire quote is included below.

> Well I guess the line we're drawing is that in terms of resolving the outstanding dispute about just ensuring that NERA's paid consistent with the order, that there is some jurisdiction there.  **We don't think there's jurisdiction to go back and modify the order.**
>
> **And I think – I guess the way I would this is, as you said, Hosie Rice has been involved in these hearings and emails back and forth with you about getting NERA paid and trying to do that.  I think that's far different than saying, Your Honor, we think you should take in evidence of the last six months and go back and modify the award you already rendered.**
>
> **And, you know, if – so I guess that's – that's where Hosie Rice comes out on that issue.  It's not clear – I think it's quite clear that there's no jurisdiction to go modify the award.**  [Liebeler Decl., Ex. 23, Hearing Transcript, pp. 44:20-45:13, the **emphasized** language was omitted from Space Data's petition (See, p. 11:10-20.)]

Clearly, Hosie Rice never conceded that the arbitrator had jurisdiction to do anything beyond confirming Hosie Rice's commitment to pay the post-award arbitration fees and up to approximately $40,000 on attorney's fees.  Instead, it stated unequivocally that Judge Robinson did not have the power to reconsider the merits of the final award and that a final award had been rendered in the arbitration.  [Dkt. No. 10, Liebeler, Ex. 23, Hearing Transcript, pp. 42:5-17; 44:20-45:13.]

Finally, JAMS' conduct did not belie its determination that Judge Robinson lacked jurisdiction to modify her previous order.  Judge Robinson recognized as early as April 29, 2020 that it was questionable whether she continued to have

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

22                                          Case No. 4:20-cv-08256-JSW
HOSIE RICE LLP'S CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND OPPOSITION TO AMENDED
PETITION TO VACATE ARBITRATION AWARD

1    jurisdiction in the matter.  [Sullivan Dec., ¶4, Ex. B, April 29, 2020 Robinson email.]

2    Her jurisdiction was the main argument raised by Hosie Rice in advance of the July

3    10, 2020 hearing and was discussed extensively at the hearing.  [Liebeler, Ex. 23,

4    Hearing Transcript, pp. 44-47.]  Judge Robinson then refrained from issuing any type

5    of ruling for over one month before JAMS notified the parties that Judge Robinson

6    would not be making any ruling because she had already issued a Final Award.

7    [Liebeler, Ex. 24, JAMS August 14, 2020 Notice.]

8           **D.    Judge Robinson Could Not Override *Functus Officio* By Declaring
                    She Had Continued Jurisdiction**

9

10          Space Data's final argument is that despite the *functus officio* doctrine, Judge

11   Robinson could determine she had jurisdiction over the post-arbitration dispute

12   regarding NERA.  Space Data's contention is nonsensical.  It would allow an

13   arbitrator to avoid the *functus officio* doctrine simply by determining the he or she

14   has jurisdiction.  Such a rule would gut the doctrine.

15          The cases that Space Data cites for this proposition are not persuasive.  In

16   *McKinney Restoration Co., Inc. v. Illinois Dist. Council No. 1 of Intern Union of*

17   *Bricklayers and Allied Craftworkers* (7th Cir. 2004) 392 F.3d 867, the case cited by

18   Space Data, the Court did not address *functus officio*.  The Court looked not to the

19   arbitrator's post-award conduct to determine whether the arbitrator continued to have

20   jurisdiction over the matter but to the actual award to determine whether the

21   arbitrator believed it was final.  In finding that the award was final, the court noted

22   that nothing in the award indicated that the arbitrator believed any issues remained to

23   be decided and that the award determined liability and imposed a remedy.

24          Here, the February 18, 2020 award is labeled "Final Award."  [Dkt. No. 11,

25   Liebeler Ex. 25, Final Award.]  It states that the "The interim award was fashioned to

26   bring this dispute to a close by using the ███████Space Data-Google settlement as

27   the source of the payment, reserving at least ███████ of such for Space Data and

28   paying Hosie Rice for its services through July 11, 2019."  [*Id.*]  Judge Robinson

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

23                                        Case No. 4:20-cv-08256-JSW
HOSIE RICE LLP'S CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND OPPOSITION TO AMENDED
PETITION TO VACATE ARBITRATION AWARD

wrote that she understood that the parties had been able to reach an agreement on the amounts due to Hosie Rice.  [*Id.*]  It then states "Therefore, the award issue on January 16, 2020 is now deemed the final award, with no further proceedings in the arbitration needed."  [*Id.*]  Clearly, Judge Robinson believed that the award was final.  See also, *Mike Rose's Auto Body, Inc.* 289 F.Supp.3d at 687.

The second case Space Data cites, *Millmen Local 550, United Broth. Of Carpenters & Joiners of Am., AFL-CIO v. Wells Exterior Trim* (9th Cir. 1987) 828 F.3d 1373, did not address the *functus officio* doctrine.  That case dealt with whether a district court had jurisdiction to review an award in which the arbitrator had decided liability but had had not determined a remedy.  *Id.* at 1374.  Here, Judge Robinson determined a remedy and stated that no further proceedings were necessary.

Finally, Plaintiffs point to Judge Robinson's May 26, 2020 order and statements at the July 10, 2020 hearing as evidence that she had jurisdiction over post-hearing issues.  The order and statements are not binding, however, for two reasons.  First, the findings and remedies in that order were never included in a final award.  Second, Judge Robinson lacked jurisdiction to make further findings under the *functus officio* doctrine because she had already issued a final award.

**E.   Space Data Should Be Estopped From Petitioning To Vacate Given Its Acceptance Of The Benefit Of The Arbitration Award**

Space Data's attempt to vacate the arbitration award must also be denied on the ground that Space Data received the ███████ payment due to it under the Final Award.   Space Data plainly evidenced its acceptance of the terms of the Final Award when it accepted the ███████ payment, and thereby waived any possible argument that the there was a basis to vacate the award under any of the factors set forth in 9 U.S.C. §10.  Moreover, under principles of equitable estoppel, Space Data cannot now be heard to object to the award, contradicting its prior acceptance.  *See, e.g.*, *Mundi v. Union Sec. Life Ins. Co.* (9th Cir. 2009) 555 F.3d 1042, 1045.

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

24                                          Case No. 4:20-cv-08256-JSW
HOSIE RICE LLP'S CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND OPPOSITION TO AMENDED
PETITION TO VACATE ARBITRATION AWARD

**F.     If The Court Does Not Vacate The Award, It Should Grant The Cross-Motion To Confirm The Award And Enter Judgment Accordingly**

9 U.S.C. §9 provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribes in sections 10 and 11 of this title.  If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within such award is made.

Under the terms of section 9 of the FAA, "a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or correct 'as prescribed' in §§10 and 11."  *Hall Street Associates, L.L.C.,* 552 U.S. at 582.

Space Data has petitioned to vacate the award in this action.  If the Court denies the petition to vacate the award, Hosie Rice requests that it confirm the award and enter judgment according to it.

## IV.     CONCLUSION

The Court's discretion to vacate an arbitration award is limited to the bases set forth in Section 10 of the FAA.  Space Data has not met its burden to establish that the February 18, 2020 award is not final.  The Court should refuse to vacate the award.  Instead, it should confirm the award and enter judgment according to it.

Dated:  January 8, 2021.                    LONG & LEVIT LLP

_____
JOSEPH P. MCMONIGLE
JOHN B. SULLIVAN
DAVID S. MCMONIGLE
Attorneys for Respondent
HOSIE RICE LLP

4837-9182-0502, v. 1

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

25                                    Case No. 4:20-cv-08256-JSW
HOSIE RICE LLP'S CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND OPPOSITION TO AMENDED PETITION TO VACATE ARBITRATION AWARD