JOSEPH P. MCMONIGLE, Bar No. 66811
JOHN B. SULLIVAN, Bar No. 238306
DAVID S. MCMONIGLE, Bar No. 258980
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, California 94104
Telephone:   (415) 397-2222
Facsimile:   (415) 397-6392
Email:        jmcmonigle@longlevit.com
              jsullivan@longlevit.com
              dmcmonigle@longlevit.com

Attorneys for Respondent
HOSIE RICE LLP

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPACE DATA CORPORATION,<br><br>          Petitioner,<br><br>          v.<br><br>HOSIE RICE LLP,<br><br>          Respondent. | Case No. 4:20-cv-08256-JSW<br><br>**DECLARATION OF JOHN B. SULLIVAN IN SUPPORT OF CROSS MOTION TO CONFIRM AND OPPOSITION TO VACATE ARBITRATION AWARD**<br><br>Action Filed:  November 25, 2020 |

DECLARATION OF JOHN B. SULLIVAN IN SUPPORT OF CROSS MOTION TO CONFIRM AND OPPOSITION TO VACATE ARBITRATION AWARD

I, John B. Sullivan, declare as follows:

1.      I am an attorney at law duly licensed to practice law in the State of California. I am a partner of the firm Long Levit, LLP.  My firm, including Joe McMonigle, David McMonigle, and me represented Hosie Rice, LLP in its arbitration with Space Data Corporation and in this matter.  I have personal knowledge of the facts stated herein, and if called as a witness in this matter, I would and could testify competently to the following facts.

2.      The Honorable Sue Robinson (Ret.) served as the arbitrator.  She presided over a five-day hearing between November 18, 2019 and November 22, 2019 at JAMS, located at Two Embarcadero Center, San Francisco, California.

3.      Attached as Exhibit A is a true and correct copy of a February 10, 2020 email I received from Elizabeth Magana and Eric Liebeler's February 11, 2020 response.

4.      Attached as Exhibit B is a true and correct copy of an email I received from the Honorable Sue Robinson (Ret.) on April 29, 2020.

5.      On Friday, May 15, 2020, Space Data submitted an order to Judge Robinson.  Without any hearing or presentation of evidence by Hosie Rice, Judge Robinson issue an order that largely adopted the proposed order, purporting to make multiple findings and ordering Hosie Rice to pay NERA by May 22, 2020; pay Space Data an award for attorney's fees incurred since February 1, 2020; pay a $100,000 sanction; provide a list of all monies paid or owed to vendors; provide a full and complete accounting of the Google settlement funds; and appear for a deposition regarding the firm's payments and accounts with third party vendors, its representations to Space Data, and its use of the Google settlement proceeds.

6.      Attached at Exhibit C is a true and correct copy of an email I received from Judge Robinson on or about May 21, 2020.

7.      A true and correct copy of an email I received from David McMonigle on July 20, 2020 is attached hereto as Exhibit D.

DECLARATION OF JOHN B. SULLIVAN IN SUPPORT OF CROSS MOTION TO CONFIRM AND OPPOSITION TO VACATE ARBITRATION AWARD

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on January 8, 2021 at San Francisco, California.

_____

JOHN B. SULLIVAN

4829-8552-4950, v. 1

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

DECLARATION OF JOHN B. SULLIVAN IN SUPPORT OF CROSS MOTION TO CONFIRM AND OPPOSITION TO VACATE ARBITRATION AWARD

# EXHIBIT A

**Rizzardi, Jonathan**

| | |
|---|---|
| **From:** | Liebeler, Eric C. <eric.liebeler@stinson.com> |
| **Sent:** | Tuesday, February 11, 2020 11:49 AM |
| **To:** | Elizabeth Magana; Torgerson, Robert; Milliken, Christy M.; Woodruff, Jon M.; Francis, Carrie M.; McMonigle, Dave; McMonigle, Joseph; Sullivan, John |
| **Cc:** | Myers, Laurie |
| **Subject:** | RE: Hosie Rice LLP vs. Space Data Corporation - JAMS Ref No. 1100106722 |

Liz,

Dave McMonigle and I spoke earlier today.  On both clients' behalves, I'm authorized to say that the parties are working out a few final issues and do not believe Judge Robinson's assistance will be needed to complete that process; we hope to have those issues finalized by the end of this week.

Best regards,

Eric

**Eric C. Liebeler**
Partner

STINSON LLP
1775 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006-4605
Direct: 202.728.3006 \ Mobile: 202.999.6483 \ Bio

Assistant: Catherine Scott \ 202.728.3028 \ catherine.scott@stinson.com

**STINSON.COM**
This communication (including any attachments) is from a law firm and may contain confidential and/or privileged information.  If it has been sent to you in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose the contents to others.

**From:** Elizabeth Magana <EMagana@jamsadr.com>
**Sent:** Monday, February 10, 2020 7:21 PM
**To:** Torgerson, Robert <Robert.Torgerson@stinson.com>; Liebeler, Eric C. <eric.liebeler@stinson.com>; Milliken, Christy M. <christy.milliken@stinson.com>; Woodruff, Jon M. <jon.woodruff@stinson.com>; Francis, Carrie M. <carrie.francis@stinson.com>; dmcmonigle@longlevit.com; JMcmonigle@longlevit.com; jsullivan@longlevit.com
**Cc:** lmyers@longlevit.com
**Subject:** Hosie Rice LLP vs. Space Data Corporation - JAMS Ref No. 1100106722

**External Email – Use Caution**

Dear Counsel,

Judge Robinson would like to know whether counsel will require her assistance with calculating the final amounts. Please advise as soon as possible.

Thank you,
Liz



**Liz Magaña**
Case Manager

**JAMS - *Local Solutions. Global Reach.*™**
Two Embarcadero Center | Suite #1500 | San Francisco, CA 94111
P: 415-774-2649 | F: 415-982-5287
**www.jamsadr.com**

Follow us on **LinkedIn** and **Twitter**.

 Please consider the environment **before** printing this email.

# EXHIBIT B

**Rizzardi, Jonathan**

| | |
|---|---|
| **From:** | Sue L. Robinson <srobinson@farnanlaw.com> |
| **Sent:** | Wednesday, April 29, 2020 12:20 PM |
| **To:** | McMonigle, Dave |
| **Cc:** | Liebeler, Eric C.; emagana@jamsadr.com; Sullivan, John; Torgerson, Robert; Milliken, Christy M. |
| **Subject:** | RE:  Hosie Rice LLP v. Space Data, JAMS No. 1100106722 |

Dear Counsel:  You all have presented me with a difficult situation.  On the one hand, I am deeply troubled by the fact that there have been multiple inaccurate representations by Hosie Rice – both during and after the arbitral hearing - as to its payment of the NERA invoices.  On the other hand, I have not been given a satisfactory answer by Space Data as to whether it has ever been obligated to pay the NERA invoices and, if not, why this arbitration is an appropriate forum to resolve a dispute between Hosie Rice and NERA.  In trying to balance the equities, I have concluded that the first order of business is to see that NERA is paid – regardless of my questionable jurisdiction over the matter – since the untimely payment of the NERA invoices is the genesis of the parties' ongoing, post-award dispute.  If the checks identified by Mr. McMonigle clear and the NERA account is satisfied, then I will address any remaining issues Mr. Liebeler has to present, with input from Hosie Rice.  If the checks identified by Mr. McMonigle do not clear, I will ask Mr. Liebeler to draft an order for my consideration (including a basis for the order).  I remain cognizant of the fact that both parties were facing financial difficulties at the time of the underlying litigation, that a good deal of my time and your clients' money has been spent reaching the interim award, and that my continuing input is an ongoing cost.  I understand the lack of trust between these parties, but I remain hopeful that this matter can conclude in the near future with a minimum of help from me.  Perhaps simultaneous input to both parties from NERA would be appropriate.  Judge Robinson

**From:** McMonigle, Dave <dmcmonigle@longlevit.com>
**Sent:** Wednesday, April 29, 2020 2:03 AM
**To:** Sue L. Robinson <srobinson@farnanlaw.com>
**Cc:** Liebeler, Eric C. <eric.liebeler@stinson.com>; emagana@jamsadr.com; Sullivan, John <jsullivan@longlevit.com>; Torgerson, Robert <Robert.Torgerson@stinson.com>; Milliken, Christy M. <christy.milliken@stinson.com>
**Subject:** Re: Hosie Rice LLP v. Space Data, JAMS No. 1100106722

Judge Robinson and Counsel,

We understand that the process for addressing the NERA invoices has not been smooth, but we hope the attached and below represents that we have brought it to conclusion and that the time has come for the parties to move forward and on to other business. It was our hope to have more time to thoughtfully consider how to respond to the many points and accusations made, but we recognize we needed to first immediately update you as to status.

I believe counsel for Space Data agrees that there was a $128,000 payment to NERA on March 8, 2020.  We attach a statement of account from NERA dated 3/24/2020 reflecting that payment and an amount due of just over $449,000, including interest.  It also appears accurate that the checks dated 4/2 (Checks No. 12025-12028) totaling roughly $123,000 were cancelled, which occurred after Hosie Rice had issued checks addressing some of the same invoices.  We do not know why that occurred, but are informed that with Mr. Hosie's illness, the Shelter-In-Place, closure of the office, and Mr. Hosie's lack of access to the firm's accounting software while in Los Angeles, there have been difficulties related to communication and accounting as we have attempted to resolve this issue.  This is not perfect and without more information I can only focus on how it was resolved.

The replacement check for the first three invoices for roughly 75,000 was cashed and has cleared, leaving roughly $375,000 as the amount due to NERA.  Sent this week (yesterday and today) are two additional checks totaling that amount, one for 225,000 and one for just under 150,000.  We believe these address the amount due in its entirety and ask that Mr. Liebeler confirm clearance of these checks when then arrive and NERA processes the payment and that Hosie Rice is now current and relieved of any further obligation to NERA.

We would ask that we allow for this confirmation and the parties a chance to meet and confer before we determine whether its necessary to have the parties continue to litigate over existing grievances.  We know there is discord, but Space Data has never had an obligation NERA, Hosie Rice paid the obligation as it has always promised it would do, and Space Data received the funds it was entitled pursuant to the award From the firm's trust account.  We will not address each point at this juncture, but will disagree that miscommunications in this process support allegations regarding breaches of fiduciary obligations or breaches of trust.  We also find it inappropriate for Mr. Liebeler to opine that others within Hosie Rice should have managed this issue over the past weeks, especially Ms. Rice when he knows she is supporting her ailing husband in Los Angeles.

We apologize for our firm's inability to communicate accurate information in recent emails regarding the status of payment, but believe we have navigated difficult times to bring the NERA issue to a conclusion. In our view, it is time to move forward and on to other business.

We are of course available to discuss any of the above.

Very respectfully,

Dave

# EXHIBIT C

**Rizzardi, Jonathan**

| | |
|---|---|
| **From:** | Sue L. Robinson <srobinson@farnanlaw.com> |
| **Sent:** | Thursday, May 21, 2020 11:13 AM |
| **To:** | 'Liebeler, Eric C.'; Sullivan, John |
| **Cc:** | emagana@jamsadr.com; Milliken, Christy M.; Torgerson, Robert; McMonigle, Joseph; McMonigle, Dave |
| **Subject:** | RE: Hosie Rice LLP v. Space Data, JAMS No. 1100106722 |
| **Attachments:** | 1067_001.pdf |

Dear Counsel:  Upon further reflection and having considered the objections contained in Mr. McMonigle's May 19 email, I have revised the findings and order to an extent.  Unfortunately, working remotely has made it more difficult for me to communicate with you all, or do make my edits apparent.  I apologize for that.  To summarize my revisions, I have adopted some less aggressive language, have extended the deadlines, and have removed the monetary sanction for the moment.  As per the history of this matter, the resolution is less than perfect, as has the path to this resolution been a difficult one.  I stand ready to address questions and concerns, and certainly anticipate a status report by the new June 12 deadline.  Best regards, Judge Robinson

-----Original Message-----
From: Liebeler, Eric C. <eric.liebeler@stinson.com>
Sent: Tuesday, May 19, 2020 6:11 PM
To: Sullivan, John <jsullivan@longlevit.com>; Sue L. Robinson <srobinson@farnanlaw.com>
Cc: emagana@jamsadr.com; Milliken, Christy M. <christy.milliken@stinson.com>; Torgerson, Robert <Robert.Torgerson@stinson.com>; McMonigle, Joseph <jmcmonigle@longlevit.com>; McMonigle, Dave <dmcmonigle@longlevit.com>
Subject: RE: Hosie Rice LLP v. Space Data, JAMS No. 1100106722

Dear Judge Robinson,

Space Data objects.  Mr. McMonigle's letter of yesterday -- itself late after Hosie Rice missed the deadline they themselves set -- was a full and fair objection.  Given the record, there is no need for further briefing on this issue.

Best Regards,

Eric

_____
From: Sullivan, John [jsullivan@longlevit.com]
Sent: Tuesday, May 19, 2020 5:39 PM
To: Sue L. Robinson
Cc: emagana@jamsadr.com; Milliken, Christy M.; Torgerson, Robert; McMonigle, Joseph; Liebeler, Eric C.; McMonigle, Dave
Subject: RE: Hosie Rice LLP v. Space Data, JAMS No. 1100106722

Your Honor,

One follow up to Mr. McMonigle's email below.  If you are inclined to grant the proposed order, we would request an opportunity to be heard solely regarding the $100,000 punitive sanction "as a deterrent and to punish Hosie Rice."  We believe such a sanction on top of an attorney's fee award is excessive and unwarranted.  We request an opportunity to provide a 5-page brief regarding this issue by Friday, May 22, 2020.  Thank you for your consideration.

1

John


John B. Sullivan, Partner
415-438-4506

465 California Street, 5th Floor, San Francisco, CA 94104
Main: 415-397-2222   Fax: 415-397-6392
Email ⋮ Website ⋮ Résumé




Eric C. Liebeler
Partner

STINSON LLP
1775 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006-4605
Direct: 202.728.3006  \  Mobile: 202.999.6483  \  https://www.stinson.com/people-EricLiebeler

Assistant: Catherine Scott  \  202.728.3028  \  mailto:catherine.scott@stinson.com

http://www.stinson.com

-----Original Message-----
From: Liebeler, Eric C. [mailto:eric.liebeler@stinson.com]
Sent: Tuesday, May 19, 2020 1:01 PM
To: McMonigle, Dave; Sue L. Robinson
Cc: emagana@jamsadr.com; Sullivan, John; Milliken, Christy M.; Torgerson, Robert
Subject: RE: Hosie Rice LLP v. Space Data, JAMS No. 1100106722

Dear Judge Robinson,

Mr. McMonigle and I spoke briefly.  Space Data may be amenable to a few days' extension for Hosie Rice to gather and produce items (iii) and (iv) in the Court's order; Mr. McMonigle suggested that he will discuss with his client and get back to us on that point shortly.  Other than that, I note one typo from my draft order that propagated to yours, which is that there is a duplicate (ii) and a duplicate (iii) n the remedies listed, so those need to be renumbered correctly from (i) to (vii) in order.  I apologize for the error.

Other than those relatively minor points, Space Data has no reply to Hosie Rice's objection.

Best regards,

Eric

_____
From: McMonigle, Dave [dmcmonigle@longlevit.com]
Sent: Tuesday, May 19, 2020 12:17 PM
To: Sue L. Robinson
Cc: Liebeler, Eric C.; emagana@jamsadr.com; Sullivan, John; Milliken, Christy M.; Torgerson, Robert; Elizabeth Magana
Subject: Re: Hosie Rice LLP v. Space Data, JAMS No. 1100106722

External Email – Use Caution

Your Honor,

I most definitely appreciate the point, but having received this Friday evening without prior opportunity to review from counsel it was, candidly, a struggle to get input and turn around in a business day with an ill client and the disruptions of homeschooling.  I regret not asking for a few additional hours and appreciate your consideration of the objections, we of course welcome a reply from Mr. Liebeler.

Dave McMonigle
Sent from a phone.

On May 19, 2020, at 9:06 AM, Sue L. Robinson <srobinson@farnanlaw.com> wrote:


Dear Mr. McMonigle:  After weeks of missed deadlines, I will consider your email an objection to the order I have issued.  Mr. Liebeler may respond if he cares to.  Judge Robinson

From: McMonigle, Dave <dmcmonigle@longlevit.com>
Sent: Tuesday, May 19, 2020 12:00 PM
To: Sue L. Robinson <srobinson@farnanlaw.com>; Liebeler, Eric C. <eric.liebeler@stinson.com>
Cc: emagana@jamsadr.com; Sullivan, John <jsullivan@longlevit.com>; Milliken, Christy M. <christy.milliken@stinson.com>; Torgerson, Robert <Robert.Torgerson@stinson.com>; 'Elizabeth Magana' <EMagana@jamsadr.com>
Subject: RE: Hosie Rice LLP v. Space Data, JAMS No. 1100106722


Your Honor,


We apologize for delay, but have been waiting for approval of our response, which we just received moments ago.  We would ask the following be treated as objections for your consideration.


As we have in past communications, we accept that this has not been a smooth process and regret we have not been able to bring this matter to a conclusion.  We must however respond to Mr. Liebeler's proposed 11-page finding and order setting forth six different remedies, including an award of fees to Space Data plus an additional $100,000 punitive sanction, and object to certain portions based on the nature of this proceeding and a broader view of the facts.


Although we do not object to including a recitation of the post-arbitration communications regarding payments to NERA, we do not believe it is appropriate to only list the dates of Stinson communications in a vacuum.  We also do not believe it would be appropriate to for Your Honor to make findings regarding the veracity of statements made by Mr. McMonigle or Ms. Rice.  Specifically as to Mr. McMongile, to make findings that counsel's statements in an arbitration are "false" six months after the arbitration occurred would serve no purpose other than to chill advocacy.  It would also encourage never ending litigation by encouraging parties to file motions seeking "findings" that counsel made false statements.  Space Data does not cite to any authority that would allow an arbitrator who has issued an award to revise

her findings and the award based on a post-award dispute.  Your Honor can issue a ruling regarding this post-arbitration dispute without going back and making new "findings" that do not meaningfully advance this matter.

If your Honor is inclined to make findings regarding the veracity of the statements identified by Mr. Liebeler as false, we would ask that Your Honor consider the difference between statements made related to: (1) what occurred during the attorney client relationship; (2) the testimony and argument at the arbitration; and (3) what occurred after with regard to the payment of NERA's bill.  We recognize there are unexplained issues related to the payment of NERA, but disagree there is evidence supporting a finding that there were misrepresentations made during the representation or the proceeding.

During the representation, Space Data knew full well that Hosie Rice invested significant hours and hard dollar costs in the case and that it was obligated to pay Hosie Rice's fees and reimburse costs pursuant to the attorney client fee agreement.  Throughout the representation, Space Data did not timely address the invoices and Hosie Rice's AR continued to climb at great financial detriment to the firm.  SDC's failure to reimburse litigation expenses in a timely manner was a financial drain on Hosie Rice.   We revisit this piece of our litigation to state that SDC was not occupying any sort of high ground in September 2018 and there is no justification for revisiting a statement made by HR concerning amounts due in September 2018.  This was previously litigated.  Moreover, the email cited does not state that the monies would all be used for NERA invoices.  It states that Hosie Rice can no longer fund SDC's litigation and that monies to be paid so as to avoid jeopardizing the case and the financial stability of its law firm.  That is not a false statement that warrants Your Honor's attention.

As to the arbitration itself, there was in fact a number of statements made regarding the advanced costs being over a million dollars.  The only testimony cited, as opposed to a pleading or argument from counsel, is Ms. Rice's.  Ms. Rice testified that it was representative of costs advance, which was true.  On cross-examination, she stated she was unable to identify  any vendor that had not been fully paid, which was also true to her knowledge.   As she also testified, Mr. Hosie runs all aspects of the firm and is responsible for the payments made to vendors such as NERA.  As to his knowledge, he was not asked whether there were amounts due to NERA at the time of the arbitration.  Mr. Hosie did state that it advanced very significant sums on behalf of Space Data and the firm has at all times acknowledged that the expert witness expenses are the firm's obligation and not SDC's.  The Proposed Findings state "During the arbitration, Hosie Rice testified that the firm had already advanced funds to pay NERA, and I find that testimony to be false."  The statement is in fact true, they had advanced costs to NERA throughout the litigation.  To the extent Hosie Rice's presentation conflated amounts due and owed by Hosie Rice rather than previously paid, Hosie Rice asserts the statements were made to illustrate that it had assumed an obligation of well over a million dollars and had paid out vast amounts of its own capital for the benefit of SDC.   It has never made a statement renouncing its obligations to NERA or any other vendor it claims it advanced costs to throughout the litigation, and did not make a knowing misstatement of fact when doing so.

As for post-award statements, Hosie Rice will continue to abide by its prior statements and contractual obligations by funding its NERA obligation.  There have been significant administrative challenges for the firm since the award given the shelter-in-place and Mr. Hosie's very serious health issues.  As a result, statements regarding forthcoming payments have not come to fruition.   Hosie Rice has been and is funding the NERA obligation, and will continue to do so.  Mr. Hosie is making every effort with the energy and focus he can muster to bring this matter current.   That said, because the circumstances that have unfolded are not consistent with the January 30 agreement between Mr. Torgerson and

myself regarding the parties' handling of the settlement monies at issue in the arbitration, we understand the need for Your Honor to issue an order.

Before we raise specific objections, we note that SDC still has articulated no harm by the delayed payments to NERA in the Google litigation or otherwise.  SDC has made an issue out of a contract between Hosie Rice and NERA, which is being addressed with six-figure payments while the principal of the law firm is suffering from cancer, travelling to Los Angeles to address dire health circumstances, and attempting to coordinate payments without the benefit of going to the office and working with staff to address the issues in a methodical way.   Though we understand the issue related to the passage of time following the McMonigle-Torgerson email cited by counsel, the fact is the case remains on appeal, payments are being made, counsel is diligently attempting to resolve the issue, and NERA has not asserted  a claim against Hosie Rice, let alone Space Data, that would implicate Hosie Rice's failure to address all outstanding invoices at this moment.   Hosie Rice has unequivocally stated it is responsible for the amounts due, which is consistent with the contract:

<image001.jpg>

Based on this language, we are at a loss to understand the risk to Space Data other than the speculative, and extraordinarily unlikely circumstance, that NERA would reject an opportunity to be paid by Stinson/SDC for future work on the matter should it be revived on appeal, assuming SDC can articulate harm on account of that rejection.

As to specifics of the proposed order, Hosie Rice objects as follows:

•        The timing set forth in (i) is not reasonable or justified.  We ask that Your Honor set a timetable that provides an opportunity to digest the order, comply with the order, and finalize outstanding amounts due to NERA or work out an agreement with same.  We would propose June 12, 2020.

•        Hosie rice objects to (ii) as it relates to (i) and asks that any consideration of additional remedies be subject to a hearing on the merits and consistent with the documents governing this proceeding.

•        Hosie Rice objects to (iii) as being unnecessary given the above and wildly inconsistent with the circumstances at issue.  Other than personal animus, there is no justification for requesting such an immense punitive punishment of an individual that did not provide false testimony and has been consumed by a life threatening illness during a time of unparalleled societal turbulence.  Moreover, Hosie Rice has never indicated that it will not pay NERA.  And, as far as we know, NERA has never threatened to seek payment from Space Date or informed Space Data that it will not perform further services until Hosie Rice pays the balance of the bill.

•       Hosie Rice objects to the second (iii) (actually iv) through (v – actually vi) as being unnecessary.  In the many months that Stinson has litigated the matter on behalf of SDC it has only identified the NERA invoices as being left unpaid.   An organizational deposition is an entirely unnecessary addition to this litigation.


•       As to (vii), Hosie Rice understands it will be responsible for Your Honor's fees as to post-award issues.


We are available to discuss any of the above.


Dave


David S. McMonigle


415-438-4555



Eric C. Liebeler
Partner

STINSON LLP
1775 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006-4605
Direct: 202.728.3006 \ Mobile: 202.999.6483 \ https://www.stinson.com/people-EricLiebeler

Assistant: Catherine Scott \ 202.728.3028 \ mailto:catherine.scott@stinson.com

http://www.stinson.com

-----Original Message-----
From: Sue L. Robinson [mailto:srobinson@farnanlaw.com]
Sent: Tuesday, May 19, 2020 8:49 AM
To: Liebeler, Eric C.
Cc: McMonigle, Dave; emagana@jamsadr.com<mailto:emagana@jamsadr.com>; Sullivan, John; Milliken, Christy M.; Torgerson, Robert; 'Elizabeth Magana'
Subject: RE: Hosie Rice LLP v. Space Data, JAMS No. 1100106722

Dear Counsel:  Having received no further response from Hosie Rice, I have attached findings and an order that I have executed which substantially adopts the draft proposed by Mr. Liebeler.  I remain available to help bring this matter to a close.  Cordially, Judge Robinson


-----Original Message-----

From: Sue L. Robinson <srobinson@farnanlaw.com<mailto:srobinson@farnanlaw.com>>

Sent: Saturday, May 16, 2020 8:23 AM

To: Liebeler, Eric C. <eric.liebeler@stinson.com<mailto:eric.liebeler@stinson.com>>

Cc: McMonigle, Dave <dmcmonigle@longlevit.com<mailto:dmcmonigle@longlevit.com>>; emagana@jamsadr.com<mailto:emagana@jamsadr.com>; Sullivan, John <jsullivan@longlevit.com<mailto:jsullivan@longlevit.com>>; Milliken, Christy M. <christy.milliken@stinson.com<mailto:christy.milliken@stinson.com>>; Torgerson, Robert <Robert.Torgerson@stinson.com<mailto:Robert.Torgerson@stinson.com>>

Subject: Re: Hosie Rice LLP v. Space Data, JAMS No. 1100106722


Dear Mr. Liebeler:  I am in receipt and will review.  Best, Judge Robinson


Sent from my iPad


> On May 15, 2020, at 5:13 PM, Liebeler, Eric C. <eric.liebeler@stinson.com<mailto:eric.liebeler@stinson.com>> wrote:

>

> Dear Judge Robinson,

>

> I attached proposed findings and an order from Space Data.  I've attached the file in word so that you can edit it as you see fit.  There are also two attachments:  one is an email exchange between Mr. Torgerson and Mr. McMonigle on January 30 of this year and another is an account statement from NERA from March of this year showing a payment history.

>

> Best regards,

>

> Eric

> Eric C. Liebeler

> Partner

>

> STINSON LLP

> 1775 Pennsylvania Avenue NW, Suite 800 Washington, DC 20006-4605

> Direct: 202.728.3006 \ Mobile: 202.999.6483 \

> https://www.stinson.com/people-EricLiebeler

>

> Assistant: Catherine Scott \ 202.728.3028 \

> mailto:catherine.scott@stinson.com

>

> http://www.stinson.com

>

>

> This communication (including any attachments) is from a law firm and may contain confidential and/or privileged information.  If it has been sent to you in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose the contents to others.

>

>

>

> <SDC Proposed Findings and Order.docx>

> <3-24-20 NERA account Statement (1).pdf> <McMonigle 1.30.2020

> Email.pdf>

# EXHIBIT D

**Rizzardi, Jonathan**

---

| | |
|---|---|
| **From:** | McMonigle, Dave |
| **Sent:** | Monday, July 20, 2020 4:01 PM |
| **To:** | Sue L. Robinson; Liebeler, Eric C. |
| **Cc:** | emagana@jamsadr.com; Sullivan, John; Milliken, Christy M.; Torgerson, Robert |
| **Subject:** | RE: Hosie Rice - Space Data |
| **Attachments:** | Confession of Judgment.pdf; Certificate of Independant Counsel.pdf |

Your Honor,

Attached is the balance of the documentation of the agreement with NERA as a follow up to Mr. Sullivan's Friday correspondence.

Dave

David S. McMonigle

415-438-4555


-----Original Message-----
From: Sue L. Robinson [mailto:srobinson@farnanlaw.com]
Sent: Saturday, July 18, 2020 4:54 AM
To: Liebeler, Eric C.
Cc: emagana@jamsadr.com; Sullivan, John; McMonigle, Dave; Milliken, Christy M.; Torgerson, Robert
Subject: Re: Hosie Rice - Space Data

Thank you for your response, Mr. Liebeler.

Sent from my iPad

> On Jul 17, 2020, at 9:14 PM, Liebeler, Eric C. <eric.liebeler@stinson.com> wrote:
>
> Dear Judge Robinson:
>
> Despite counsel's representation at the July 10 hearing that Hosie Rice would comply with your Honor's May 26 order, Hosie Rice remains out of compliance with that order.  The order does not instruct Hosie Rice to negotiate yet another promise of forthcoming payment to NERA, but rather to pay NERA in full.  It also obliges Hosie Rice to do five other things, none of which it has done.
>
> Nor does the agreement Mr. Sullivan forwarded earlier today comply with your Honor's order to pay NERA.  Hosie Rice may or may not actually pay NERA, and if the firm does not, Space Data may need Ms. Meyer's testimony in a situation where the debt to NERA remains owing.   Whether or not NERA has contractually waived any rights it has against Space Data, it is easy to see how an outstanding debt might impact Ms. Meyer's preparation or testimony.  Put a little differently, Hosie Rice's conduct creates a potential conflict between Ms. Meyer and Space Data down the road.
>
> At the same time Hosie Rice has failed to comply with your Honor's order, the firm is maintaining what seems to be a thriving law practice:  since February 28, 2020, Hosie Rice has filed two new federal cases and is actively litigating at least seven cases.  Of the 198 total docket items in those seven cases, Hosie Rice has filed 54 – one filing every three

days, more or less.  Three of those docket items are initial or amended complaints in what appear to be complex trade secret or intellectual property cases.  Those complaints comprise 108 pages of text and 258 pages of exhibits.  Mr. Hosie personally signed all three complaints and 33 of the 54 docket items.  The firm has also conducted at least two and potentially as many as six hearings – including a public hearing yesterday, July 16, in which Mr. Hosie participated personally via Zoom.  He was not visibly ailing.

>

> It defies belief that Hosie Rice is maintaining an active practice without access to the accounting or finance systems it claims to need to comply with your Honor's May 26 order.  Filing fees need to be paid; transcripts ordered; salaries paid, records kept, and the like.  All this activity belies the claim, Tr. at 37, that someone's physical presence in the Hosie Rice office is required to comply with your Honor's order.  We simply do not believe that is true given the scope of the firm's recent activity that is available from public records.  It also defies belief that the firm hasn't had the time to comply. Mr. Hosie's email to NERA (attached to Mr. Sullivan's letter earlier today) says "crazy busy and all remote," which suggests that Mr. Hosie and his firm have been devoting time to litigating other issues rather than somehow being paralyzed by an inability to physical access the Hosie Rice office space.  If Hosie Rice has time to file three lengthy complaints, the firm has had sufficient time to comply all six components with your Honor's order.

>

> Nor is there any reason to think that Mr. Hosie personally need be involved with the relatively small effort required to comply.  Name partner Diane Rice certainly has access to the firm's software systems, and your Honor will recall Hosie Rice's April 11 letter, in which Hosie Rice partially blamed office manager Jerry Shaw for firm's failure to pay the entire amount the firm owed NERA.  That suggests that Mr. Shaw also has access to the same.

> Contrary to the impression advanced at the July 10 hearing that the firm's attempts to comply with the order have been stymied by Mr. Hosie's health and stay-at-home Covid-19 orders, Hosie Rice's refusal to comply with the order is a deliberate choice.  If the firm were actually unable (as opposed to unwilling) to comply with your Honor's May 26 order, Hosie Rice could have and should have submitted an affidavit prior to the deadlines set forth in the order, explaining its reason for the delay and seeking an extension.  Instead, just as with the multiple promised payments to NERA, Hosie Rice's conduct has been affirmatively calculated to obfuscate and mislead.  Just as Hosie Rice promised full payment to NERA, then abruptly cancelled its checks without notice or explanation, so too should your Honor regard Hosie Rice's claimed willingness to comply as mere lip service.  Hosie Rice has failed to comply with your Honor's order for almost eight weeks, and has been in open defiance of that order for over a month.  In a federal court, terminating sanctions might well be in order.

>

> At the July 10 hearing, the firm made no showing whatsoever of what actually happened to the Google trust money. Other than shallow admissions that the situation was "not right" (Tr. At 32) and "imperfect," (Tr. At 33), Hosie Rice has never attempted to explain what happened to the Google settlement money it held in trust for NERA or why that money was not paid to NERA when it should have been.  It seems as though Hosie Rice's counsel haven't even asked their client that question, see Tr. 50 ("we haven't pried"), and counsel certainly never addressed that issue at the hearing.

>

> We ask your Honor to take these facts into account in your final award. We also ask that the exhibits we submitted for the July 10 hearing be made part of the arbitral record.  We have no objection to the attachment to Mr. Sullivan's letter of today also being added to the arbitral record.

> Eric C. Liebeler

> Partner

>

> STINSON LLP

> 1775 Pennsylvania Avenue NW, Suite 800 Washington, DC 20006-4605

> Direct: 202.728.3006  \  Mobile: 202.999.6483  \

> https://www.stinson.com/people-EricLiebeler

>

> Assistant: Catherine Scott  \  202.728.3028  \

> mailto:catherine.scott@stinson.com

>

> http://www.stinson.com

>

>

> This communication (including any attachments) is from a law firm and may contain confidential and/or privileged information.  If it has been sent to you in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose the contents to others.

>

>

>