JOSEPH P. MCMONIGLE, Bar No. 66811
JOHN B. SULLIVAN, Bar No. 238306
DAVID S. MCMONIGLE, Bar No. 258980
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, California 94104
Telephone:  (415) 397-2222
Facsimile:   (415) 397-6392
Email:       jmcmonigle@longlevit.com
             jsullivan@longlevit.com
             dmcmonigle@longlevit.com

Attorneys for Respondent
HOSIE RICE LLP

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPACE DATA CORPORATION,<br><br> Petitioner,<br><br>v.<br><br>HOSIE RICE LLP,<br><br> Respondent. | Case No. 4:20-cv-08256-JSW<br><br>**DECLARATION OF SPENCER HOSIE IN SUPPORT OF HOSIE RICE LLP'S CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND OPPOSITION TO AMENDED PETITION TO VACATE ARBITRATION AWARD**<br><br>Action Filed:  November 25, 2020 |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

Case No. 4:20-cv-08256-JSW

DECLARATION OF SPENCER HOSIE IN SUPPORT OF HOSIE RICE LLP'S CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND OPPOSITION TO AMENDED PETITION TO VACATE ARBITRATION AWARD

JOSEPH P. MCMONIGLE, Bar No. 66811
JOHN B. SULLIVAN, Bar No. 238306
DAVID S. MCMONIGLE, Bar No. 258980
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, California 94104
Telephone:  (415) 397-2222
Facsimile:   (415) 397-6392
Email:        jmcmonigle@longlevit.com
                  jsullivan@longlevit.com
                  dmcmonigle@longlevit.com

Attorneys for Respondent
HOSIE RICE LLP

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPACE DATA CORPORATION,<br><br>       Petitioner,<br><br>v.<br><br>HOSIE RICE LLP,<br><br>       Respondent. | Case No. 4:20-cv-08256-JSW<br><br>**DECLARATION OF SPENCER HOSIE IN SUPPORT OF HOSIE RICE LLP'S CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND OPPOSITION TO AMENDED PETITION TO VACATE ARBITRATION AWARD**<br><br>Action Filed:  November 25, 2020 |

I, Spencer Hosie, declare as follows:

1. I am an attorney at law duly licensed to practice law in the State of California. I am a partner of the firm Hosie Rice LLP, where I concentrate my practice on intellectual property, antitrust, energy, and business tort litigation. I have personal knowledge of the facts stated herein, and if called as a witness in this matter, I would and could testify competently to the following facts.

2. Hosie Rice LLP is a California limited liability partnership with its sole office in San Francisco, CA. I, and the firm's only other partner, Diane Rice, are both domiciled in California.

3. In March 2017, we entered our appearance as Space Data counsel, replacing the Pillsbury firm. I understand that the Pillsbury firm also has claimed to be owed substantial fees by Space Data related to the underlying Google action. We carefully negotiated a "hybrid" representation agreement, with reduced hourly fees due monthly, plus a reduced contingency.

4. From March 2017 through July 2019, we represented the client zealously. The *Space Data Corporation v. Google, Inc.* case was complex, and Google fought every issue with great vigor (as—in our experience—is its practice). Over the years of litigation, there were many dozens of days of deposition, close to 60 motions, and millions of pages of documents exchanged. It was in every way a massively complex and time-consuming patent and trade secret case.

5. By early 2019, the relationship between me and the Space Data C.E.O., Jerry Knoblach was strained. From the month Knoblach signed the Representation Agreement forward, Space Data failed to pay its bills. This became a constant problem, with Space Data often close to a year and seven figures delinquent. This caused considerable tension.

6. By early 2019, Jerry Knoblach was forwarding emails suggesting that the Google case had a settlement value of perhaps $1 billion. As counsel, we strongly disagreed with Knoblach's settlement analysis and valuation. We so stated

1  in numerous memoranda, which we sent to Knoblach and the Space Data Board.
2  While Jerry Knoblach's father was the majority Space Data shareholder, there were
3  numerous minority shareholders who had invested millions of dollars in the
4  company.

5      7.    Throughout the spring, Jerry Knoblach sought counsel offline from one
6  of his oldest friends and college roommate, Eric Liebeler.  Liebeler had been an in-
7  house lawyer for many years, and had recently joined the Stinson firm in
8  Washington, D.C.  Liebeler is not a patent lawyer.

9      8.    By early July, Knoblach and the Space Data Board directed Hosie
10 Rice—its outside counsel and the only Space Data counsel on the docket—to
11 communicate on settlement only with Liebeler.  Liebeler would then brief Knoblach
12 outside of Hosie Rice's presence and then purport to relay the Knoblach's views to
13 Hosie Rice. We objected to this unusual and dangerous protocol, but to no avail.

14     9.    After unstinting work, we reached a settlement of the Google trade
15 secret claims in late July 2019 that also permitted Space Date to pursue an appeal of
16 a prior summary judgment decision regarding its patent claims.  I understand that
17 Stinson handled the appeal and that Space Data did not prevail.  As of the date of the
18 settlement, Space Data owed Hosie Rice [redacted] in long-accrued but unpaid
19 hourly fees and costs.  Within days of the settlement, it became clear that Space Data
20 did not intend to pay the firm its fees.

21     10.    In early August, we filed a fee arbitration to be paid.

22     11.    After a many month arbitration, the Arbitrator awarded the Firm most
23 but not all of its accrued but unpaid hourly fees and costs—[redacted] of the [redacted]
24 [redacted] due.  This ruling meant that the Firm was out-of-pocket on [redacted] of
25 expended time (at a cover-the-cost break-even discounted rate) and outside costs.  As
26 a consequence, the Firm then had to go out-of-pocket to pay costs due.  It did.  This

28 //

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

3    Case No. 4:20-cv-08256-JSW

included paying approximately $350,000 to Nera in April and May.  The firm also entered a promissory agreement to pay the remaining $225,000 owed.  Hosie Rice and NERA agreed in the document that the amount owed is Hosie Rice's obligation and not a Space Data obligation.  To my knowledge, NERA has not made any demands of Space Data for that outstanding amount.

12.   Shortly after Judge Robinson issued the Final Award, Hosie Rice distributed to Space Data the ███████ it was entitled to under the Final Award.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on January 8, 2021 at Ketchum, Idaho.

_____
SPENCER HOSIE

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

4                                    Case No. 4:20-cv-08256-JSW