UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPACE DATA CORPORATION,<br><br>Petitioner,<br><br>v.<br><br>HOSIE RICE LLP,<br><br>Respondent. | Case No. 20-cv-08256-JSW<br><br>**ORDER DENYING PETITION TO VACATE ARBITRATION AWARD AND GRANTING CROSS-MOTION TO CONFIRM ARBITRATION AWARD**<br><br>Re: Dkt. No. 6 |

Now before the Court for consideration is the petition to vacate the arbitration award filed by Petitioner Space Data Corporation ("Space Data"). Respondent Hosie Rice LLP ("Hosie Rice") opposes Space Data's petition and cross-moves to confirm the arbitration award. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and for the reasons set forth below, the Court DENIES the petition to vacate and GRANTS the cross-motion to confirm the arbitration award.

**BACKGROUND**

From March 2017 to August 2019, Hosie Rice represented Space Data in an underlying lawsuit.[1] (*See* Dkt. No. 8-1, Declaration of Eric Liebeler ("Liebeler Decl."), Ex. 2 ("Interim Award").) The financial constraints of the litigation created tension in the parties' attorney-client relationship. (*Id.* at 2.) In late July 2019, Space Data reached a settlement in the underlying litigation. (*Id.* at 11-12.) Shortly after, on August 6, 2019, Space Data terminated Hosie Rice's representation. (*Id.* at 13.) Thereafter, Hosie Rice initiated the underlying arbitration proceeding

---

[1] The Court does not discuss the facts of the underlying lawsuit at length. The following summary, however, is taken from the Arbitrator's factual findings stated in the Interim Award and later adopted as the Final Award.

1  under the JAMS Streamlined Arbitration Rules and Procedures seeking to collect deferred fees
2  and costs from its former client, Space Data. (*Id.* at 1, 14.) Space Data counterclaimed on several
3  grounds and sought a complete disgorgement of fees already paid to Hosie Rice. (*Id*. at 14.)
4      Judge Sue Robinson (Ret.) ("the Arbitrator") presided over a five-day hearing and issued
5  an Interim Award on January 16, 2020. In the Interim Award, the Arbitrator ordered, among other
6  things, that: (1) Hosie Rice was to be paid in quantum merit for its fees and services rendered
7  through July 11, 2019; (2) the source of payment was to be the settlement award in the underlying
8  litigation; (3) Hosie Rice's fees and costs could not exceed a defined amount; (4) Hosie Rice was
9  required to provide Space Data its invoice for fees and costs through July 11, 2019; (5) once fees
10 and costs were determined and paid to Hosie Rice, the firm was required to transfer Space Data
11 the reminder of the settlement fund within 30 days; (6) Hosie Rice was not entitled to any
12 additional contingency award; and (7) each party would bear its own fees and costs related to the
13 arbitration. (*Id.* at 20-21.) In a footnote in the Interim Award, the Arbitrator left open the
14 possibility of resolving issues related to the calculation of Hosie Rice's fees and costs: "As Hosie
15 Rice submitted its invoices on a regular basis . . . with no complaint from Space Data, I trust that
16 the amount due to Hosie Rice will be a simple calculation. If a dispute arises in this regard,
17 however, I will remain available to resolve it and have characterized this as an 'Interim Award' in
18 case the need for further proceedings arises." (*Id*. at 21 n.8.)
19     On February 10, 2020, following up on the footnote in the Interim Award, JAMS emailed
20 the parties to inquire whether they needed the Arbitrator's assistance with calculating the final
21 amounts due to Hosie Rice. (Liebeler Decl., Ex. 16.) Counsel for Space Data responded on behalf
22 of both parties the next day and stated, "the parties are working out a few final issues and do not
23 believe Judge Robinson's assistance will be need to complete the process; we hope to have those
24 issues finalized by the end of this week." (*Id.*) On February 14, 2020, Hosie Rice distributed the
25 amount to which Space Data was entitled under the Interim Award. (Dkt. No. 25-7, Declaration of
26 Spencer Hosie ("Hosie Decl.") ¶ 12.) On February 18, 2020, JAMS notified the parties that the
27 Arbitrator had rendered a Final Award and that the decision would be issued once the parties paid
28 all outstanding fees to JAMS. (Liebeler Decl., Ex. 16.) After receiving the email stating that the

Final Award was rendered, Space Data learned that Hosie Rice had not paid fees to NERA, one of the experts retained in the underlying litigation. (*Id.*, Ex. 15.) Space Data raised this issue to the Arbitrator on March 18, 2020. (*Id.*)

On May 26, 2020, after communicating with the parties regarding payment of NERA's fees, the Arbitrator executed a Second Amended Findings and Order. (Liebeler Decl., Ex. 5 ("Second Amended Findings").) In the Second Amended Findings, the Arbitrator characterized the issue as follows: "There is no dispute between Hosie Rice and NERA with respect to NERA's fees…[A]t no time, has Hosie Rice quarreled about the amount of those fees or their validity. Instead, Hosie Rice has misrepresented the payment status of NERA fees to this Arbitrator..." (*Id.*) As a result of Hosie Rice's misrepresentation regarding the payment of the fees, the Second Amended Findings imposed certain conditions on Hosie Rice with regard to payment of NERA and the fees incurred in connection with the NERA dispute. (*Id.* at 10-12.) The Arbitrator stated that if Hosie Rice did not comply, she would consider further remedies in Space Data's favor, including sanctions. (*Id.* at 11-12.)

Space Data then filed a request for modification of the interim award and/or attorneys' fees requesting that the Arbitrator modify the Final Award to impose sanctions on Hosie Rice in light of its misrepresentations and to require Hosie Rice to pay Space Data's attorneys' fees spent litigating the arbitration. (Liebeler Decl., Ex. 20 ("Request for Modification").) Hosie Rice objected to the Request for Modification and the Arbitrator's continuing jurisdiction over the matter. (Liebeler Decl., Ex. 21.) On July 10, 2020, the Arbitrator held a hearing to address issues arising out of the late payments to NERA and Hosie Rice's jurisdictional objections. (*See* Liebeler Supp. Decl., Ex. 6.)

On August 14, 2020, JAMS notified the parties that the Arbitrator had rendered the Final Award on February 18, 2020 and did not have further jurisdiction except to correct computational, typographical, or other similar errors. (Liebeler Decl., Ex. 24.) JAMS served the Final Award on the parties on August 20, 2020. (*Id.*, Ex. 25 ("Final Award").) The Final Award stated: "It is my understanding that the parties in this dispute, in fact, have been able to reach agreement on the amounts due to Hosie Rice. Therefore, the award issued on January 16, 2020 is now deemed the

3

final award, with no further proceedings in this arbitration needed." (*Id.*) The Final Award did not include the additional relief related to the NERA dispute that Space Data requested in its Request for Modification.

On November 20, 2020, Space Data filed the instant petition seeking to vacate the arbitration award and amended its petition on November 25, 2020. (Dkt. Nos. 1, 6.) Hosie Rice opposed and filed a cross-motion to confirm the arbitration award on January 8, 2021. (Dkt. No. 25.) On January 25, 2021, Space Data filed its reply, which was untimely. (*See* Dkt. Nos. 24, 26.)

The Court will address additional facts as necessary in the analysis.

## ANALYSIS

**A.    The Court Applies the Federal Arbitration Act.**

The Federal Arbitration Act ("FAA") applies to arbitration agreements "evidencing a transaction involving commerce." 9 U.S.C. § 2. Where a "transaction in fact involve[s] interstate commerce, even if the parties did not contemplate an interstate commerce connection," the FAA is applicable. *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 281 (1995) (internal quotation marks omitted).

"[T]he strong default presumption is that the FAA, not state law, supplies the rules for arbitration." *Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1269 (9th Cir.), *opinion amended on denial of reh'g*, 289 F.3d 615 (9th Cir. 2002). However, the FAA still permits parties to agree to arbitrate under state rules that differ from those set forth in the FAA. *Sgromo v. Scott*, No. 19-CV-08170-HSG, 2020 WL 6136092, at *5 (N.D. Cal. Oct. 19, 2020) (internal citation omitted). In order for state law to govern, the "parties must clearly evidence their intent to be bound by such rules." *Sovak*, 280 F.3d at 1269.

Hosie Rice argues that the FAA governs Space Data's petition to vacate the arbitration award. Space Data does not dispute the applicability of the FAA, but it asserts that the California Arbitration Act ("CAA") could also apply. The parties' dispute resolution agreement states:

> Any dispute arising out of, in connection with, or in relation to the interpretation, performance or breach of this Agreement—including any claim of legal malpractice (or similar claim) and any claim involving fees or expenses—shall be resolved by final, confidential and binding arbitration conducted in San Francisco, California,

4

> administered by a retired judge or justice and in accordance with the then existing JAMS Streamlined Arbitration Rules and Procedures, and any judgment upon any award rendered by the arbitrator may be entered by any state or federal court having jurisdiction to do so.

(Liebeler Decl., Ex. 1, Representation Agreement §18.) Rule 20 of the JAMS Streamlined Arbitration Rules and Procedures clarifies that "[p]roceedings to enforce, confirm, modify or vacate an Award will be controlled by and conducted in conformity with the Federal Arbitration Act, 9 U.S.C. Sec 1, *et. seq.*, or applicable state law." JAMS Streamlined Arb. R. & Proc. 20, *available at* https://www.jamsadr.com/rules-streamlined-arbitration/#Rule20 (last visited Apr. 19, 2021).

Space Data does not dispute that the FAA applies, and there is no evidence in the record that the parties agreed that California law should govern this action over the FAA. Space Data has not provided evidence or argument to overcome a strong presumption that the FAA applies by demonstrating that the parties clearly intended to incorporate the CAA. *See EHM Prods., Inc. v. Starline Tours of Hollywood, Inc.*, No. 2:18-CV-00369-AB-JC, 2019 WL 10060393, at *2 (C.D. Cal. July 9, 2019) (finding that an arbitration agreement "contain[ing] no 'clear intent' to incorporate the CAA" had "elect[ed] federal procedural rules for arbitration" (citing *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 386 F.3d 1306, 1311 (9th Cir. 2004)). Accordingly, the Court resolves this matter under the FAA.

**B.    Section 10 of the FAA Sets Forth the Exclusive Grounds for Vacating an Arbitration Award.**

In *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, the Supreme Court held that 9 U.S.C. section 9 ("Section 9") requires a court to confirm an arbitration award "'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11." 552 U.S. 576, 582 (2008) (citing 9 U.S.C. § 9). Additionally, 9 U.S.C. section 10 ("Section 10") "provide[s] the FAA's exclusive grounds for expedited vacatur." *Id.* at 584. Section 10 grants a federal court authority to vacate an arbitration award under the following circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;

> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

A federal court may not override congressional intent in order to review an arbitral award for erroneous legal conclusions or unsubstantiated factual findings under the FAA. *See Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 994 (9th Cir. 2003). Thus, even if an arbitrator's "views of the facts ant [sic] of the law relating to the matters on account of which they awarded damages are open to serious question," if the award is grounded "within the terms of the submission, [it] will not be set aside by a court for error either in law or fact." *San Martine Compania De Navegacion, S.A. v. Saguenay Terminals Ltd.*, 293 F.2d 796, 800 (9th Cir. 1961).

The party seeking to vacate an arbitration award has the burden of establishing grounds for vacating the award. *U.S. Life Ins. Co. v. Superior Nat. Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010).

**C.  Vacatur is Not Warranted Under Section 10(a)(4).**

Section 10 of the FAA contains the exclusive bases for which this Court vacate an arbitration award. *Hall Street*, 552 U.S. at 584. Space Data argues that the Court should vacate the Final Award and remand this matter for further proceedings because JAMS allegedly prevented the Arbitrator from issuing a mutual, final, and definite award.[2]

A party seeking to vacate an arbitral award under Section 10(a)(4) bears a heavy burden. *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013); *Sanchez v. Elizondo*, 878 F.3d 1216, 1221 (9th Cir. 2018) (stating Section 10 "is a very 'high standard for vacatur'") (citing *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010)). Section 10(a)(4) authorizes a federal court to vacate an arbitral award "where the arbitrator[] exceeded

---

[2] Space Data does not assert that the Final Award was "procured by corruption, fraud, or undue means" or that the Arbitrator was partial, corrupt, or guilty of misconduct prejudicing the parties. 9 U.S.C. § 10(a)(1)-(3)

6

their powers." 9 U.S.C. § 10(a)(4). An arbitrator exceeds their powers "not when they merely interpret or apply the governing law incorrectly" but by issuing an award that is "completely irrational" or "exhibits a manifest disregard of the law." *Sanchez*, 878 F.3d at 1221-22 (quoting *Kyocera*, 341 F.3d at 997 (internal citations and quotations omitted)). "It is not enough for petitioners to show that the panel committed an error—or even a serious error. 'It is only when [an] arbitrator strays from interpretation and application of the agreement and effectively dispense[s] his own brand of industrial justice that his decision may be unenforceable.'" *Sanchez*, 878 F.3d at 1221 (alteration in original) (quoting *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010) (internal citation and quotation omitted)).

Moreover, under Section 10(a)(4), courts have vacated arbitration awards where an arbitrator "so imperfectly executed their powers that a mutual, final, and definite award upon the subject matter submitted was not made." *IDS Life Ins. Co. v. Royal All. Assocs., Inc.*, 266 F.3d 645, 650 (7th Cir. 2001) (quoting 9 U.S.C. § 10(a)(4)) (defining "'mutual' and 'final' to mean that the arbitrator[] must have resolved the entire dispute (to the extent arbitrable) that had been submitted to them" and "'definite' to mean . . . that the award is sufficiently clear and specific to be enforced should it be confirmed by the district court and thus made judicially enforceable").

According to Space Data, the Final Award was not mutual, final, and definite under Section 10(a)(4) because JAMS exceeded its authority by issuing the award before the Arbitrator fully resolved the dispute. This argument that the Final Award is not "mutual, final, and definite" rests on the premise that JAMS overstepped its authority when it emailed the parties on August 14, 2020 and informed them that the Arbitrator had no further jurisdiction in the matter after rendering the Final Award on February 18, 2020. Space Data asks this Court to vacate the Final Award and remand to the Arbitrator for further proceedings presumably because it believes that the Final Award should address the relief it sought in the post-arbitration proceedings, including Space Data's Request for Modification. At its core, Space Data's request boils down to the assertion that the Arbitrator and JAMS reached the wrong conclusion in deciding she lacked jurisdiction to modify the Final Award to grant additional fees or impose sanctions on Hosie Rice for post-arbitration conduct. But Space Data's belief that the Final Award should include additional relief

7

does not render the Final Award incomplete or indefinite such that vacating the Award under Section 10(a)(4) is warranted.

Hosie Rice and Space Data initiated the underlying arbitration seeking the Arbitrator's determination of the fees and costs, if any, that Space Data owed to Hosie Rice based on the underlying litigation. The Final Award resolves those issue. Space Data does not dispute that the Final Award determined Hosie Rice's fees and costs related to its representation in the underlying litigation, nor does it dispute receiving and accepting its portion of the remainder of the settlement as contemplated by the Arbitrator's Final Award.

Although the Arbitrator held subsequent proceedings regarding Hosie Rice's payments to NERA, the record shows that the Arbitrator repeatedly expressed doubts about her continuing jurisdiction over the matter to resolve a dispute between Hosie Rice and NERA. Her decision not to modify the Final Award based on her lack of jurisdiction over that dispute was not completely irrational nor does it display a manifest disregard for the law. The arguments Space Data raises regarding Hosie Rice's payments to NERA and the subsequent proceedings related to that issue are tangential to the underlying arbitration.[3] Therefore, the Final Award did not leave an issue in the underlying arbitration unresolved such that a "mutual, final, and definite award upon the subject matter submitted was not made." *IDS Life Ins. Co.*, 266 F.3d at 650. Space Data has not met its burden to show that vacatur is warranted.

Moreover, to the extent Space Data suggests that JAMS acted contrary to the Arbitrator's wishes in emailing the parties on August 14, 2020 informing them that the Arbitrator lacked further jurisdiction, there are no facts in the record suggesting that the Arbitrator disagreed with JAMS's ruling. Instead, the record suggests that the Arbitrator and JAMS agreed that the Final Award resolved the original dispute submitted to arbitration and the Arbitrator lacked further jurisdiction.

---

[3] Space Data does not contend that it is obligated to pay the NERA invoices. Hosie Rice attests that it has entered into a promissory agreement to pay the remaining amount owed to NERA, and that the amount owed to NERA is Hosie Rice's, and not Space Data's, obligation. (Hosie Decl., ¶ 11.) Space Data has not presented any evidence that NERA is seeking or plans to seek payment from Space Data.

8

Accordingly, the Court finds that the Arbitrator did not execute her powers so imperfectly that she failed to issue a mutual, final, and definite award upon the subject matter submitted to her. Space Data has failed to meet its heavy burden of establishing grounds warranting vacatur under Section 10(a)(4).[4]

### D.   The Court Grants the Petition to Confirm the Award.

Hosie Rice seeks an order confirming the Final Award under Section 9 of the FAA. Under the terms of Section 9, unless an arbitration award has been vacated, modified, or corrected pursuant to sections 10 and 11, if a party files a motion to confirm, a "a court 'must' confirm [the] arbitration award[.]" *Hall St. Assocs.*, 552 U.S. at 582 (quoting 9 U.S.C. § 9). Accordingly, the Court CONFIRMS the Final Award because Space Data fails to show that vacatur is warranted.

## CONCLUSION

For the forgoing reasons, the Court DENIES Space Data's petition to vacate, and GRANTS Hosie Rice's cross-motion to confirm the arbitration award.

**IT IS SO ORDERED.**

Dated: May 5, 2021

_____
JEFFREY S. WHITE
United States District Judge

---

[4] Given the Court's conclusion that Space Data has failed to meet its burden to show that vacatur is warranted under Section 10, it need not address the additional arguments raised by the parties.