JOSEPH P. MCMONIGLE, Bar No. 66811
DAVID S. MCMONIGLE, Bar No. 258980
JOHN B. SULLIVAN, Bar No. 238306
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, California 94104
Telephone:     (415) 397-2222
Facsimile:      (415) 397-6392
Email:           jmcmonigle@longlevit.com
                    dmcmonigle@longlevit.com
                    jsullivan@longlevit.com

Attorneys for Respondent
HOSIE RICE LLP

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPACE DATA CORPORATION,<br><br>          Petitioner,<br><br>          v.<br><br>HOSIE RICE LLP,<br><br>          Respondent. | Case No. 4:20-CV-08256-JWS<br><br>**HOSIE RICE LLP'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**<br><br>Action Filed:  November 25, 2020 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page(s)**

I.     INTRODUCTION ...................................................................................................5

II.    FACTUAL BACKGROUND ...................................................................................6

    A.    The Arbitration And Final Award .................................................................6

    B.    Space Data's Motion To Vacate And Hosie Rice's Cross-Motion To Confirm .........................................................................................................7

    C.    This Court Denies The Motion To Vacate, Grants The Cross-Motion To Confirm The Arbitration Award, And Enters Judgment In Favor Of Hosie Rice; Space Data Files A Notice Of Appeal ...............................8

    D.    The Fees Incurred by Hosie Rice's Counsel .................................................8

    E.    Meet and Confer Regarding The Present Motion ........................................11

III.    LEGAL ARGUMENT ............................................................................................11

    A.    California Law Governs The Present Motion ..............................................11

    B.    Hosie Rice Is Entitled To Recover Attorneys' Fees And Costs Incurred During The Confirmation Proceedings .........................................11

        1.    California Law Provides For An Award Of Attorney's Fees When Authorized By Contract ...........................................................11

        2.    The Representation Agreement Provides For An Award Of Attorney's Fees To The Prevailing Party .........................................12

        3.    Under California Law, The Prevailing Party In Arbitration Confirmation Proceeding Is Entitled To Post-Arbitration Fees ..................13

    C.    The Attorney Fees Incurred by Hosie Rice Are Reasonable ......................14

    D.    Hosie Rice Is Entitled To Recover Its Attorney Fees and Costs Incurred Filing This Motion For Prevailing Party Attorneys' Fees And Costs .....................................................................................................16

IV.    CONCLUSION .....................................................................................................16

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

Case No. 4:20-CV-08256-JWS

HOSIE RICE LLP'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3 <u>Cases</u>

4 *Carole Ring & Associates v. Mario A. Nicastro*
    (2000) 87 Cal.App.4th 253................................................................................12, 13

5

6 *Finalco, Inc. v. Roosevelt*
    (1991) 235 Cal.App.3d 1301................................................................................16

7 *Hall Street Associates, L.L.C.*
    552 U.S. at 582................................................................................8

8

9 *Holguin v. DISH Network LLC* (2014) 229 CA4th 1310 ................................................14

*Horsford v. Board of Trustees* (2005) 132 Cal.App.4th 359 ................................................14

10

11 *In re HPL Techs., Inc. Securities Litig.*
    (N.D. Cal. 2005) 366 F.Supp.2d 912 ................................................15

12 *Ketchum v. Moses* (2001) 24 Cal.4th 1122 ................................................14

13 *Lerner v. Ward*
    (1993) 13 Cal.App.4th 155................................................................................11

14

15 *Nemecek & Cole v. Horn*
    (2012) 208 Cal.App.4th 641................................................................................14

16 *PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084 ................................................14

17 *Price v. Seydel*
    961 F.2d 1470 (9th Cir. 1992)................................................................................11

18

19 *Rossel v. Merrill Lynch Pierce Fenner & Smith, Inc.*
    (C.D. Cal., Jan. 21, 2010, No. CV 09-6902-GW(PLAX)) 2010 WL 11523713, at
    *3 ................................................................................11

20

21 *Sanchez v. Elizondo*
    878 F.3d 1216, 1221-22 (9th Cir. 2018)................................................................................5

22 *Shakey's Inc. v. Covalt*
    704 F.2d 426, 435 (9th Cir. 1983)................................................................................11

23

24 *Siligo v. Castellucci*
    (1994) 21 Cal.App.4th 873................................................................................16

25 *Syers Props. III, Inc. v. Rankin* (2014) 226 Cal.App.4th 691 ................................................14

26 <u>Statutes</u>

27 California Code of Civil Procedure §1033.5................................................................................9

28 Civ. Code §1021................................................................................8

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

**TABLE OF AUTHORITIES: (continued)** **Page(s)**

Civil Code, Section 1717(a) .................................................................................................8

Code of Civil Procedure §1285 ............................................................................................9

**Other Authorities**

28 U.S.C. §1332 ....................................................................................................................4

9 U.S.C. §10(a) .....................................................................................................................2

California Arbitration Act
    Section 1293.2 .................................................................................................................9

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

Case No. 4:20-CV-08256-JWS                    4
HOSIE RICE LLP'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
ATTORNEY'S FEES

1   **I.     INTRODUCTION**

2          Respondent Hosie Rice, LLP ("Hosie Rice") requests that the Court award it the

3   attorneys' fees incurred in connection with Petitioner Space Data Corporation's ("Space

4   Data") motion to vacate the February 18, 2020 Arbitration Award, and Hosie Rice's cross-

5   motion to confirm the award.  On May 5, 2021, this Court denied Space Data's motion to

6   vacate the arbitration award and granted Hosie Rice's motion to confirm, and on June 1,

7   2021, judgment was entered for Hosie Rice.  Space Data has since filed a notice of appeal

8   of this Court's judgment to the Ninth Circuit.

9          Given that Space Data invoked the court's diversity jurisdiction in petitioning the

10  court to vacate the arbitration award, California state law applies to this motion.  California

11  authorities confirm that regardless of whether fees are ordered in the arbitration itself, post-

12  arbitration attorney's fees incurred in a confirmation proceeding are recoverable to the

13  prevailing party.  Under the plain language of Hosie Rice's representation agreement with

14  Space Data, which governs any disputes between the parties, Hosie Rice is entitled to

15  recover its reasonable attorney's fees incurred as the prevailing party.  Hosie Decl. ¶2, Exh.

16  1, Section 18.

17         A significant advantage of arbitration is the prospect of a final award which is

18  subject to very limited review and therefore limited post-award expense.  See, e.g. 9 U.S.C.

19  §10(a); *Sanchez v. Elizondo*, 878 F.3d 1216, 1221-22 (9th Cir. 2018).  Seizing on that

20  advantage, Space Data and Hosie Rice expressly agreed to arbitrate any disputes between

21  the parties and that the resulting arbitration award would be "final, confidential, and

22  binding …"  Hosie Decl. ¶2, Exh 1, Section 18.  Far from honoring that agreement, Space

23  Data pursued a factually and legally meritless attempt at vacatur, grounded in irrelevant

24  issues pertaining to the payment of consultants in the aftermath of the final award.  For

25  those reasons, an order reimbursing Hosie Rice for the attorney's fees it incurred defending

26  the award is particularly appropriate in this instance.

27         In defeating Space Data's motion to vacate and prevailing on the motion to confirm,

28  Hosie Rice incurred $24,819.50 in attorney's fees; Hose Rice anticipates it will incur an

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

5                Case No. 4:20-CV-08256-JWS
HOSIE RICE LLP'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
ATTORNEY'S FEES

1  additional $6,950 in fees in connection with present motion, which are also recoverable.

2  As detailed below, the fees were and are necessary and justified, and Hosie Rice's

3  counsel's hourly rates and total amount incurred were imminently reasonable.  As a result,

4  Hosie Rice respectfully requests an award of fees as set forth herein.

5  **II.      FACTUAL BACKGROUND**

6        **A.      The Arbitration And Final Award**

7        Hosie Rice represented Space Data in an intellectual property matter with Alphabet

8  Inc., Google, LLC, and Loon LLC related to the deployment of balloons in the stratosphere

9  to provide wireless communications.  A January 28, 2019 Representation Agreement

10  governed the attorney client relationship between Hosie Rice and Space Data and any

11  disputes arising out of the agreement.  Section 18, titled "Dispute Resolution," states as

12  follows:

13
14      Any dispute arising out of, in connection with, or in relation to the
    interpretation, performance or breach of this Agreement – including any

15      claim of legal malpractice (or similar claim) and any claim involving fees
    or expenses – shall be resolved by final, confidential and binding arbitration

16      conducted in San Francisco, California, administered by a retired judge or
    justice and in accordance with the then existing JAMS Streamlined

17      Arbitration Rules and Procedures, and any judgment upon any award
    rendered by the arbitrator may be entered by any state or federal court

18      having jurisdiction to do so … **the Parties agree that the prevailing party
    in any such disputes shall be entitled to recover reasonable costs and**

19      **attorney's fees.**  Hosie Decl. ¶2, Exh. 1.

20

21        Following Space Data's termination of Hosie Rice as its counsel, the firm instituted

22  arbitration proceedings to recover millions of dollars in unpaid attorney's fees and costs it

23  was owed in connection with its representation of Space Data in underlying litigation.

24  Space Data counterclaimed for breach of contract and legal malpractice, and sought to

25  disgorge all of the attorney's fees previously paid to Hosie Rice.  Sullivan Decl. ¶2.

26        JAMS neutral Judge Sue L. Robinson (Ret.) served as the arbitrator and presided

27  over a five-day hearing in November of 2019.  Judge Robinson issued an Interim Award on

28  January 16, 2020, and a Final Award on February 18, 2020.  Hosie Rice largely prevailed,

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

Case No. 4:20-CV-08256-JWS
HOSIE RICE LLP'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
ATTORNEY'S FEES

1   as Space Data was ordered to compensate Hosie Rice for a significant portion of its

2   attorney's fees incurred in the underlying representation.  Nonetheless, Judge Robinson

3   ordered that the parties each bear their own attorney's fees and costs incurred in connection

4   with the arbitration.  Sullivan Decl. ¶3.

5       Despite the fact that Judge Robinson issued her Final Award on February 18, 2020,

6   Space Data engaged in a months long campaign to re-litigate the underlying arbitration via

7   tangential issues largely related to Hosie Rice's payment of consultants that the firm had

8   contracted with to assist it in prosecuting the claim against Google.  On August 14, 2020,

9   JAMS notified that the Final Award had been rendered on February 18, and that beyond

10  computational, typographical, or other similar errors in the award, the arbitrator had no

11  further jurisdiction over the matter.  Sullivan Decl. ¶4.

12      **B.      Space Data's Motion To Vacate And Hosie Rice's Cross-Motion To Confirm**

13      Rather than accept the arbitrator's decision, Space Data filed a petition to vacate the

14  arbitration award with this Court on November 23, 2020.  Dkt. No. 1.  The Petition invoked

15  the court's jurisdiction under 28 U.S.C. §1332, noting that "diversity jurisdiction exists

16  because the claims are between a citizen of a state and a citizen or subject of a foreign state

17  and the amount in controversy, exclusive of interest and costs, exceeds $75,000." Dkt. No.

18  1, p. 6; Sullivan Decl. ¶5.

19      The petition to vacate the award was not supported by the law or the underlying

20  facts.  As this Court noted in its order denying the motion to vacate, "at its core, Space

21  Data's request boils down to the assertion that the arbitrator and JAMS reached the wrong

22  conclusion in deciding she [the arbitrator] lacked jurisdiction to modify the Final Award to

23  grant additional fees or impose sanctions on Hosie Rice for post-arbitration conduct. Dkt.

24  No. 31, p. 7; Sullivan Decl. ¶6.

25      Still, Hosie Rice had no choice but to oppose it.  Following the parties' agreement to

26  a stipulated briefing schedule [Dkt. No. 24], Hosie Rice filed its cross-motion to confirm

27  the arbitration award and opposition to the petition to vacate on January 8, 2021.  Dkt. No.

28  25-3.  In connection with the cross-motion and opposition, Hosie Rice filed several

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

7                                    Case No. 4:20-CV-08256-JWS
HOSIE RICE LLP'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
ATTORNEY'S FEES

supporting declarations, as well as a motion to seal, given that the terms of the settlement of the underlying case between Space Data and Google were confidential.  Dkt. No. 25; Sullivan Decl. ¶7.

Hosie Rice's opposition argued that the February 18, 2020 award was mutual, final and definite under Section 10 of the Federal Arbitration Act ("FAA"), as Hosie Rice never consented to Judge Robinson's continued jurisdiction over the extraneous matters raised by Space Data following the issuance of the Final Award.  Hosie Rice further argued, in its cross-motion, that under section 9 of the FAA, "a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or correct 'as prescribed' in §§10 and 11."  *Hall Street Associates, L.L.C.,* 552 U.S. at 582.  Dkt. No. 25-3; Sullivan Decl. ¶8.

### C.   This Court Denies The Motion To Vacate, Grants The Cross-Motion To Confirm The Arbitration Award, And Enters Judgment In Favor Of Hosie Rice; Space Data Files A Notice Of Appeal

On May 5, 2021, this Court issued an order denying Space Data's motion to vacate and granting Hosie Rice's cross-motion to confirm the arbitration award.  The Court found that the arbitrator's final award was a mutual, final, and definite award upon the subject matter submitted to her and that Space Data "failed to meet its heavy burden of establishing grounds warranting vacatur under section 10(a)(4) of the FAA."  Dkt. No. 31, p. 9.  The Court proceeded to grant the motion to confirm the award under section 9 of the FAA.  *Id*.

On June 1, the Court entered judgment in favor of Hosie Rice and against Space Data.  Dkt. No. 33.

On June 3, Space Data filed a notice of appeal of this Court's judgment to the Ninth Circuit.  Dkt. No. 34; Sullivan Decl. ¶9.

### D.   The Fees Incurred by Hosie Rice's Counsel

Hosie Rice incurred a total of $24,819.50 in attorney fees litigating the petition to vacate and cross-motion to confirm the arbitration award.  The breakdown of attorney rates, time spent, and total amounts billed is as follows:

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

8

Case No. 4:20-CV-08256-JWS

HOSIE RICE LLP'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES

| Attorney | Year Admitted | Actual Rate | Hours | Total |
|---|---|---|---|---|
| John B. Sullivan | 2005 | $295 | 41.1 | $12,124.50 |
| David S. McMonigle | 2008 | $295 | 31 | $9,145.00 |
| Jonathan Rizzardi | 2006 | $250 | 14.2 | $3,550.00 |
| **Total** | | | **86.3** | **$24,819.50**[1] |

Sullivan Decl. ¶10.  The records reflect that the time spent by the attorneys for Hosie Rice was reasonable.  John Sullivan is a partner with Long & Levit, LLP, Hosie Rice's counsel in this matter, and has been practicing primarily in the area of legal malpractice for over 15 years.  The breakdown of Mr. Sullivan's time spent on this matter is as follows:

- Approximately 10 hours reviewing Space Data's petition (and subsequent amended petition), researching the factual and legal issues raised in the petition, communicating with the client regarding the petition and strategy regarding the opposition, reviewing the lengthy history of communications amongst counsel and the arbitrator regarding the consultant payment issues raised in the petition, and communicating with opposing counsel regarding a stipulated briefing schedule.

- Approximately 30 hours drafting the opposition to the petition to vacate and supporting documents, reviewing the opposition brief with the client, revising the opposition, reviewing and revising the motion to seal and supporting documents, and finalizing the documents submitted to the court.

- Approximately 1 hour reviewing and analyzing the Court's order denying the petition and confirming the arbitration award.  Sullivan Decl. ¶11.

---

[1] Of note, two other attorneys – senior partner Joseph McMonigle and junior associate Sydney Allen – also recorded time in connection with the confirmation proceeding, however Hosie Rice is not requesting that their fees be reimbursed by this motion.  Sullivan Decl. ¶10.

HOSIE RICE LLP'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

David S. McMonigle is a partner with Long & Levit, LLP, and has been practicing primarily in the area of legal malpractice for over 12 years.  The breakdown of Mr. McMonigle's time spent on this matter is as follows:

- Approximately 20 hours reviewing Space Data's petition (and subsequent amended petition), researching issues raised by the petition (including references to confidential matters in the petition), communicating with the client regarding the petition and strategy regarding the opposition, and reviewing the lengthy history of communications amongst counsel and the arbitrator regarding the consultant payment issues raised in the petition.

- Approximately 8 hours drafting and revising the opposition to the petition to vacate and supporting documents, reviewing and revising the motion to seal and supporting documents, and finalizing the documents submitted to the court.

- Approximately 3 hours reviewing the reply brief filed by Space Data and communicating with client regarding the reply brief.  McMonigle Decl. ¶2.

Jonathan Rizzardi is senior counsel with Long & Levit, LLP, and has been practicing primarily in the area of legal malpractice for over 14 years.  The breakdown of Mr. Rizzardi's time spent on this matter is as follows:

- Approximately 3 hours reviewing Space Data's petition (and subsequent amended petition) and researching issues raised by the petition specifically related to the necessity of a motion to seal the opposition brief.

- Approximately 3 hours drafting and revising portions of the opposition to the petition to vacate.

- Approximately 8 hours drafting, revising and finalizing the motion to seal and supporting documents and revising, and finalizing the opposition to the petition to vacate and supporting documents. Rizzardi Decl. ¶2.

Finally, all attorney time was recorded using electronic billing software, and records supporting the above referenced time are maintained by Long & Levit, LLP in the ordinary course of its business.  Sullivan Decl., ¶12.

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

10                           Case No. 4:20-CV-08256-JWS
HOSIE RICE LLP'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
ATTORNEY'S FEES

E.      **Meet and Confer Regarding The Present Motion**

Pursuant to Northern District Local Rule 54-5, counsel for Hosie Rice notified counsel for Space Data of the intent to bring the present motion, the basis for the motion, and the amount of fees sought, on June 10, 2021.  Counsel did not receive a response from counsel for Space Data as of the date of filing this motion.  Sullivan Decl. ¶15, Ex. 3.

III.   **LEGAL ARGUMENT**

A.      **California Law Governs The Present Motion**

While the FAA applied to the determination of the petitions to vacate and confirm and does not provide for attorney's fees in connection with post-arbitration confirmation proceedings, it is well established that a federal court sitting in diversity – as is the case here – applies state law in determining whether to allow attorney's fees when those fees are connected to the substance of the case.  *Price v. Seydel*, 961 F.2d 1470 (9th Cir. 1992), citing *Shakey's Inc. v. Covalt*, 704 F.2d 426, 435 (9th Cir. 1983); *Rossel v. Merrill Lynch Pierce Fenner & Smith, Inc.* (C.D. Cal., Jan. 21, 2010, No. CV 09-6902-GW(PLAX)) 2010 WL 11523713, at *3, applying California law to motion for attorney's fees in aftermath of confirmation of arbitration award under FAA.

B.      **Hosie Rice Is Entitled To Recover Attorneys' Fees And Costs Incurred During The Confirmation Proceedings**

1.      **California Law Provides For An Award Of Attorney's Fees When Authorized By Contract**

Section 1717(a) of the Civil Code authorizes attorney fee awards,

> [i]n any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract … shall be entitled to reasonable attorney's fees in addition to other costs.."

California law also provides for attorneys' fees in tort actions arising out of the subject matter of a contract containing a prevailing party fees provision.  *Lerner v. Ward* (1993) 13 Cal.App.4th 155, 159-161; Civ. Code §1021.  Whether the case is venued in court or arbitration does not alter the result, as noted in section 1293.2 of the California Arbitration

HOSIE RICE LLP'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

1    Act:

2              The court shall award costs upon any judicial proceeding under
             this title [governing arbitration] as provided in Chapter 6
3              (commencing with Section 1021) ... of this code.

4    California Code of Civil Procedure §1033.5, part of chapter 6 of the Code of Civil

5    Procedure, provides that items recoverable as costs include attorney fees when authorized

6    by contract. See C.C.P. §1033.5(a)(10)(A).  The judicial proceedings covered in that

7    provision include petitions to confirm or vacate an arbitration award.  See C.C.P. §1285.

8              **2.    The Representation Agreement Provides For An Award Of Attorney's
                     Fees To The Prevailing Party**
9

10            The representation agreement between Hosie Rice and Space Data provides that the

11   "prevailing party in any such disputes shall be entitled to recover reasonable costs and

12   attorney's fees." Hosie Decl. ¶2, Ex. 1, §18. Dispute Resolution.  The term "disputes"

13   refers back to the following clause, also contained in section 18:

14             Any dispute arising out of, in connection with, or in relation to
             the interpretation, performance of breach of this agreement –
15             including any claim of legal malpractice (or similar claim) and
             any claim involving fees or expenses – shall be resolved by
16             final, confidential and binding arbitration … and any judgment
             upon any award rendered by the arbitrator may be entered by
17             any state or federal court having jurisdiction to do so.  (*Id*.)

18   There is no basis for Space Data to deny that its motion to vacate the arbitration award and

19   Hosie Rice's cross-motion to confirm the arbitration award was a "dispute" arising out of

20   the representation agreement.  At the outset, it is notable that the primary basis for Space

21   Data's petition, and its challenges to the Final Award, is a "claim involving fees or

22   expenses," namely Hosie Rice's alleged failure to compensate a consultant, and Space

23   Data's erroneous contention that the arbitrator had jurisdiction over that issue.  Even setting

24   that aside, section 18 expressly contemplates entry of judgment in confirmation

25   proceedings as the necessary conclusion of the "dispute."  As detailed below, under those

26   circumstances, an award of attorney's fees incurred during the post-arbitration confirmation

27   proceedings is warranted.  See *Carole Ring & Associates v. Mario A. Nicastro,* (2000) 87

28   Cal.App.4th 253, 261.

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

12                    Case No. 4:20-CV-08256-JWS
HOSIE RICE LLP'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
ATTORNEY'S FEES

### 3.  Under California Law, The Prevailing Party In Arbitration Confirmation Proceeding Is Entitled To Post-Arbitration Fees

In *Carole Ring*, the court considered whether California Code of Civil Procedure section 1293.2 permitted the award of post-arbitration attorney fees and costs to a party under virtually identical circumstances to the present case.  Ms. Nicastro, like Hosie Rice, prevailed on a claim under a contract that provided for arbitration and authorized attorney fees and costs to the prevailing party, however the arbitrator declined to award attorney's fees and ordered the parties to bear their own fees and costs.[2] *Id.* at pp. 254–255.

The court held the determination of which party, if either, is the prevailing party in post-arbitration proceedings is a judicial function distinct from the arbitrator's decision of whether or not to award fees in the arbitration proceeding itself.  *Id.* at pp. 260–261.  The court's reasoning was based in practicality; the arbitrator obviously could not make a determination in advance with respect to which party would be the prevailing party in subsequent post-arbitration proceedings. *Id.*  Thus, the arbitrator's refusal to award attorney fees did not foreclose the possibility of obtaining attorney fees in post-arbitration judicial proceedings. (*Id.* at p. 261.)  Because Nicastro was the prevailing party as a matter of law, the mandatory language of the contractual attorney fees clause and section 1293.2 entitled Nicastro to reasonable attorney fees and costs incurred in post-arbitration judicial proceedings." *Id.*

*Carole Ring* makes clear that the determination of whether a party is entitled to recovery of attorney's fees incurred during the arbitration must be distinct from the question of whether the party is entitled to attorney's fees incurred in post-arbitration confirmation proceedings.  The arbitrator cannot anticipate which party will prevail in the confirmation proceedings, nor the scope or breadth of the proceeding, and thus is not in a

---

[2] The attorney's fees provision in *Carole Ring* stated as follows: "Attorney's Fees:  In any action, proceeding, or arbitration arising out of this agreement, involving the Seller and/or Broker(s), the prevailing party shall be entitled to reasonable attorney's fees and costs[.]"  (*Id.* at pp. 254–255.)

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

HOSIE RICE LLP'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES

1  position to determine whether fees should be awarded.  Instead, that question must be

2  addressed by the Court that presided over the confirmation proceedings.

3  **C.    The Attorney Fees Incurred by Hosie Rice Are Reasonable**

4          Statutory attorney fees are ordinarily determined by the court pursuant to the

5  "lodestar" method.  Under that method, a reasonable hourly rate is the prevailing rate

6  charged by an attorney of similar skill and experience in the relevant community.  *PLCM*

7  *Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095, "[T]he lodestar is the basic fee for

8  comparable legal services in the community …."; *Ketchum v. Moses* (2001) 24 Cal.4th

9  1122, 1132.  The trial court may adjust the lodestar amount up or down based on factors

10  specific to the case.  *PLCM Group*, *supra*, 22 Cal.4th at pp. 1095-1096.  The factors

11  include: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in

12  presenting them, (3) the extent to which the nature of the litigation precluded other

13  employment by the attorneys, (4) the contingent nature of the fee award."  *Ketchum v.*

14  *Moses, supra*, 24 Cal.4th at 1132; *Holguin v. DISH Network LLC* (2014) 229 CA4th 1310,

15  1332.  In considering the lodestar factors, a trial court must "focus on providing an award

16  of attorney fees reasonably designed to fully compensate [the prevailing party's] attorneys

17  for the services provided."  *Horsford v. Board of Trustees* (2005) 132 Cal.App.4th 359,

18  395.

19          One common method for determining the lodestar rate is the USAO Attorney's

20  Fee's Matrix, formerly known as the "Laffey Matrix."  California courts have approved the

21  use of the matrix, adjusted for the Bay Area region, to establish reasonable hourly rates.

22  See, e.g., *Syers Props. III, Inc. v. Rankin* (2014) 226 Cal.App.4th 691, 702, approving trial

23  court's use of adjusted Laffey Matrix to determine reasonable fees, which were in excess of

24  the fees actually charged by counsel; *Nemecek & Cole v. Horn* (2012) 208 Cal.App.4th

25  641, 651-652, accord.  The USAO Matrix provides hourly rates for attorneys in the

26  Washington D.C. and Baltimore area based on their years of experience and can be adjusted

27  by the location of the attorneys, for example, to the Bay Area.  *Syers*, *supra*, 226

28  Cal.App.4th at pp. 695-696, citing *In re HPL Techs., Inc. Securities Litig.* (N.D. Cal. 2005)

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

14

Case No. 4:20-CV-08256-JWS

HOSIE RICE LLP'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
ATTORNEY FEES

366 F.Supp.2d 912, 922 fn. 1, applying 9% increase to Laffey Matrix for Bay Area.

Here, because the standard USAO Matrix rates so far exceed the rates requested by Hosie Rice's counsel, no adjustment for the Bay Area is necessary to demonstrate the reasonableness of the attorneys' fees incurred. The hourly rates charged, as compared to the USAO Matrix rates, are as follows:

| Attorney | Year Admitted | Actual Rate | USAO Matrix (2020/2021, unadjusted) | % USAO Matrix rate exceeds requested rate |
|----------|---------------|-------------|--------------------------------------|-------------------------------------------|
| John B. Sullivan | 2005 | $295 | $510 | 173% |
| David S. McMonigle | 2008 | $295 | $510 | 173% |
| Jonathan Rizzardi | 2006 | $250 | $510 | 204% |

Sullivan Decl., ¶13, Exh. 2. As detailed *ante*, the reasonable market rate for the attorneys in this case far exceeds the rates actually charged and requested here. Even if the court does not apply the USAO Matrix, there is no metric where the Bay Area market rates do not substantially exceed those charged by counsel in this action. The rates requested are reasonable.

Finally, counsel's time spent litigating the enforcement proceeding is also reasonable. As detailed in the fact section above, Space Data's petition raised a variety of complex issues spanning a six-month period in the aftermath of the final award. Thus, a significant component of counsel's work opposing the petition consisted of review of the history of the disputes raised by Space Data with the arbitrator during the spring and summer of 2020, including the informal briefing the parties submitted to the arbitrator. In addition to drafting the opposition to the petition, Space Data's brief also raised issues pertaining to the confidentiality of certain matters and documents in the arbitration, requiring Hosie Rice to maintain confidentiality via a motion to seal. In sum, while the

15
Case No. 4:20-CV-08256-JWS
LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104
HOSIE RICE LLP'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES

petition to vacate was substantively meritless, defending a multi-million dollar arbitration award is a significant undertaking; doing so at a cost of under $25,000 is more than reasonable under the circumstances.

**D.    Hosie Rice Is Entitled To Recover Its Attorney Fees and Costs Incurred Filing This Motion For Prevailing Party Attorneys' Fees And Costs**

In addition to the fees incurred enforcing the settlement agreement, Hosie Rice is entitled to the fees it incurs filing this motion.  See *Siligo v. Castellucci* (1994) 21 Cal.App.4th 873, 878, quoting *Finalco, Inc. v. Roosevelt* (1991) 235 Cal.App.3d 1301, 1307-08, "an obligation to pay attorney fees incurred in the enforcement of a contract 'includes attorneys' fees incurred in defending against a challenge to the underlying validity of the obligation'".

Hosie Rice's counsel estimates that it will incur approximately $6,950 in connection with this motion, including drafting the motion, review of the opposition brief, and drafting of the reply brief.  Rizzardi Decl. ¶3; Sullivan Decl. ¶14.  Hosie Rice will provide an updated amount when it files its reply brief.  The anticipated fees and hours are reasonable and should be granted without reduction.

**IV.    CONCLUSION**

Hosie Rice respectfully requests that this motion be granted and that it be awarded attorneys' fees and costs in the amount of $24,819.50 in connection with the post-arbitration confirmation proceeding, and $6,950 in connection with this motion.

Dated:  June 15, 2021.

LONG & LEVIT LLP

_____
DAVID S. MCMONIGLE
JOSEPH P. MCMONIGLE
JOHN B. SULLIVAN
Attorneys for Respondent
HOSIE RICE LLP

4817-8409-7262, v. 1

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104