JOSEPH P. MCMONIGLE, Bar No. 66811
JOHN B. SULLIVAN, Bar No. 238306
DAVID S. MCMONIGLE, Bar No. 258980
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, California 94104
Telephone:   (415) 397-2222
Facsimile:    (415) 397-6392
Email:         jmcmonigle@longlevit.com
                   jsullivan@longlevit.com
                   dmcmonigle@longlevit.com

Attorneys for Respondent
HOSIE RICE LLP

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPACE DATA CORPORATION,<br><br>   Petitioner,<br><br>   v.<br><br>HOSIE RICE LLP,<br><br>   Respondent. | Case No. 4:20-cv-08256-JSW<br><br>**DECLARATION OF JOHN B. SULLIVAN IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**<br><br>Action Filed:  November 25, 2020 |

I, John B. Sullivan, declare as follows:

1. I am an attorney at law duly licensed to practice law in the State of California. I am a partner of the firm Long Levit, LLP, counsel of record for Hosie Rice, LLP in this matter. I have personal knowledge of the facts stated herein, and if called as a witness in this matter, I would and could testify competently to the following facts.

2. Following Space Data's termination of Hosie Rice as its counsel, Hosie Rice, instituted arbitration proceedings to recover millions of dollars in unpaid attorney's fees and costs it was owed in connection with its representation of Space Data in underlying litigation. Space Data counterclaimed for breach of contract and legal malpractice, and sought to disgorge all of the attorney's fees previously paid to Hosie Rice.

3. JAMS neutral Judge Sue L. Robinson (Ret.) served as the arbitrator and presided over a five-day hearing in November of 2019. Judge Robinson issued an Interim Award on January 16, 2020, and a Final Award on February 18, 2020. Hosie Rice largely prevailed, as Space Data was ordered to compensate Hosie Rice for a significant portion of its attorney's fees incurred in the underlying representation. Nonetheless, Judge Robinson ordered that the parties each bear their own attorney's fees and costs incurred in connection with the arbitration.

4. Despite the fact that Judge Robinson issued her Final Award on February 18, 2020, Space Data engaged in a months long campaign to re-litigate the underlying arbitration via tangential issues largely related to Hosie Rice's payment of consultants that the firm had contracted with to assist it in prosecuting the claim against Google. On August 14, 2020, JAMS notified that the Final Award had been rendered on February 18, and that beyond computational, typographical, or other similar errors in the award, the arbitrator had no further jurisdiction over the matter.

5. Rather than accept the arbitrator's decision, Space Data filed a petition to vacate the arbitration award with this Court on November 23, 2020. Dkt. No. 1. The Petition invoked the court's jurisdiction under 28 U.S.C. §1332, noting that "diversity jurisdiction exists because the claims are between a citizen of a state and a citizen or subject

of a foreign state and the amount in controversy, exclusive of interest and costs, exceeds $75,000." Dkt. No. 1, p. 6.

6. The petition to vacate the award was not supported by the law or the underlying facts. As this Court noted in its order denying the motion to vacate, "at its core, Space Data's request boils down to the assertion that the arbitrator and JAMS reached the wrong conclusion in deciding she [the arbitrator] lacked jurisdiction to modify the Final Award to grant additional fees or impose sanctions on Hosie Rice for post-arbitration conduct. Dkt. No. 31, p. 7.

7. Still, Hosie Rice had no choice but to oppose the petition. Following the parties' agreement to a stipulated briefing schedule [Dkt. No. 24], Hosie Rice filed its cross-motion to confirm the arbitration award and opposition to the petition to vacate on January 8, 2021. Dkt. No. 25-3. In connection with the cross-motion and opposition, Hosie Rice filed several supporting declarations, as well as a motion to seal, given that the terms of the settlement of the underlying case between Space Data and Google were confidential. Dkt. No. 25.

8. Hosie Rice's opposition argued that the February 18, 2020 award was mutual, final and definite under Section 10 of the Federal Arbitration Act ("FAA"), as Hosie Rice never consented to Judge Robinson's continued jurisdiction over the extraneous matters raised by Space Data following the issuance of the Final Award. Hosie Rice further argued, in its cross-motion, that under section 9 of the FAA, "a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or correct 'as prescribed' in §§10 and 11." Dkt. No. 25-3.

9. On May 5, 2021, this Court issued an order denying Space Data's motion to vacate and granting Hosie Rice's cross-motion to confirm the arbitration award. The Court found that the arbitrator's final award was a mutual, final, and definite award upon the subject matter submitted to her and that Space Data "failed to meet its heavy burden of establishing grounds warranting vacatur under section 10(a)(4) of the FAA." Dkt. No. 31, p. 9. The Court proceeded to grant the motion to confirm the award under section 9 of the

FAA. *Id.* On June 1, the Court entered judgment in favor of Hosie Rice and against Space Data. Dkt. No. 33. On June 3, Space Data filed a notice of appeal of this Court's judgment to the Ninth Circuit. Dkt. No. 34.

10. Hosie Rice incurred a total of $24,819.50 in attorney fees litigating the petition to vacate and cross-motion to confirm the arbitration award. The breakdown of attorney rates, time spent, and total amounts billed is as follows:

| Attorney | Year Admitted | Rate | Hours | Total |
|---|---|---|---|---|
| John B. Sullivan | 2005 | $295 | 41.1 | $12,124.50 |
| David S. McMonigle | 2008 | $295 | 31 | $9,145.00 |
| Jonathan Rizzardi | 2006 | $250 | 14.2 | $3,550.00 |
| **Total** | | | **86.3** | **$24,819.50**[1] |

11. I am a partner with Long & Levit, LLP and have been practicing primarily in the area of legal malpractice for over 15 years. The breakdown of my time spent on this matter is as follows:

- Approximately 10 hours reviewing Space Data's petition (and subsequent amended petition), researching the factual and legal issues raised in the petition, communicating with the client regarding the petition and strategy regarding the opposition, reviewing the lengthy history of communications amongst counsel and the arbitrator regarding the consultant payment issues raised in the petition, and communicating with opposing counsel regarding a stipulated briefing schedule.

- Approximately 30 hours drafting the opposition to the petition to vacate and

---

[1] Of note, two other attorneys – senior partner Joseph McMonigle and junior associate Sydney Allen – also recorded time in connection with the confirmation proceeding, however Hosie Rice is not requesting that their fees be reimbursed by this motion.

DECLARATION OF JOHN B. SULLIVAN IN SUPPORT OF MOTION FOR ATTORNEY'S FEES

supporting documents, reviewing the opposition brief with the client, revising the opposition, reviewing and revising the motion to seal and supporting documents, and finalizing the documents submitted to the court.

- Approximately 1 hour reviewing and analyzing the Court's order denying the petition and confirming the arbitration award. Sullivan Decl. ¶11.

12. All Long & Levit, LLP attorney time was recorded using electronic billing software, and records supporting the above referenced time are maintained by Long & Levit, LLP in the ordinary course of its business.

13. The hourly rates charged by Long & Levit attorneys, compared to the applicable USAO Matrix rates, are as follows:

| Attorney | Year Admitted | Actual Rate | USAO Matrix (2020/2021, unadjusted) | % USAO Matrix rate exceeds requested rate |
|---|---|---|---|---|
| John B. Sullivan | 2005 | $295 | $510 | 173% |
| David S. McMonigle | 2008 | $295 | $510 | 173% |
| Jonathan Rizzardi | 2006 | $250 | $510 | 204% |

Attached hereto as **Exhibit 2** is a true and correct copy of the USAO market rates, downloaded from the United States Department of Justice website, at https://www.justice.gov/usao-dc/page/file/1305941/download.

14. I have spent approximately 6 hours researching and drafting the present motion and supporting documents, and anticipate I will spend another 4 hours reviewing any opposition brief and drafting the reply brief. At my hourly rate of $295, I anticipate I will incur a total of $2,950 in attorney's fees in connection with this motion. I will provide an updated amount incurred for myself and Long & Levit attorney Jonathan Rizzardi in connection with the reply brief in this matter.

15. Pursuant to Northern District Local Rule 54-5, I notified counsel for Space Data of the intent to bring the present motion, the basis for the motion, and the amount of

fees sought, on June 10, 2021. As of the date of filing this motion, I have not received a response. Attached hereto as **Exhibit 3** is a true and correct copy of the referenced correspondence.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on June 14, 2021 at San Francisco, California.

*/s/ John Sullivan*

JOHN B. SULLIVAN

4829-8552-4950, v. 1

# EXHIBIT 2

# USAO ATTORNEY'S FEES MATRIX — 2015-2021

*Revised Methodology starting with 2015-2016 Year*

Years (Hourly Rate for June 1 – May 31, based on change in PPI-OL since January 2011)

| Experience | 2015-16 | 2016-17 | 2017-18 | 2018-19 | 2019-20 | 2020-21 |
|---|---|---|---|---|---|---|
| 31+ years | 568 | 581 | 602 | 613 | 637 | 665 |
| 21-30 years | 530 | 543 | 563 | 572 | 595 | 621 |
| 16-20 years | 504 | 516 | 536 | 544 | 566 | 591 |
| 11-15 years | 455 | 465 | 483 | 491 | 510 | 532 |
| 8-10 years | 386 | 395 | 410 | 417 | 433 | 452 |
| 6-7 years | 332 | 339 | 352 | 358 | 372 | 388 |
| 4-5 years | 325 | 332 | 346 | 351 | 365 | 380 |
| 2-3 years | 315 | 322 | 334 | 340 | 353 | 369 |
| Less than 2 years | 284 | 291 | 302 | 307 | 319 | 333 |
| Paralegals & Law Clerks | 154 | 157 | 164 | 166 | 173 | 180 |

*Explanatory Notes*

1.      This matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks has been prepared by the Civil Division of the United States Attorney's Office for the District of Columbia (USAO) to evaluate requests for attorney's fees in civil cases in District of Columbia courts.  The matrix is intended for use in cases in which a fee-shifting statute permits the prevailing party to recover "reasonable" attorney's fees.  *See, e.g.,* 42 U.S.C. § 2000e-5(k) (Title VII of the 1964 Civil Rights Act); 5 U.S.C. § 552(a)(4)(E) (Freedom of Information Act); 28 U.S.C. § 2412(b) (Equal Access to Justice Act).  The matrix has not been adopted by the Department of Justice generally for use outside the District of Columbia, or by other Department of Justice components, or in other kinds of cases.  The matrix does **not** apply to cases in which the hourly rate is limited by statute.  *See* 28 U.S.C. § 2412(d).

2.      A "reasonable fee" is a fee that is sufficient to attract an adequate supply of capable counsel for meritorious cases.  *See, e.g., Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010).  Consistent with that definition, the hourly rates in the above matrix were calculated from average hourly rates reported in 2011 survey data for the D.C. metropolitan area, which rates were adjusted for inflation with the Producer Price Index-Office of Lawyers (PPI-OL) index.  The survey data comes from ALM Legal Intelligence's 2010 & 2011 Survey of Law Firm Economics.  The PPI-OL index is available at http://www.bls.gov/ppi.  On that page, under "PPI Databases," and "Industry Data (Producer Price Index - PPI)," select either "one screen" or "multi-screen" and in the resulting window use "industry code" 541110 for "Offices of Lawyers" and "product code" 541110541110 for "Offices of Lawyers."  The average hourly rates from the 2011 survey data are multiplied by the PPI-OL index for May in the year of the update, divided by 176.6, which is the PPI-OL index for January 2011, the month of the survey data, and then rounding to the nearest whole dollar (up if remainder is 50¢ or more).

3.      The PPI-OL index has been adopted as the inflator for hourly rates because it better reflects the mix of legal services that law firms collectively offer, as opposed to the legal services that typical consumers use, which is what the CPI-

8

Legal Services index measures.  Although it is a national index, and not a local one, *cf. Eley v. District of Columbia*, 793 F.3d 97, 102 (D.C. Cir. 2015) (noting criticism of national inflation index), the PPI-OL index has historically been generous relative to other possibly applicable inflation indexes, and so its use should minimize disputes about whether the inflator is sufficient.

4.     The methodology used to compute the rates in this matrix replaces that used prior to 2015, which started with the matrix of hourly rates developed in *Laffey v. Northwest Airlines, Inc.* 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985), and then adjusted those rates based on the Consumer Price Index for All Urban Consumers (CPI-U) for the Washington-Baltimore (DC-MD-VA-WV) area.  The USAO rates for years prior to and including 2014-15 remains the same as previously published on the USAO's public website.

5.     The various "brackets" in the column headed "Experience" refer to the attorney's years of experience practicing law.  Normally, an attorney's experience will be calculated starting from the attorney's graduation from law school.  Thus, the "Less than 2 years" bracket is generally applicable to attorneys in their first and second years after graduation from law school, and the "2-3 years" bracket generally becomes applicable on the second anniversary of the attorney's graduation (*i.e.*, at the beginning of the third year following law school).  *See Laffey*, 572 F. Supp. at 371.  An adjustment may be necessary, however, if the attorney's admission to the bar was significantly delayed or the attorney did not otherwise follow a typical career progression.  *See, e.g., EPIC v. Dep't of Homeland Sec.*, 999 F. Supp. 2d 61, 70-71 (D.D.C. 2013) (attorney not admitted to bar compensated at "Paralegals & Law Clerks" rate); *EPIC v. Dep't of Homeland Sec.*, 982 F. Supp. 2d 56, 60-61 (D.D.C. 2013) (same).  The various experience levels were selected by relying on the levels in the ALM Legal Intelligence 2011 survey data.  Although finer gradations in experience level might yield different estimates of market rates, it is important to have statistically sufficient sample sizes for each experience level.  The experience categories in the current USAO Matrix are based on statistically significant sample sizes for each experience level.

6.     ALM Legal Intelligence's 2011 survey data does not include rates for paralegals and law clerks.  Unless and until reliable survey data about actual paralegal/law clerk rates in the D.C. metropolitan area become available, the USAO will compute the hourly rate for Paralegals & Law Clerks using the most recent historical rate from the USAO's former *Laffey* Matrix (*i.e.*, $150 for 2014-15) updated with the PPI-OL index.  The formula is $150 multiplied by the PPI-OL index for May in the year of the update, divided by 194.3 (the PPI-OL index for May 2014), and then rounding to the nearest whole dollar (up if remainder is 50¢ or more).

7.     The attorney's fees matrices issued by the United States Attorney's Office are intended to facilitate the settlement of attorney's fees claims in actions in which the United States may be liable to pay attorney's fees to the prevailing party and the United States Attorney's Office is handling the matter.  The United States Attorney's Office is presently working to develop a revised rate schedule, based upon current, realized rates paid to attorneys handling complex federal litigation in the District of Columbia federal courts.  This effort is motivated in part by the D.C. Circuit's urging the development of "a reliable assessment of fees charged for complex federal litigation in the District."  *D.L. v. District of Columbia*, 924 F.3d 585, 595 (D.C. Cir. 2019).  This new matrix should address the issues identified by the majority in *D.L.*, but it is expected that it will be some time before a new matrix can be prepared.  In the interim, for matters in which a prevailing party agrees to payment pursuant to the matrices issued by the United States Attorney's Office, the United States Attorney's Office will not demand that a prevailing party offer the additional evidence that the law otherwise requires.  *See Eley*, 793 F.3d at 104 (quoting *Covington v. District of Columbia*, 57 F.3d 1101, 1109 (D.C. Cir. 1995)) (requiring "evidence that [the] 'requested rates are in line with those prevailing in the community for *similar services*'").

# EXHIBIT 3

## Rizzardi, Jonathan

| | |
|---|---|
| **From:** | Sullivan, John |
| **Sent:** | Thursday, June 10, 2021 3:12 PM |
| **To:** | Liebeler, Eric C.; Woodruff, Jon M.; Milliken, Christy M. |
| **Cc:** | McMonigle, Joseph; McMonigle, Dave; Rizzardi, Jonathan |
| **Subject:** | Space Date - Hosie Rice Matter |
| **Attachments:** | 20191021090717267.pdf |

Eric, Jon, and Christy,

We are writing to meet and confer regarding Hosie Rice's planned motion for attorney's fees, as required by Northern District Local Rule 54-5(b).  We intend to seek attorney's fees incurred in connection with the post arbitration proceedings before the District Court regarding your client's motion to vacate the arbitration award, and our client's cross-motion to confirm the award.  Under section 18 of the fee agreement signed by our respective clients, attached, the prevailing party is entitled to recovery of fees.

The bases of the motion will be that SDC filed the petition to vacate the award in federal court based on diversity jurisdiction.  A federal court sitting in diversity applies state law in deciding whether to allow attorney's fees when those fees are connected to the substance of the case.  In *Carole Ring & Associates v. Mario A. Nicastro,* (2000) 87 Cal.App.4th 253 (attached), a California state court considered whether California Code of Civil Procedure section 1293.2 permitted the award of postarbitration attorney fees and costs to the party prevailing on a claim under a contract that provided for arbitration and authorized attorney fees and costs to the prevailing party even though the arbitrator had directed the parties to bear their own attorney fees and costs. (Id. at pp. 254–255.) The contract provided:  "Attorney's Fees:  In any action, proceeding, or arbitration arising out of this agreement, involving the Seller and/or Broker(s), the prevailing party shall be entitled to reasonable attorney's fees and costs[.]"   Reversing the trial court's order denying a motion for award of fees, the court held the determination under section 1293.2 of which party, if either, is the prevailing party in postarbitration proceedings is a judicial function distinct from the arbitrator's decision to award or not to award fees in the arbitration proceeding itself. (Id. at pp. 260–261.)  The arbitrator's earlier refusal to award attorney fees in the arbitration proceeding was not dispositive on the issue of postarbitration attorney fees. The arbitrator obviously did not, and could not, make a determination with respect to which, if either party, would be the prevailing party in subsequent postarbitration proceedings.  For these reasons, the arbitrator's refusal to award attorney fees did not dictate a similar result with respect to Nicastro's request for attorney fees in postarbitration judicial proceedings. Because Nicastro was the prevailing party as a matter of law, the mandatory language of the contractual attorney fees clause and section 1293.2 entitled Nicastro to reasonable attorney fees and costs incurred in postarbitration judicial proceedings." (*Id.* at p. 261.)

Thus, Hosie Rice will be seeking attorney's fees incurred in connection with opposition the petition to vacate the award and the cross-motion to confirm the award.  Hosie Rice will be seeking approximately $37,000 in attorney's fees incurred in the post arbitration proceedings, in addition to attorney's fees incurred in pursuing the fee motion, which we anticipate to be between $10,000-$15,000.

If you would like to discuss further, let me know a convenient time between now and Monday to speak.

John


John B. Sullivan, Partner
415-438-4506

1

465 California Street, 5th Floor, San Francisco, CA 94104
Main: 415-397-2222   Fax: 415-397-6392
Email ⋮ Website ⋮ Résumé