STINSON LLP
ERIC C. LIEBELER (SBN 149504)
eric.liebeler@stinson.com
1775 Pennsylvania Ave NW
Suite 800
Washington, DC 20006
Telephone:   202.785.9100
Facsimile:   202.572.9973

Attorney for Petitioner
Space Data Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPACE DATA CORPORATION,<br><br>                              **Petitioner,**<br><br>    **v.**<br><br>**HOSIE RICE LLP,**<br><br>                              **Respondent.** | Case No. 4:20-cv-08256-JSW<br><br>**SPACE DATA'S POINTS AND AUTHORITIES IN OPPOSITION TO HOSIE RICE'S MOTION FOR ATTORNEY'S FEES**<br><br>Date:  June 29, 2021<br><br>The Hon. Jeffery S .White |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................ii

I.      INTRODUCTION ........................................................................................................

II.     LEGAL ARGUMENT ................................................................................................

        A.      ..........................................................................................................................

        B.      ..........................................................................................................................

                1.      ................................................................................................................

                2.      . ..............................................................................................................

                3.      ................................................................................................................

        C.      ..........................................................................................................................

III.    CONCLUSION ..........................................................................................................

SPACE DATA'S POINTS AND AUTHORITIES IN OPPOSITION TO HOSIE RICE'S MOTION FOR ATTORNEY'S FEES

1

2

## **TABLE OF AUTHORITIES**

3

**Page(s)**

4

**Cases**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## I.     INTRODUCTION

Federal Rule of Civil Procedure 54 covers attorney fee awards in federal court. The Advisory Committee Notes to that rule state:

> If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved….

Fed. R. Civ. P. 54(d)(2) Advisory Committee's Notes (1993 Amendments).  This language vests this Court with discretion to defer consideration of an attorneys' fee motion until resolution of the underlying case's appeal.  *Environmental Defense Center v. Bureau of Ocean Energy Mgt.*, 2019 WL 10786009 (C.D. Cal. Oct. 28) (slip op.) (*citing Dufour v. Allen*, 2015 WL 12819170, at *2 (C.D. Cal. Jan. 26, 2015).

Dufour collected several cases in which District Courts used their discretion to defer attorney fee awards until after appeal.  *Dufour*, 2015 WL at *2, citing *Ewing v. TWA Restaurant Group, Inc.*, 2009 WL 976490 (D. Kan., April 10) ("interests of judicial efficiency and fairness weigh in favor of waiting for a mandate from the Tenth Circuit before awarding or denying attorney's fees in this case"); *In re Farmers Ins. Exchange Claims Representatives Overtime Pay Litig.*, 2009 WL 3834034 (D. Or., Nov. 13) (judicial efficiency "weighs strongly" in favor of deferring decision on attorney fees until after appeal); *Hammond v. Alcoa, Inc.*, 2009 WL 464319 (W.D. Penn. Feb. 24) (denying motion for attorney's fees without prejudice as premature, pending appeal).  These cases are consonant with the more

general idea that attorney fee awards are fundamentally a matter of discretion of trial court. *Schirmer Stevedoring Co. Ltd. V. Seaboard Stevedoring Corp.*, 306 F. 2d 188 (9th Cir. 1962).

This Court should exercise its discretion to either deny or defer Hosie Rice's fee request for several reasons. First, Space Data has a substantial probability of prevailing on appeal, as we explain below. The arbitrator, Judge Sue Robinson, explicitly ruled in writing and from the bench that she had jurisdiction over post-hearing matters. Moreover, Hosie Rice's counsel twice consented to jurisdiction, once in a letter to Judge Robinson and once on the formal record. Hosie Rice explains neither Judge Robinson's rulings nor its own consent. Given that record, it is not efficient for this Court to make a fee ruling in one party's favor when the results of the appeal may necessitate a fee award in the opposite direction. Second, Hosie Rice's fee application describes a significant amount of work that was neither necessary nor proper, and should be denied on that basis as well. Specifically, there was no need for Hosie Rice to file a cross-motion to confirm the award, and it would be unfair to charge Space Data for this unnecessary work.

**Space Data has a substantial probability of prevailing on appeal.** The linchpin of this Court's denial of Space Data's request to vacate the arbitral award is this single critical sentence: "At its core, Space Data's request boils down to the assertion that **the arbitrator and JAMS reached the wrong conclusion** in deciding that she [the arbitrator] lacked jurisdiction to modify the Final Award to grant

2

additional fees or impose sanctions on Hosie Rice for post-arbitration conduct."
May 5, 2021 Order, at 7 (emphasis added).  Space Data respectfully contends that
finding misstates the record.  The record demonstrates that Judge Robinson twice
ruled that she did have jurisdiction, first in her May 26, 2020 order and then again
from the bench at the July 10, 2020 hearing.  She was correct to do so.  We address
each ruling in turn.

**The May 26, 2020 order:**  Judge Robinson could not have asserted her own
jurisdiction any more clearly when she wrote "The JAMS streamlined rules
controlling this dispute instruct that jurisdiction and arbitrability disputes shall be
submitted to and ruled on by the arbitrator.  In addition, California law affords
substantial deference to both an arbitrator's determination as to the scope of his or
her authority, as well as to the arbitrator's choice of a remedy.  *Hightower v. Superior
Court*, 104 Cal. Rptr. 2d 209, 221-22 (Cal. App. 2001).  **Hosie Rice's failure to pay
NERA is itself part of the dispute between Hosie Rice and Space Data and is
properly before the Arbitrator . . . I find that consideration of this post-hearing
issue, therefore, is appropriate and consistent with the 'broad authority'
granted by the applicable rules."**  Liebeler Dec. Ex. 5 (Dkt. 7), at 8 (May 26 order).
Judge Robinson's May 26, 2020 order expressed no doubt at all as to her jurisdiction.

**The July 10, 2020 hearing:**  The only basis to find a failure of arbitral
jurisdiction is if Judge Robinson actually **issued** a final award before Space Data
raised additional issues.  Hosie Rice claims that's what happened.  Mot. at 6 ("Judge

3

Robinson issued an Interim Award on January 16, 2020 and a Final Award on February 18, 2020.") (emphasis added); Mot. at 7 ("Despite the fact that Judge Robinson **issued** her Final Award on February 18, 2020 . . . ).  But that's not what Judge Robinson did.   In reality, Judge Robinson **drafted** a final award by February 18, 2020, but deliberately did not **issue** it.  JAMS did not serve it on either party at that time, and neither party thus had any idea what it said.  Judge Robinson clearly articulated this history at the July 10, 2020 hearing, five months later:

> And let me start out by saying something so that you don't spend a lot of time on an issue that I don't think is really in dispute.
>
> Much of your [Hosie Rice's] brief talks about how this is a final order and therefore I have no authority to do anything at this point.
>
> But in reality, my interim award issued on January 16th, sometime in February, Liz [JAMS administrator Liz Magana] reached out to all to find out whether you thought you'd have trouble calculating the fee, the split in the funds, which is the only thing I left myself open for and other errors I might have made, and I understood from the correspondence that no, you had no other issues, you weren't going – you had no issues and, therefore, I did draft, you know, a final award, which I sent to Liz.  But she said "I will not issue this final award until all the fees are paid.  And you all, I suspect Hosie Rice, had outstanding fees, and so it has never issued.[1]

---

[1] Judge Robinson's speculation was correct.  Hosie Rice at that time had failed to pay any post-hearing arbitral fees, even though Hosie Rice had agreed by then to pay both parties post-hearing arbitral fees because of the firm's misrepresentations to Judge Robinson about Space Data experts having been paid.  The expert payments were not trivial:  Judge Robinson's interim ruling splitting settlement funds down the middle assumed that Hosie Rice had paid the experts some $600,000 that Hosie Rice had not paid.  *See* Liebeler Dec. Ex. 5 (Dkt. 7), at 2 (May 26, 2020 order) ("That interim award assumed that Hosie Rice had in fact advanced expert fees to Space Data experts, and awarded Space Data and Hosie Rice $4 million each . . . ").

SPACE DATA'S POINTS AND AUTHORITIES IN OPPOSITION TO HOSIE RICE'S MOTION FOR ATTORNEY'S FEES

**I don't believe that having Liz have it in her hands without issuing it, according to the JAMS rules, makes it a final order.**

So if you want to argue that point, that's fine.  **But clearly, no final order [has] issued.**  Liz basically said, I have it.  I'm not going to issue it until all fees are paid.  And at the rate we're going it will never issue because Hosie Rice is apparently not willing to pay any fees.

Liebeler Dec. Ex. 23, Dkt. 7, at 3-4 (July 10, 2020 Hearing Tr.).  That was Judge Robinson's final word on the subject.  The following month, JAMS staff lawyer Alicia Jantsch – **not** Judge Robinson – issued a bizarre one-paragraph ruling indicating JAMS's view that Judge Robinson did not have jurisdiction.  Liebeler Dec. Ex. 24, Dkt. 7 (Jantsch letter).  Jantsch's brief note failed to address Judge Robinson's explicit ruling that she had jurisdiction.  A former federal district judge vested with arbitral authority said one thing; a junior JAMS staff counsel said something else.  Not one word in the record suggests that Judge Robinson ever agreed with JAMS's one-paragraph ruling, nor does Hosie Rice ever even try to reconcile the express ruling of a former federal District Judge with a brief note from a lawyer on the JAMS staff.  And it is bedrock arbitral law that it is for arbitrator herself – **not** an administrator at JAMS – to rule on her own jurisdiction.[2]

Moreover, Hosie Rice repeatedly consented to the arbitrator's post-hearing jurisdiction.  In a May 19, 2020 letter to Judge Robinson, Hosie Rice counsel Dave McMonigle wrote:  "That said, because the circumstances that have unfolded are not

---

[2] The appeal presents the novel question of the distinction between an arbitrator (here, Judge Robinson) and an administrative arbitral authority (here, Alicia Jantsch of JAMS).  Jantsch's note ignored the five months of litigation that took place after the February 18 final order draft, including numerous letters to and from Judge Robinson, several orders from Judge Robinson, several rounds of briefing, and a two-hour hearing on July 10. JAMS billed both parties for the time Judge Robinson spent in those intervening five months.

5

consistent with the January 30 agreement between [Space Data counsel] Mr.

Torgerson and myself regarding the parties' handling of the settlement monies in

arbitration, **we understand the need for Your Honor to issue an order.**" Liebeler

Decl. (Dkt. 7) Ex. 19 (May 19, 2020 McMonigle letter).  Consent to an order

presupposes jurisdiction.  Then, at the July 10, 2020 hearing, the following exchange

took place:

Judge Robinson:   But do I understand correctly that at the very least, Hosie Rice has agreed that I have jurisdiction over more or less enforcing the trust agreement which had to do with divvying up the fund that was awarded through the interim award:

John Sullivan:   I guess the line we're drawing is that in terms of resolving this outstanding dispute about just ensuring that NERA's paid consistent with [the arbitrator's May 26] order, **that there is some jurisdiction there.**  We don't think there's jurisdiction to go back and modify the order. …

Judge Robinson:   Well, and I do understand that.  I'm just trying to figure out if I actually went to write a decision, how that would be written, or whether it's just a gentleman's agreement between you all.

In other words, if I've already issued – if you say I've already rendered a final award, then how does one enforce what the minimum of what you say what might be appropriate here?

John Sullivan:   I guess the way – I guess what you could say is that **Hosie Rice consented to jurisdiction to issue an award of the arbitrator's fees post-arbitration and that [the firm] consented to the arbitrator issuing a reasonable fee award in the range that was requested, which was – it was $42,000 at the time the application for attorney's fees was requested.  That's how I would phrase it.**

Liebeler Dec. Ex. 23, Dkt. 7, at 5-6 (July 10, 2020 Hearing Tr.)[3]

---

[3] Hosie Rice's assertion that "Hosie Rice never consented to Judge Robinson's continued jurisdiction over the extraneous matters raised by Space Data . . . , " Mot. at 8, is directly at odds to representations Hosie Rice made on the record to Judge Robinson.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Of course, the touchstone of arbitral jurisdiction is the agreement of the parties. *See, e.g. United States v. SF Green Clean*, LLC, 2014 WL 3920037 at *7 (N.D. Cal.) (" . . . a court's inquiry should focus on whether the arbitrator had the power, **based on the parties' submissions** or the arbitral agreement, to reach a certain issue . . . ") (emphasis added).  The submissions of Hosie Rice's counsel control the issue.

This Court should not reward Hosie Rice's bad conduct.  As if in passing, Hosie Rice describes the issues Space Data raised to Judge Robinson as a "variety of complex issues." Mot. at 15.  To be precise and accurate about it, Space Data proved that Hosie Rice falsely exaggerated the $1.6 million in costs, mostly expert witness fees, it claimed to have advanced on Space Data's behalf during the underlying litigation (May 26 Order, at 1); that Hosie Rice partner Diane Rice falsely testified that Hosie Rice had advanced those costs (May 26 Order, at 2), and made a prima facie case that Hosie Rice violated a trust agreement under which Hosie Rice was to use its share of the settlement to pay those costs (May 26 Order, at 2-3) ("I find that the $4 million released to Hosie Rice from [the settlement funds] was released in trust and on Space Data's behalf for the sole purpose of immediately paying vendors.  I further find that Space Data has raised a prima facie claim that Hosie Rice violated the terms of that trust by not using that $4 million to pay NERA [the expert in question] immediately . . . "  After Judge Robinson took up these issues, Hosie Rice then deliberately misrepresented the status of payments to NERA

7

on March 4, 2020 (May 26 Order, at 3); March 29 (May 26 Order, at 4), and then stopped payment on checks it wrote to NERA without informing the Arbitrator, NERA, or counsel (May 26 Order, at 5).  These are not mere allegations, nor are they quibbles about a trivial administrative issue, as Hosie Rice likes to characterize them.  They are specific findings from Judge Robinson, all on a developed record. Space Data therefore respectfully contends that it has a substantial probability of prevailing on its appeal.  If Space Data does so, Space Data – not Hosie Rice – will deserve a fee award.

It would be likewise unfair for this Court to grace Hosie Rice with a fee award when Hosie Rice has a long history of defaulting on its own obligations.  Hosie Rice has stiffed NERA on its fees, which Hosie Rice has never paid; stiffed its current counsel on their bills (Joseph McMonigle "All I can say is, and we have been authorized to say this, that we haven't been paid a substantial amount of fees . . . we're owed a substantial amount of money"); and its only two partners, Spencer Hosie and Diane Rice, stiffed the IRS for years (cite).

SPACE DATA'S POINTS AND AUTHORITIES IN OPPOSITION TO HOSIE RICE'S MOTION FOR ATTORNEY'S FEES

Dated:    June_____, 2021          Respectfully submitted,

STINSON LLP

_____
ERIC C. LIEBELER (SBN 149504)
Stinson LLP
1775 Pennsylvania Avenue, N.W.
Suite 800
Washington, DC 20006-4605
Phone:          202.785-9100
Facsimile:    202.572.9973
eric.liebeler@stinson.com

Attorneys for Petitioner Space Data
Corporaton

9